Docs #1-
5-8-15

JIMMIE STEPHEN
#C-56483 / A-1149
PO BOX 8101
SAN LUIS OBISPO, CA 93409-0001

FILED

2008 MAY 27  PM 4: 28

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ RM _____ DEPUTY

NUNC PRO TUNC

MAY 23 2008

Court of United States
State of California-Southern

CASE #CU-08-0769-
BTM(AJB)

JIMMIE STEPHEN
Plaintiff

"BRAND"
et al Defendants

Plaintiff "RESPONSE" to "ORDER"
to "SHOW CAUSE"..
WITH
"SUPPLEMENTAL "Forma Pauperis"
UNDER 28. USC. 1915. "EVIDENCE"
"DOCUMENTS" to support RENDERED
IMMINENT DANGER EXCEPTION
Physical Injury likelihood EVID-
ENCING "Pattern of misconduct"
for "ACCESS to court"
INADEQUATE MEDICAL CARE"..

Plaintiff STEPHEN HEREBY REQUEST "Forma Pauperis"
UNDER 28. USC. 1915-G BASED UPON "Pattern of misconduct"
"INADEQUATE MEDICAL CARE" DENIAL to support IMMINENT
DANGER EXCEPTION of Physical INJURY" likelihood.. "ongoing"..
"FARRONS v WEST" 320.f3d.1235-6 (11th 2003)..
"MCLOTLIN v TOHEY" 281.f3d.709-10-11 (8th 2002)..
"ANDREWS v CERVANTES" 493.f3d.1047 (9th 2007)..

Exhibits #1-4.5-6
PAGE # 5-58-75

1

Exhibits 1&2.
Page # 5-30..

## "Pattern" of misconduct"

Upon arrival at CMC from Donovan of 3-27-07 plaintiff has been subjected to an "ongoing "Pattern" of misconduct" willfully.

A.. Withholding "Destroying legal newsletter" subscription "PLN" magazine since 6-1-07 ongoing.. willfully..

B.. "Legal mail" withheld at Donovan since 5-1-07 up to 139 days ..willfully.. ___Exhibit #5___

C.. Legal documents "destroyed" at Donovan of 9-29-06 over 200 pages "willfully.. ___Exhibit #1&2___

D.. "Denial of right to work "P.I.A" upon __ARRIVAL CMC"__ 3-27-07 when worked PIA at "Donovan.. willfully..

E.. "Confiscating "destroying" Black civil rights" materials without due process of law of 6-30-07 at CMC.. willfully with racist overtones ..

Exhibits #1&2
Page # 5-30

F.. "Confiscating" medi-inno. of "Hot Pot" of 3-27-07 as Pattern of misconduct willfully.. upon arrival "CMC".

G.. as upon arrival at "Donovan" T.J. Radio, CD Player Headphones. Etc. confiscated of 9-16-03 willfully when DED Director "Donovan" stated not to confiscate 9-16-02..

H.. Plaintiff willfully "segregated" retaliated" for" filing lawsuit. grievances. since 1995 whereas on 4-28-95 willfully segregated attacked. on 6-12-95 and 6-13-95 willfully set-up to be "maimed "murdered" in segregation. on 8-9-05 "segregated" willfully plaintiff appealed the guilty findings as "ordered re-issued. reheard" and

___Exhibit #2___

Exhibits #1-4:5-6
Page #5-58.-75

AS of 5-15-08 "NOT RE-ISSUED" REHEARD..
SEGREGATED 11-27-07 DISMISSED" DTA on 9-29-06
ATTACKED" WHILE "SITTING IN CHAIR" of "TYPE WRITER"
AND SEGREGATED FOR "108 DAYS".. WILLSVILLE. MALICIOUSLY..

I.. UPON WRITE-UP of 8-9-05 WHEREIN "DENIED"
"RE-ISSUED" REHEARD" RECEIVED "60 DAYS" of 6-19-07
WITHOUT DUE PROCESS ..            EXHIBIT #2
_____

EXHIBIT #3&4    "INADEQUATE MEDICAL CARE"
PAGE # 31-58..

A.. PLAINTIFF SINCE 5-1-07 HAS BEEN TRYING to RETRIEVE
"ADEQUATE DENTAL.MEDICAL" by "PARTIALS" WHEN "NO"
"RIGHT BACK TEETH FOR CHEWING" CAUSING "SORENESS" on
LEFT BACK TOOTH AS ONLY TOOTH to PROPERLY CHEW on"
WHEREIN A "CROWN" WAS PLACED AT CMC but NO PARTIALS
ABOUT 5-1-07..WHEREIN BEEN WILLFULLY RETALIATED by
PLACEMENT to DDC #3 INSTEAD of ORIGINAL "PRIORITY"
#2.. WHEN CONTACTED "PRISON LAW OFFICE" of 2-8-08.AT "CMC".

B.. ON 2-26-07. of 2-9-07 SEEN "CHIEF DENTAL OFFICER"
AT DONOVAN ON A "TRANSFER" to "CMC" of 3-27-07

C. CMC HAS A PATTERN of "CONTAGIOUS DISEASES" BEING WILLFULLY
TRANSFERRED FROM PERSONEL to PERSONEL of 8-16-07. 3-27-07
BASED UPON "OVERCROWDING" ETC.. of "CMC". EXHIBIT #3&4

D.. "OVERCROWDING" INADEQUATE MEDICAL CARE" of "DONOVAN"

EXHIBIT # 1-4.5-6
PAGE #5-58:.75

3

Exhibit #3d4

page # 31-58..    Has subjected Plaintiff to "Tuberculosis" at 5-1-05
at Donovan.. and being sick constantly at cmc
based upon "overcrowding" since 3-27-07.. ongoing..

Exhibit #3d4

E.. as Plaintiff has been subjected to a "pattern" of
"Inadequate medical, dental" for "serious injury"
since "Uncate and Redmond" by 9th circuit at
1-11-95 and prior to "Uncate and Redmond" willfully..

Exhibit #4

In "Andrews" Imminent Danger exception
applies at "time of filing" as "pattern of misconduct"
has been shown since 1995 ongoing as of
5-14-08..    Exhibit #2

In "West" a willful "Deliberate Indifference"
"Reckless Disregard" for "serious medical, dental"
for denial of "Teeth" particle" since 2005..
as well as "mcclain"

"Woods J Smith" 60. f3d. 1164 (5th 1995)..
"Heck J Humphrey" 512. U.S. 477 (1994) "False Charges" and
retaliation not subjected to "Dismissal"..
"Ashley J Dilworth" 147. f3d. 715 (8th 1998)..

"Relief Requested"    Exhibit # 1-4-5-6

1.. "Coronting" forms-procedure "Imminent Danger exception forthwith.
2.. "any other relief by this court..

Date 5-19-08    true defendant fraud in perjury

signature [signature]

4

EXHIBIT #
1

Upon Arrival at "CMC" Applicant willfully Confescated and Stated Came from VENDOR by EMPLOYEES at 3-27-07 as Pattern)..

Pattern) ongoing

Plaintiff "Black Civil Rights" Documents willfully Confescated DESTROYED at 6-30-07.. as Retaliation.. at CMC..

Pattern)

Upon Arrival at Donovan at 9-16-03 Plaintiff Radio, TV, Ect willfully Confescated against Director Garage as Retaliation..

Pattern)

Plaintiff Willfully Denied Right to Participate in PIA at CMC when worked PIA at Donovan at 3-27-07..

Pattern)

Plaintiff Willfully Written-up at 6-6-07 for Alleged Not Participating in Education when Diploma Arrived 4-7-08 or Withheld to 4-7-08 Willfully..

EXHIBIT 3

EXHIBITS # 1-4
5                  PAGES # 5-58:75

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date: AUG 2 8 2007

In re:    Stephen, C-56483
California Men's Colony
P.O. Box 8101
San Luis Obispo, CA 93409-8101

IAB Case No.: 0616489          Local Log No.: CMC 07-0750

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner J. G. Arceo, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:** It is the appellant's position that on March 30, 2007, he received a hot pot from an approved vendor but Receiving and Release staff failed to issue it due to the electrical appliance restriction. He contends that he was advised to mail the hot pot home as he cannot have three electrical appliances. The appellant requests that three appliances be allowed per inmate pursuant to procedures and to be reimbursed for the hot pot if sent home.

**II   SECOND LEVEL'S DECISION:** The reviewer found that the appellant's property card reveals that he possesses two electrical appliances, a radio and television (TV). The appellant was afforded the opportunity to turn in the radio or TV in order to keep the hot pot. Regardless of the item turned in the appellant will have to make the proper disposition of the remaining electrical appliance or staff will make it for him. The institution has followed departmental policy. The appellant's request for transfer to another institution so he can have three electrical appliances will not be addressed.

**III  DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A. FINDINGS:** The institution has reported to the appellant that his issue regarding his transfer request will not be addressed. The appellant has not provided evidence that staff have misinterpreted departmental policy and procedures in this matter. According to the March 29, 2007, Electrical Appliance Restriction memorandum issued by Warden Marshall, the DOM 54030.10.6 has been amended to increase the electrical appliance limitation to three; however, this increase does not apply to CMC due to the physical plant restraints. No relief at the Director's Level of Review is required.

**B. BASIS FOR THE DECISION:**
CCR: 3190, 3191, 3192, 3193, 3287
DOM: 54030.1, 54030.3, 54030.10.6, 54030.10.6.1

**C. ORDER:** No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, CMC
Appeals Coordinator, CMC

6

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date:    JAN 2 8 2008

In re:    Jimmie Stephen, C56483
California Men's Colony
P.O. Box 8101
San Luis Obispo, CA 93409-8101

IAB Case No.: 0708517      Local Log No.: CMC-07-01562

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner D. L. Porter, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:** It is the appellant's position that his property was inappropriately confiscated and disposed of by staff at the California Men's Colony (CMC). The appellant alleges that on June 30, 2007, Correctional Officer (CO) Castro "stole" his personal property. The appellant claims that the personal property consisted of black role model photographs, photographs, articles and one mirror. The appellant complains that he was not given the option to send the personal property home upon it being confiscated. The appellant requests on appeal to have staff referred to the Office of the District Attorney (DA). The appellant also requests to have a formal investigation conducted. Additionally, the appellant requests to be reimbursed in the amount of $300.00 in damages and provided other relief.

**II   SECOND LEVEL'S DECISION:** The reviewer found that a comprehensive and thorough review of the appellant's appeal was conducted. The institution states that a review shows that it was not CO Castro who searched the appellant's assigned cell (1149) on June 30, 2007. Rather it was CO D. C. Castillo. The institution also states that a review of the CMC Form 214, Cell Search Property Receipt/Notice, revealed that during a random cell search on the above date, CO Castillo impounded excess state sheets from the appellant's assigned cell and subsequently returned them back to the clothing distribution room for washing and reissue. Additionally, he impounded one envelope of "literature."

On July 29, 2007, Correctional Sergeant (Sgt.) J. Culbreath interviewed the appellant, wherein the appellant restated his position that the officer "stole" his personal property and then destroyed it without allowing him the opportunity to send it at his own expense. Research of the appellant's claims revealed that the impounded envelope was forwarded to the Institutional Gang Investigator (IGI) for review. The material was impounded by CO Castillo, as it appeared to be "gang related," and not only was considered contraband, but could further assist the CMC and CDCR with needed information regarding prison gangs. The appellant was informed by Sgt. Culbreath that he needed to send a "Request for Interview" to the IGI, who would be more than happy to discuss the matter with the appellant.

Additionally, in making contact with the IGI, it was discovered that the material the appellant claims CO Castillo "stole" is in their possession. The material has been reviewed by the IGI and has been officially deemed as "Gang Related Material." As a result, the appellant's gang related activities are being looked into by the IGI. The material is now considered impounded and none of it will be returned to the appellant. There were no personal property items in the impounded envelope. Therefore, there are no personal property issues surrounding the appellant's appeal. The appellant was informed that if he had further concerns regarding this matter, to once again, contact the IGI via the "Request for Interview" process. The appeal was denied at the Second Level of Review (SLR).

**III   DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A. FINDINGS:** The documentation and arguments presented are persuasive that the appellant has failed to support his appeal issue with sufficient evidence or fact to warrant a modification of the SLR. The institution acted correctly and under the proper authority when confiscating the appellant's gang related property for investigative purposes. The issue in this case is not whether the appellant had

JIMMIE STEPHEN, C56483
CASE NO. 0708517
PAGE 2

through legitimate means possessed the property item(s), but that the property item(s) were evidence of gang activity, thus subjecting it to seizure as contraband. There is no cause to intervene at the DLR.

**B. BASIS FOR THE DECISION:**
California Code of Regulations, Title 15, Section: 3000, 3001, 3006, 3023, 3193, 3270, 3287, 3378

**C. ORDER:** No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR. If dissatisfied, the appellant may forward this issue to the California Victims Compensation and Government Claims Board, (formerly known as the State Board of Control), Government Claims Unit, P.O. Box 3035, Sacramento, CA 95812-3035, for further review.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, CMC
       Appeals Coordinator, CMC

State of California                                    Department of Corrections and Rehabilitation

# Memorandum

**Date**  :  July 30, 2007

**To**  :  Inmate Stephen, Jimmie
C-56483
California Men's Colony, East Room 1149

**Subject**  :  CMC EAST APPEAL LOG # CMC-E-07-01562
**FIRST LEVEL REVIEW**

ACTION REQUESTED:    For D.A. referral for theft, that an investigation be conducted, for relief for the destruction of your personal property and reimbursement of $300.00 for property.

### APPEAL DENIED

A review of your appeal has been completed. Your complaint, including requested remedial action, has received careful consideration. On July 29, 2007, I interviewed you regarding this appeal. In your appeal you contend that Officer Castillo stole your personal property and destroyed it without offering you the opportunity to send it home at your own expense as outlined in the Departmental Operations Manual (DOM). On July 26, 2007, I interviewed Officer Castillo in regards to your appeal. Officer Castillo informed me that he confiscated four bed sheets that were in excess to your allotted amount. In addition, Officer Castillo confiscated a scrapbook containing literature and photos containing possible gang related materials. This scrapbook was forwarded to the Investigative Services Unit (ISU) for the Institutional Gang Investigator's (IGI) review. I contacted the IGI, Lieutenant (Lt.) S. Martinez, in regards to the disposition of your scrapbook. Lt. Martinez informed me that they were still looking into the book and if you send an "Inmate Request for Interview" to their office, they will discuss with you the disposition of your property. Your request for a referral to the District Attorney's Office for theft is denied because your property was appropriately confiscated and documented on a Cell Search Property Receipt/Notice. Your request for an investigation is beyond the scope of the appeals process, and is therefore denied. Your request for relief for the destruction of your personal property is denied as your notebook is still intact and in possession by IGI. Your request for $300.00 as compensation is also denied because your property was never destroyed as you claim.

J.B. CULBREATH
A-QUAD SERGEANT
CALIFORNIA MEN'S COLONY – EAST FACILITY

CDC 1617 (3/89)

# Memorandum

**Date:** September 6, 2007

**To:** Stephen, Jimmie
C-56483
California Men's Colony

**Subject:** **CMC APPEAL LOG #CMC-E-07-1562**
**SECOND LEVEL REVIEW**

ACTION REQUESTED:   Refer Staff To District Attorney's Office; Conduct Formal Investigation;
Be Reimbursed $300.00 in Damages; Other Relief

A review of your appeal has been completed. Your complaint, including requested remedial action, has received careful consideration. You allege that on June 30, 2007, Correctional Officer Castro stole your personal property. This personal property consisted of black role models, photos, articles and one mirror. You were not given the option to send the personal property home, upon it being confiscated.

Review shows that it was not C/O Castro who searched your assigned cell (1149) on June 30, 2007. Rather it was C/O D.C. Castillo. Review of the CMC-214 (Cell Search Property Receipt/Notice) reveals that during a random cell search on the above date, C/O Castillo impounded excess state sheets from your assigned cell and subsequently returned them back to the clothing distribution for washing and reissue. Additionally, he impounded one envelope of "literature".

You were interviewed by Correctional Sergeant (Sgt.) J. Culbreath on July 29, 2007, wherein you restated your position that the officer "stole" your personal property and then destroyed it without allowing you the opportunity to send it home at your own expense. Research of your claims revealed that the impounded envelope was forwarded to the Institutional Gang Investigator (IGI) for review. The material was impounded by C/O Castillo, as it appeared to be "gang related" and not only was considered contraband, but could further assist CMC and CDCR with needed information regarding prison gangs. You were informed by Sgt. Culbreath that you needed to send a "Request For Interview" to the IGI, who would be more than happy to discuss the matter with you.

In making contact with the IGI, it was discovered that the material you claim C/O Castillo "stole" is in their possession. The material has been reviewed by IGI and has been officially deemed as "Gang Related Material." As a result, your gang related activities are being looked into by IGI. The material is now considered impounded and none of it will be returned to you. There were no personal property items in the impounded envelope. Therefore there are no personal property issues surrounding your appeal. If you have further concerns regarding this matter, you are once again instructed to contact IGI via the "Request For Interview."

As a result of the above, your requested remedial action has been denied at the second level.

APPEAL DENIED

D. CAREY
Associate Warden
A&B Housing

REVIEWED AND APPROVED

(4) JOHN MARSHALL
Warden



10

**DATE:**                   October 17, 2003

**NAME:**                   Stephen, J

**CDC #:**                  C-56483

**APPEAL LOG #**            03-1222

**APPEAL DECISION:**     **DENIED**                 <u>**SECOND LEVEL REVIEW**</u>

**APPEAL ISSUE:**         You are appealing the issue of not being permitted to keep your electronic appliances when you transferred to the Richard J. Donovan Correctional Facility, (RJDCF) because the only electronics accepted at the RJDCF have to have a clear secure plastic casing.  Additionally, you want your appliances back or the money to replaced them.

**APPEAL RESPONSE:**    Mr. Stephen, I have received and reviewed your Inmate/Parolee Appeal Form, CDC-602, Log #03-1222.  In my investigation of this issue I have found that you arrive with electronic appliances that were not in compliance with Operational Plan #2 at the RJDCF.  I spoke with Central Receiving and Release Correctional Sergeant E. Vizcarra concerning this appeal.  Sergeant Vizcarra states that on October 17, 2003, at approximately 0807 hours, you were interviewed by him and were offered the options of mailing home the TV, radio and CD player, donating the TV, radio and CD player to the State, or having them destroyed.  This addendum to Operational Procedure Plan #2, Inmate Property, APPLIANCES, went into effect December 13, 2000, approved by the Warden of this institutions.  The California Code of Regulations, Title 15, Article 9, Personal Property, Section 3190, General Policy, (a) states, "Warden and superintendents shall establish a list of personal property items and the maximum amount of such items an inmate may have in his or her possession within the institution."

All California institutions were notified of this change before this addendum went into effect.  Regardless of what institution you were at you would have to mail the electronic appliances home if you were not in compliance.  Additionally, the RJDCF policy has previously been upheld in a court of law.  The Office of W. A. Duncan, Deputy Director Institutions Division, has been notified and the institution is awaiting a response from Mr. Duncan's office for clarification on the issue.

Therefore, based on the aforementioned, this Inmate Appeal is **DENIED** at the Second Level of Review.

D. M. BARNES
Chief Deputy Warden (A)

4

State of California

Department of Corrections

# Memorandum

Date : September 19, 2002

To : Wardens



Subject : CLEAR-CASE TECHNOLOGIES

In July of 1998, the Director of the Department of Corrections authorized wardens to restrict new purchases of inmate televisions, radios, and compact disks/cassette players to clear-case technology only. The Director did not set exact timeframes when the removal of the old solid-color electronic devices would be implemented. It is expected that more definition of the aforementioned timeframes and phased removal of existing solid-color electrical devices will be included in the forthcoming Property Regulations. Therefore, inmates will be allowed to retain the old style solid-color electrical devices pending adoption of those regulations. No effort shall be made at this time to require inmates to send the solid-color electrical devices home or require they dispose of them in some way if they transfer from one institution to another. In the interim, wardens may continue the practice of requiring that all new purchases of electronic devices be of the clear-case technology.

Should you have any questions regarding this issue please contact Ron Cappel, Administrative Assistant, Institutions Division, at (916) 322-6038.

W. A. DUNCAN
Deputy Director
Institutions Division

cc:   Roderick Q. Hickman, Assistant Deputy Director, Operations and Programs
George M. Galaza, Assistant Deputy Director, Community and Inmate Programs
Ana Ramirez-Palmer, Regional Administrator-North
Suzan L. Hubbard, Regional Administrator-South (A)
E. Roe, Regional Administrator-Central

12

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date:    DEC 1 3 2007

In re:   Jimmie Stephen, C56483
         California Men's Colony
         P.O. Box 8101
         San Luis Obispo, CA 93409-8101

         IAB Case No.: 0702827         Local Log No.: CMC-07-01391

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner R. Pennington Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

I   APPELLANT'S ARGUMENT: It is the appellant's position that he has been inappropriately denied a job in the Prison Industry Authority (PIA). The appellant contends that he worked in the PIA at R.J. Donovan Correctional Facility and his transfer was non-adverse. The appellant has requested to be provided with the right to work in the PIA. The appellant contends that one arson does not make a person a threat, neither does his murder conviction.

II   SECOND LEVEL'S DECISION: On July 5, 2007, the appellant appeared before Institution Classification Committee for his Second Level of Review (SLR). The appellant was informed that upon reviewing the appellant's central file established that the appellant was ineligible for a PIA position due to a history of arson. Review of the appellant's Criminal Identification and Information (rap sheet) indicates that he was arrested by the LAPD on May 19, 1984 for California Penal Code Section 451 Arson of Inhabited Structure/Property for which the appellant was convicted and sentenced to a seven year CDCR term. Pursuant with California Men's Colony (CMC) PIA policy, inmates with a previous arson conviction, or whose case contains the elements of arson and/or possession or use of explosive material shall be excluded from the PIA. The appellant received a conviction for an arson offense. The appellant's appeal was denied at the SLR.

III   DIRECTOR'S LEVEL DECISION: Appeal is denied.

   A.   FINDINGS: The primary objectives of the correctional institutions are to protect the public by safely keeping person committed to the custody of the Director of Corrections, and to afford such persons with every reasonable opportunity and encouragement to participate in rehabilitative activities. Consistent effort will be made to insure the security of the institution and the effectiveness of the treatment programs within the framework of security and safety. The institution has taken the appropriate action and informed the appellant that based upon his prior conviction for arson he will not be permitted to obtain a job in the PIA. The requirement of custodial security and of staff, inmate and public safety must take precedence over all other considerations in the operation of all the programs and activities of the institutions of the department. The appellant has failed to provide any compelling information or evidence that would warrant a modification to the decision reached by the institution. Therefore, no relief will be provided to the appellant at the Director's Level of Review.

   B.   BASIS FOR THE DECISION:
California Code of Regulations, Title 15, Section: 3001, 3005, 3040; 3270, 3271, 3375, 3375.2, 3376, 3377.2, 3380

JIMMIE STEPHEN, C56483
CASE NO. 0702827
PAGE 2


    **C. ORDER:** No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.


N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, CMC
        Appeals Coordinator, CMC

14

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT                    TABE: 8.7

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| C-56483 | STEPHEN, JIMMIE | EPRD:09-09-2011 | CMC-E | 1149X | A-07-06-0464 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| 3041(a) Performance | REFUSING TO WORK | EDUCATION OFFICE | 6/6/2007 | 1450 |

CIRCUMSTANCES

At approximately 1450 hours, on 6/6/2007, Inmate STEPHEN (CDC#: C-56483, Position# ABE-E.310, assignment hours, 0745-1115 / 1245-1545), refused to work in his Academic Education assignment, ABE-II/III, located in Room A-158, in the Central Corridor. Inmate STEPHEN stated that he "wouldn't do any work" in his Adult Basic Education (ABE-II/III) assignment. I asked Inmate STEPHEN if he was refusing to work, and he stated that he was. This is his First CDC-115. Due to the inmate's refusal to comply with the IWTIP requirements, as set forth in the CCR Title 15, it is requested that he be unassigned from his academic/vocational education assignment. Inmate STEPHEN is aware of this report. Inmate STEPHEN has a documented TABE Reading score of 8.7.

Dates of previous 115's:  NONE

Dates of previous 128-A's:  NONE

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ▶ M. CORNELIUS, ACADEMIC VICE PRINCIPAL | 6/7/2007 | ACADEMIC VICE PRINCIPAL | S/S/H |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| ▶ R. GREEN, PRINCIPAL | 6/7/2007 | DATE   NA | LOC.   NA |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☒ ADMINISTRATIVE | NA | 6-11-07 | T. Cooke EC | ☒ HO  ☐ SHO  ☐ SC  ☐ FC |
| ☐ SERIOUS | | | | |

## COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | |
|---|---|---|---|---|---|
| | ▶ K.S. St | 6/11/07 | 1500 | N/A | |

| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| | ▶ N/A | N/A | N/A | ▶ N/A | N/A | N/A |

HEARING

The hearing was convened at   hours on 06-12-07. The hearing officer introduced himself to Inmate STEPHEN as Sergeant K. Silva. STEPHEN acknowledged receiving copies of the charges and all pertinent documents at least 24 hours prior to the hearing. STEPHEN was not assigned a staff assistant in accordance with CCR §3315(d)(2)(A)1,2,3; STEPHEN is not illiterate or Non-English speaking, the complexity of the issues are not such that assistance is necessary for STEPHEN to comprehend the nature of the charge or disciplinary process, and the nature of STEPHEN's need for assistance does not require a confidential relationship. Additionally, it is confirmed, STEPHEN has a T.A.B.E. score of 8.7, which precludes his assignment of a staff assistant. The purpose of the hearing was explained and the report was read aloud. STEPHEN stated he was in good health and ready to proceed with the hearing.

| REFERRED TO ☐ CLASSIFICATION   ☐ BPT/NAEA | | | |
|---|---|---|---|
| ACTION BY: (TYPED NAME) | SIGNATURE | | DATE   TIME |
| K. Silva, Program Sergeant | ▶ | | 06-12-07 |
| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
| ▶ T. Cooke EC | 6-13-07 | ▶ D. Ch    CDO | 6-15-07 |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) ▶ T.Sc St | | DATE  4/17/07   TIME  1850 |

CDC 115 (7/88)

15                                        28

STATE OF CALIFORNIA

**RULES VIOLATION REPORT - PART C**

DEPARTMENT OF CORRECTIONS

PAGE ___ OF ___

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| C-56483 | STEPHEN, JIMMIE | A-07-06-0464 | CMC-East | 06-12-07 |

☐ SUPPLEMENTAL  ☐ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☒ HEARING  ☐ IE REPORT  ☐ OTHER _____

<u>INMATE STATEMENT:</u> STEPHEN pled Not Guilty at the time of the hearing and stated, "I already have a High school diploma."

<u>FINDINGS:</u> The hearing officer has reviewed all pertinent documentation in this instant offense and has taken STEPHEN's plea into consideration. The hearing officer finds STEPHEN Guilty of violating CCR §3041(a) Performance, specifically, "Refusing To Work." This finding is based on a preponderance of evidence, which substantiates the charge. The evidence submitted at the hearing included: (3D), 910(9/h 2005).

A.  The CDC 115 Rules Violation Report authored by M. Cornelius, wherein he documents Inmate STEPHEN refusal to work.

<u>DISPOSITION:</u> Recommend unassignment from position #ABE-E.310 and program review. STEPHEN was counseled at length regarding CCR §3041(a) Performance, specifically, "Refusing To Work." Warned and reprimanded. STEPHEN was advised of his need to conform to the California Code of Regulations (Title 15) while in the custody of the California Department of Corrections.

STEPHEN was advised of his right to appeal pursuant to CCR §3084.1.

| | SIGNATURE OF WRITER<br>H. Silva, Program Sergeant | DATE SIGNED<br>06-12-07 |
|---|---|---|
| ☐ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED<br>1330 |

CDC 115-C (5/95)

NAME and NUMBER   **STEPHENS, JIMMIE**    **C-56483**    **1149X**    CDC-128-C

On 4/7/2008 Inmate STEPHENS , JIMMIE was evaluated by education staff and found to have a Verified High School Diploma.  This inmate therefore is exempt from mandatory education.

<u>Verified High School Diploma</u>

J.Concepción, Education/Assessment OA

Orig  C-File
     Education File
     Inmate

**Date**  4/7/2008    CMC-EAST

#

EXHIBIT 2

PATTERN of SEGREGATION as "RETALICATION" SINCE
4-28-95.. on 11-27-05. 8-9-05. AND 9-29-06 ..
ONGOING..

WRITE-UP at 8-9-05 ORDERED "RE-ISSUED"
"REHEARD" but HAS NOT OCCURED AS of 5-14-08
RECEIVED COPY of ORDER 4-21-08 AFTER
MANY REQUESTS..

AND ISSUEING "60 DAYS" at 6-14-07
without "RE-ISSUE" "REHEARING" ECT..

18

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| C-56483 | STEPHEN, J. | | CSP-CAL | D3-123L | 04-95-D08 |

| VIOLATED RULE NO(S) | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCR§3005(c) FORCE & VIOLENCE | ASSAULT ON STAFF | D-YARD | 04/28/95 | 0650 HOU |

**CIRCUMSTANCES** On Friday, April 28, 1995, at approximately 0650 hours, while performing my duties as "D" Facility Yard Officer #1, I was performing random clothed body searches on inmates exiting dining hall #2. I ordered Inmate STEPHEN, J., C-56483, D3-123L, to submit to a clothed body search. STEPHEN refused stating "You aint touching me mother fucker", and began walking away. I again ordered STEPHEN to allow me to perform the search, STEPHEN stated "Fuck you, you aint touching me. Call the sergeant over." I called Correctional Sergeant (A) G. Ellis over and advised him of the situation. Sergeant Ellis ordered STEPHEN to submit to the search. STEPHEN assumed the position with legs spread, arms out, facing away from me. As I placed my hands on STEPHENS back, he spun around, cocked his right fist and simultaneously stepped towards me. To avoid being hit, I grabbed STEPHEN with both arms around his middle torso and yelled for him to get down. STEPHEN twisted vigorously to the right and struck me twice (2) in the right eye area with his right fist. Responding staff immediately subdued STEPHEN and placed him in handcuffs. STEPHEN was escorted to the Program Office holding cell to await processing for Administrative Segregation.        Inmate STEPHEN is aware of this report.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ▶ M. CROFOOT, CORRECTIONAL OFFICER | 5-1-95 | D-YARD C/O #1 | TUE/WED |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☒ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| ▶ G. ELLIS, PROGRAM SERGEANT (A) | 5-1-95 | DATE 04/28/95 | LOC A5-144U |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☒ SERIOUS | D-121-150 | 5/1/95 | ▶ LT. C.Butler | ☐ HO  ☒ SHO  ☐ SC  ☐ FC |

**COPIES GIVEN INMATE BEFORE HEARING**

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE 5-1-95 | TIME 2040 | TITLE OF SUPPLEMENT |
|---|---|---|---|---|

| ☒ INCIDENT REPORT LOG NUMBER: CAL-FDY-95-04-0176 | BY: (STAFF'S SIGNATURE) | DATE 5-15-95 | TIME 1820 | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|

**HEARING** On May 29, 1995, at approximately 1000 hours, Inmate STEPHEN appeared before me in regard to a CDC-115, dated 04/28/95. This CDC-115 was issued to Inmate STEPHEN on 05/01/95. Inmate STEPHEN stated he was in good health and acknowledged receipt of all reports and was ready to proceed with the hearing. All time constraints have been met and all reports were issued more than 24 hours prior to the hearing. STEPHEN elected to proceed with the hearing and not postpone pending outcome of referral for prosecution as indicated by his signature on the CDC-115A. STEPHEN was assigned Correctional Officer D. LARSON as investigative employee, per CCR 3315(d). Witness(es) were requested, and granted.

**INMATE PLEA:** The charges were read to Inmate STEPHEN, and he pled NOT GUILTY. Inmate STEPHEN stated: "It is all lies. It was not a random search, it's all lies."

**WITNESS STATEMENT:** Reporting Employee Correctional Officer M. Crofoot stated: "We were searching inmates and I called out to STEPHENS and he said, 'Fuck you". I called the Sergeant. I then started to search. I put my hands on his back. He spun around and I tried to take him down and he hit me twice in the right side of my face".

**FINDINGS:** Inmate STEPHEN was found GUILTY of violating CCR# 3005(c), specifically for ASSAULT ON STAFF. This finding was based upon the preponderance of evidence submitted at the hearing, which substantiates the charge. This evidence includes: Officer M. CROFOOT's written report. In

(Continued on next page)

| REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA | | | | |
|---|---|---|---|---|
| ACTION BY: (TYPED NAME) G.J. JANDA, CORRECTIONAL LIEUTENANT | SIGNATURE ▶ | | DATE 5/29/95 | TIME 1000 HRS |
| REVIEWED BY: (SIGNATURE) ▶ K.J. Brainard PA(A) | DATE 5-30-95 | CHIEF DISCIPLINARY OFFICER'S SIGNATURE ▶ Guerra A/W (A) | DATE 5/30/9 | |
| ☒ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) ▶ Stephen C/o | | 5/31/9 | TIME 1312 |

CDC 115 (7/88)

6/1/95 DCC Conform 150 days
LOC community

19                                          7

# RULES VIOLATION REPORT

DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| C-56483 | STPEHEN | | | CSP/CAL | FA5-144U | 04-95-D-08 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| §3005(c) FORCE & VIOLENCE | ASSAULT ON STAFF | D-YARD | 04/28/95 | 0650 HOUI |

(HEARING CONTINUED):

addition, the testimony of the Reporting Employee at the time of the hearing, the contents of
the Investigative Report, the contents of the CDC-837 Incident Report. Also the contents of the
CDC-7219 indicating that the injuries sustained by the Reporting Employee are consistent with
the assault that STEPHENS committed upon him.

**DISPOSITION:** GUILTY. Inmate STEPHEN was assessed (150) days Loss of Credits consistent with a
Division "B" Offense. STEPHENS was Counseled and Reprimanded on future behavioral expectations.
Senior Hearing Officer recommends retention in Administrative Segregation pending review by the
Institutional Classification Committee, and further recommends assessment of appropriate S.H.U.
term. REFER TO I.C.C. FOR CONFIRMATION OF CREDIT LOSS/DISPOSITION.

INMATE STEPHEN WAS ADVISED OF HIS RIGHTS AND PROCEDURES TO APPEAL THIS ACTION, AND ADVISED HE
WOULD RECEIVE A COMPLETED COPY UPON FINAL AUDIT BY THE CHIEF DISCIPLINARY OFFICER.

REFERRED TO ☐ CLASSIFICATION   ☐ BPT/NAEA

ACTION BY: (TYPED NAME)

| | SIGNATURE | DATE | TIME |
|---|---|---|---|
| G.J. JANDA, CORRECTIONAL LIEUTENANT | ► _Janda_ LT. | 5/29/95 | 1000 HR |

REVIEWED BY: (SIGNATURE)

| | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
|---|---|---|
| ► | ► | 5/30/95 |

| ☒ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|
| CDC 115 (7/88) | ► _____ c/o ► | 5/31/ | 1315 |

20                    8

DEPARTMENT OF CORRECTIONS

STATE OF CALIFORNIA

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST | HOUSING NO | LOG NO |
|---|---|---|---|---|---|---|
| C-56483 | STEPHEN, J. | | | CSP/CAL. | PA5-121U | 06-A5-95 |
| VIOLATED RULE NO(S). | SPECIFIC ACTS | | | LOCATION | DATE | TIME |
| #3005(c) FORCE & VIOLENCE | ASSAULT ON INMATE/SHTOS FIRED | | | AD-SEG YARD 2 | 06/12/95 | 1223 HOURS |

CIRCUMSTANCES

On Monday, June 12, 1995, at approximately 1223 hours while performing my duties as Administrative Segregation S & E    #1, I observed in exercise yard #1, Inmate FIERRO, E-72523 A5-116U, run toward Inmate **STEPHEN**, C-56483, A5-121U, and attempt to strike him to the mid-torso area with his right hand, using an underhand stabbing motion, as **STEPHEN** moved back, Inmate PADILLA, H-00471, A5-116L, ran toward Inmate SMITH, H-55937, A5-121L, and both inmates began swinging both their fists, striking each other to the upper torso area. I yelled "Weapon get down", and fired one (1) round from my state-issued 37mm gas gun, serial #D04742, with No 264R baton rounds, with negative results. FIERRO ran up behind SMITH and made a stabbing motion to his back, before kneeling down on the ground. SMITH, who was standing over PADILLA as he sat on the ground, repeatedly struck PADILLA with his left fist to the facial area. FIERRO stood up and began moving towards SMITH, as SMITH walked toward FIERRO, and both squared off in an aggressive stance. Administrative Segregation Lieutenant G. SUMPTER discharged one (1)

(**CONTINUED**)

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|---|
| ▶ T. DIAZ, CORRECTIONAL OFFICER | | JUNE 12, 1995 | AD-SEG S & E #1 | Th/F |
| | | ☐ INMATE SEGREGATED PENDING HEARING | | |
| REVIEWING SUPERVISOR'S SIGNATURE | | DATE | | LOC. |
| ▶ W. PRICE, CORRECTIONAL SERGEANT | JUNE 12, 1995 | | HEARING REFERRED TO | |
| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | |
| ☐ ADMINISTRATIVE | A-1 181-360 | 6/22/95 | LT | ☐ HO ☒ SHO ☐ SC ☐ |
| ☒ SERIOUS | | | | |

COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | | DATE | TIME |
|---|---|---|---|---|---|---|---|
| | ▶ | 6/29/95 | 1800 | | | | |
| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | | DATE | TIME |
| Cal-PA5-95-06-0247 | ▶ | 7/5/95 | 1118 | | | | |

HEARING

Inmate STEPHEN appeared before me in regard to a CDC-115, dated 06/12/95. Inmate STEPHEN stated he was in good health had received copies of all pertinent reports at least twenty-four hours prior to the hearing, and was ready to proceed. Inmate STEPHEN was assigned Officer M. Fisher as the Investigative Employee. No witnesses were requested.

**INMATE PLEA:** The charges were read to Inmate STEPHEN, and he pled NOT GUILTY. Inmate STEPHEN had no comment.

**FINDINGS:** Inmate STEPHEN was found NOT GUILTY of violating CCR# 3005(c), specifically for ASSAULT ON AN INMATE/SHOTS FIRED. This finding was based upon the preponderance of evidence submitted at the hearing, which does not substantiate the charge. This evidence includes: The disciplinary report clearly states that STEPHEN did not participate in assault. Therefore, the finding of NOT GUILTY.

**DISPOSITION:** This CDC-115 is being dismissed due to INSUFFICIENT EVIDENCE. Inmate STEPHEN was advised of his rights procedures to appeal this action. He was further informed he would receive a completed copy upon final audit by Chief Disciplinary Officer, who's signature will indicate an affirmation, reversal or modification of this action thereby constituting the First Level of review for appeal purposes.

| REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA | | | DATE | TIME |
|---|---|---|---|---|
| ACTION BY: (TYPED NAME) | | SIGNATURE | | |
| K. HOWARD, CORRECTIONAL LIEUTENANT | | K Howard lt | 07/17/95 | |
| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE | |
| ▶ A. TUIT, PROGRAM ADMINISTRATOR | 7/19/95 | S. H. GARCIA, ASSOCIATE WARDEN ACW | | |
| ☒ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) ▶ M Fisher | | DATE 7/26/95 | TIME |

CDC 115 (7 88)

21

804 TO RECORDS: 6/16/95

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| C-56483 | STEPHEN, J. | | CSP-CAL | FA5-121U | 05-AS-95-082 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| #3005(c)-FORCE & VIOLENCE | CELL FIGHT | CELL A5-121 | 06/13/95 | 1455 hours |

**CIRCUMSTANCES**

On Tuesday, June 13, 1995, at approximately 1455 hours, while performing my duties as Administrative Segregation (Ad/Seg) Floor Officer #1, I heard a loud noise coming from cell A5-121, jointly occupied by Inmate SMITH, H-55937, A5-121L, and Inmate STEPHEN, C-56483, A5-121U. I observed SMITH's right arm around STEPHEN's neck, choking STEPHEN. I responded to cell A5-121 and ordered SMITH to stop fighting. SMITH then rammed STEPHEN's head into the cell door. I again ordered SMITH to stop fighting. SMITH then complied. Both inmates were then removed from their cell without further incident. Both inmates were medically evaluated by Medical Technical Assistant D. SULLINS. SMITH was then returned to cell A5-121. STEPHEN was rehoused to cell A5-225.

Inmate STEPHEN is aware of this report.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ▶ D. MENDEZ, CORRECTIONAL OFFICER | 06/13/95 | AD/SEG FLOOR C/O #1 | F/S |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING |
|---|---|---|
| ▶ J. GOEBEL, CORRECTIONAL SGT. | 05/13/95 | DATE _____ A5-121U _____ LOC. |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☒ SERIOUS | D 61-90 | 6/16/95 | ▶ | ☐ MO ☒ SHO ☐ SC ☐ FC |

**COPIES GIVEN INMATE BEFORE HEARING**

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| | ▶ RC | 6/17/95 | 0925 | JL/T |

| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| | ▶ JL/T | | | | | |

**HEARING** On June 23, 1995 at approximately 1005 hours, Inmate STEPHEN appeared before me in regards to a CDC-115 he received on 06/23/95. STEPHEN stated that he was in good health, acknowledged receipt of all reports and was ready to proceed with this hearing. All time constraints have been met and all reports were issued more than 24 hours prior to the hearing. Correctional Officer B. BENTLEY was assigned as the Investigative Employee. Witnesses were not requested by the inmate. The charges were read to STEPHEN who pled, NOT GUILTY.

**STATEMENT OF CHARGED INMATE:** Inmate STEPHEN declined to make a statement.

**FINDINGS:** Inmate STEPHEN was found NOT GUILTY of violating CCR #3005(c), for the specific act of, FIGHTING. This finding was based upon the preponderance of the evidence submitted at this hearing, which does not substantiate the charge. This evidence includes: the contents of Correctional Officer D. MENDEZ's written report, which states that he saw SMITH with his arm around STEPHEN's neck. SMITH then rammed STEPHEN's head into the cell door. The Reporting Employee made no reference to STEPHEN fighting.

**DISPOSITION:** NOT GUILTY. DISMISSED IN THE INTEREST OF JUSTICE based upon the Senior Hearing Officer deemed that STEPHEN was the victim of assault.

INMATE STEPHEN WAS ADVISED OF HIS RIGHTS TO AND THE PROCEDURES FOR THE APPEAL OF THIS ACTION. HE WAS ALSO ADVISED THAT HE WILL RECEIVE A COMPLETED COPY OF THIS CDC-115 UPON FINAL AUDIT BY THE CHIEF DISCIPLINARY OFFICER.

| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
|---|---|---|---|
| G.D. SUMPTER, CORRECTIONAL LIEUTENANT | ▶ | 6/23/95 | 1005 HR |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
|---|---|---|---|
| ▶ | | ▶ | |

| ☒ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | | DATE | TIME |
|---|---|---|---|---|
| | ▶ RC | | | 1250 |

CDC 115 (7/88)

22

804 TO RECORDS BY: _____ DATE: _____ G.P.L SCORE: _____

STATE OF CALIFORNIA                                        DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| C-56483 | STEPHEN, J. | (Jts) ms(s) | RJDCF | F3-14-129U | F3-05-118 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CR 3005(c) FORCE & VIOLENCE | THREATENING STAFF | F3 H/U#14 | 11-27-05 | 1945 hrs. |

CIRCUMSTANCES

On Sunday, November 27, 2005, at approximately 1945 hours, while performing my duties as H/U #14 Floor Officer, during the 1745 hour unlock, I notified I/M STEPHEN, J., C-56483, F3-14-129U that his status was A2-B. I/M STEPHEN then became agitated and began stating to me, "That was stupid." I then clarified with him what my expectations were for inmates who were A2-B status and he stated, "You have been fucking with me from the beginning." I then said to him that how was I messing with you, If I verified through the Program Office his status. At this point I/M STEPHEN had a ball-point in his right hand and held it in such a way that made me believe he may use it as a weapon. I took a step back, unsecured my MK-p Oc Spray Strap and told I/M STEPHEN to settle down and he said, "Fuck you, you'll get yours." I repeated my instructions for him to settle down and he backed up and went in his cell. After 1945 hours unlock was complete I began checking my unit cell by cell to verify all A2-B's, C1-A's and C/C inmates were in their cells. While passing Cell #129 where I/M STEPHEN lives, he again made threats as before with a ball-point pen held in his hand in an aggressive manner. I notified Program Sgt F. Delatorre who arrived and placed I/M STEPHEN in handcuffs and then was escorted to the Fac.3 Program Office by Yard Staff. Inmate STEPHEN is aware of this report and was Medically evaluated by Fac.3 Medical Staff.

MHSDS:

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ▶ M. Espinoza, Correctional Officer | 11-28-05 | H/U #14 Floor Officer | |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| ▶ F. Delatorre, Sergeant | 11/28/05 | DATE 11-27-05 | LOC. |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE | D | | ▶ A. Bracamonte, Facility Captain | ☐ HO ☐ SHO ☐ SC ☐ FC |
| ☑ SERIOUS | | | | |

COPIES GIVEN INMATE BEFORE HEARING

| ☑ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| | ▶ D. Pruf | 11-30-05 | 10:15 | 7219 Medical Report |

| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| | ▶ | | | ▶ D. Pruf | 12/3/05 | 10:15 |

HEARING

Inmate STEPHEN, C-56483, appeared before this Senior Hearing Officer (SH) on 12-20-05 at 1035 hours, for hearing of RVR log #F3-05-668. The hearing was held in Administrative Segregation. MHSDS: CCMS, but the inmate's mental health status was not a factor in the charges or the disciplinary process. SA was not assigned per CCR 3315(d)(2)(A)1,2,3; The inmate is not illiterate, is English speaking, the issues are not complex, GPL Score is above 4.0, and he does not require a confidential relationship in preparing his defense. The inmate acknowledged he was in good health and did not object to proceeding with this hearing. He was advised of the charges and the purposes of the hearing, and acknowledged receipt of the 115, 115A, 7219 Medical Report, 24 hours prior to this hearing. (I/M STEPHEN also acknowledged IE). The inmate received his first copy of the RVR within 15 days of discovery and the hearing was held within 30 days of the issuance of the RVR, therefore, all time constraints were met. IE WAS ASSIGNED. The issues are not complex, however the inmate's housing status did preclude his evidence gathering, and additional information was necessary for a fair hearing. C/O R. Ramirez was assigned on 11-30-05 and the report was taken into consideration by the SHO. WITNESSES: Requested, but subsequently waived by the inmate, as verified by the inmate's signature on the 115A. INMATE PLED: NOT GUILTY, stating, "I did not threaten him. I did not disrespect him."

HEARING CONTINUED ON PART C, page 1 of 2

REFERRED TO ☐ CLASSIFICATION    ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
|---|---|---|---|
| C.P Franco, Lieutenant | ▶ | | |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE | TIME |
|---|---|---|---|---|
| ▶ A. Bracamonte, Facility Captain | 12/21/05 | ▶ P.A Cowen, Associate Warden | | |

| ☑ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | | DATE | TIME |
|---|---|---|---|---|
| | ▶ D. Pruf | | 12/23/05 | 1925 |

CDC 115 (7/88)

804 TO 'RECORDS ONLY'

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT  REFER TO INCIDENT REPORT #RJD-CEN-06-09-0592
(574)

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| C-56483 | STEPHEN, J. (1) | LIFE | RJDCF | F3-15-136U | F3-06-57 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCR 3005(c) FORCE & VIOLENCE | BATTERY ON A NON-PEACE OFFICER ROUTINE USE OF FORCE | CENTRAL LIBRARY | 09/29/06 | 1840 HRS |

CIRCUMSTANCES  *Dismissed*

On Friday, September 29, 2006, at approximately 1840 hours, while performing my duties as a Librarian in the Central Library, Inmate STEPHEN, J., C-56483, F3-15-136U, requested approval for copies to be made of several documents. I examined the documents and discovered an altered/falsified diploma among other documents. I told STEPHEN that I would not approve copies to be made of the fraudulently altered diploma. While handing it back to him, I said, "I can write you up for this." He shouted back, "Go ahead and write me up then!" I instructed him to hand the document back to me, but he instead began to stuff it into his legal folder. I reached out to pull the paper from his hand, but he hit my hand, and forcefully pushed my right hand away to prevent me from doing so. I pressed my alarm, and Officer I. Bravo arrived and ordered STEPHEN to get up out of the chair and turn around to allow handcuffs to be placed on him, with negative results. Instead of complying with orders, STEPHEN suddenly reached into a box that was at his feet. Officer Bravo wrapped both arms around the inmate's upper torso and used his body weight and strength to forcefully place him on the floor with the assistance of Officer C. Palencia who had also responded to the Library and observed Officer Bravo struggling with Inmate STEPHEN. Inmate STEPHEN further resisted by holding his arms tightly under his body, twisting ..

MHSDS: CCCMS

(CIRCUMSTANCES CONTINUE)                                    PAGE 1 OF 2

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ▶ E. SIMON, Librarian | 10-12-06 | Central Library | S/S/H |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☒ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| ▶ | 10-12-6 | DATE 9-29-6  LOC. | |

| CLASSIFIED | OFFENSE DIVISION | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☒ SERIOUS | "B" | 10/13/06 | ▶ G. PEDERSON, Facility 3 Captain (A) | ☐ HO ☒ SHO ☐ SC ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| | ▶ | 10/13/06 | 1030 | |

| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| 0592 | ▶ | | | ▶ | | |

HEARING

Inmate STEPHEN, C-56483, appeared before this Senior Hearing Officer on 1-14-07 at 1800 hours for hearing of RVR Log# F3-06-574. MHSDS: CCCMS, and no CDC-115X was processed.        The hearing was held in Administrative Segregation. **SA was not** assigned per CCR 3315(d)(2)(A)1,2,3; the inmate is not illiterate, is english speaking, issues are not comple GPL of I/M is above 4.0 and he does not require a confidential relationship in preparing his defense.
**DA REFERRAL:** Hearing not postponed pending da referral, as noted by the inmates signature on the 115A.
The inmate stated he was in good health and did not object to proceeding with this hearing.
He was advised of the charges and the purposes of this hearing, and acknowledged receipt of the 115, 115A, 115C, 24 hours prior to this hearing.        The inmate received his first copy of the RVR within 15 days of discovery and the hearing **was not** held within 30 days of the issuance of the RVR, therefore all time constraints were not met.
**IE waived** by the inmate as noted by the inmate's signature on the 115A.
**WITNESSES:** Were requested, but subsequently waived by the inmate, as noted by the inmate's signature on the 115A.
**I/M PLED: NOT GUILTY,** stating, "I did not do anything."

REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA        HEARING CONTINUES ON PART-C page 1 of 2

| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
|---|---|---|---|
| E. Garza, Lieutenant | ▶ | 1/14/07 | 180 |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
|---|---|---|---|
| ▶ E. Marrero, Facility Captain | 1-16-07 | ▶ E. Contreras, Associate Warden | 1/16/07 |

| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | | DATE | TIME |
|---|---|---|---|---|
| | ▶ | | | |

CDC 115 (7/88)

2C

STATE OF CALIFORNIA
**OFFICE MEMO**
STD. 100 (REV. 4-95)

DATE 3/21/08.

TO

Stephens

ROOM/STA. NO.

PHONE NUMBER  CALNET☐

FROM

D. Lloyd CCI

ROOM/STA. NO.

SUBJECT

F Y I —

I you need something like
this — JUST SUBMIT An
InMATE REQUEST — It's much
faster (#1) and Appeals would have
rejected it — telling you to submit
a request to your Counselor. —

I checked your desciplinary section
& could not find the "re-issued/
re-heard 115 for this case. If this
did not happen you must submit
your appeal to RJD not CMC —
RJD did not comply w/ the
mod order.

95 28511

25

DATE:                  November 16, 2005

NAME:          —  ·  STEPHEN, J.

CDC:                   C-56483

APPEAL #:              05-1607                   <u>SECOND LEVEL REVIEW</u>

APPEAL DECISION:       PARTIALLY GRANTED

APPEAL ISSUE:          You are appealing a Serious CDC-115 Rules Violation Report (RVR), Log No. F3-05-410, dated August 8, 2005, in which you were found guilty of violating California Code of Regulations (CCR) Title 15, Section 3005(a) Conduct: Stalking. You contend that the charge of Stalking was not substantiated, the Mailroom Supervisor violated procedure by opening an envelope marked "Legal Mail", a conflict of interest existed with the Senior Hearing Officer (SHO) and that you were not provided a copy of the letter intercepted by the Mailroom Supervisor and turned over to the Security and Investigations Unit.

Specifically, you request a "conflict of interest be declared" against the SHO, Correctional Lieutenant R. Shelar and that the RVR be dismissed.

APPEAL RESPONSE:     In reaching a decision on this matter, a thorough review of your appeal and the attached documentation was conducted. Applicable sections of the CCR were also reviewed. Additionally, on November 16, 2005, you were interviewed by Lt. D. McMahan regarding your appeal. During the interview you reiterated the statements in your appeal and presented no further evidence or information.

Mr. Stephen, a review of the processing of your CDC-115 indicates all time constraints were met, but there appears to be a due process issue in that you were not provided a copy of the handwritten letter you allegedly wrote to Correctional Officer Belton, which was intercepted by Mailroom Supervisor J. McNeil. During the hearing the SHO acknowledged the letter was unavailable, but stated it was not considered as evidence in the hearing. However, item #1 of the SHO's Findings makes direct reference to the letter and its contents as part of the culpatory evidence. Additionally, the letter is referenced by multiple witnesses in the Investigative Employee's Report and appears to be the key link between you, the log which was subsequently discovered in your cell and the Stalking charge. Therefore, you were entitled to a copy of that letter prior to your hearing.

Your claim that the Mailroom Supervisor violated procedure by opening an envelope marked "Legal Mail" is without merit. The term "Legal Mail" applies to correspondence between inmates and attorneys. The envelope in question was an interdepartmental "U-Save-Em" envelope addressed to a staff member. You also failed to show that a conflict of interest resided in the SHO. Finally, the issue of whether or not the charge of Stalking can be substantiated is moot in that a new hearing will be ordered for the RVR.

STEPHEN, J. #C-56483
Appeal Log #05-1607 –
Page 2


Your request that a "conflict of interest be declared" against the SHO and that the RVR be dismissed is denied.  However, the RVR is ordered Re-issued/Reheard to comply with due process concerns.  Therefore, your appeal is PARTIALLY GRANTED at this Second Level of Review.


S. ARMOSKUS
Chief Deputy Warden

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

[ 410 ]

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| C-56483 | STEPHEN, J. — (1) | | | RJDCF | 13-105U | F3-05-410 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | | | LOCATION | DATE | TIME |
|---|---|---|---|---|---|---|
| CCR 3005(a) CONDUCT | STALKING | | | Unit #13 | 08/08/05 | 13:30 |

CIRCUMSTANCES

On Tuesday, August 8, 2005, at approximately 1330 hours, the Investigative Services Unit (ISU) concluded an investigation into Inmate STEPHEN's, J., C-56483, F3-13-105U, stalking Correctional Officer M. Belton. On August 5, 2005, the ISU received a handwritten letter that was intercepted by Mailroom Supervisor J. McNeil. The letter was inside of a U SAVE 'EM envelope addressed to Officer Belton. Inmate STEPHEN's states in the letter that he is in love with Officer Belton. Included in the U SAVE 'EM envelope was a second U SAVE 'EM envelope addressed to Inmate STEPHEN himself, and the letter contained instructions for Officer Belton not to include her name in her response and he would be able to identify her letter by the included self-addressed envelope. ISU Officer, Correctional Officer R. Billingsley and I conducted a search of Inmate STEPHEN's Cell F3-13-105. During the search, Officer Billingsley discovered a chronological log when Officer Belton worked Housing Unit 13 and her demeanor towards him when she did. As a result, Inmate STEPHEN was rehoused in the Administrative Segregation Unit (ASU). Inmate STEPHEN is aware of this report.

MHSDS: CCGMS

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|---|
| ► R. VASQUEZ, Correctional Officer | | 8-15-05 | S & I "A", ISU | S/S/H |

| REVIEWING SUPERVISOR'S SIGNATURE | | DATE | ☒ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|---|
| ► J. N. CLARKE, Sergeant | | 8-16-05 | DATE 08/09/05    LOC F2-06-118L | |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE | E (7) | 8-16-05 | ► J. W. DRESBACH, Facility Captain | ☐ HO  ☒ SHO  ☐ SC  ☐ FC |
| ☒ SERIOUS | | | | |

COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | | | |
|---|---|---|---|---|---|---|---|
| | ► | 8/6/05 | 12:10 | N/A | | | |
| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | | DATE | TIME |
| N/A | ► | | | ► | | | |

HEARING

Inmate issued copies of copies of all documents; including envelopes, signatures, etc; this date: 9/3/5    Issued by: MASH    Time: 1152 hours.

Inmate STEPHEN appeared before this Senior Hearing Officer (SHO) on 9-15-05 at 1940 hours and was in good health. He received all pertinent copies 24 hours prior to this hearing. All charges were read to him and he was prepared to proceed. He is a MHSDS participant at the CCMS level of care. STAFF ASSISTANT: Not assigned per CCR 3315(d)(2)(A)1,2,3. INVESTIGATIVE EMPLOYEE: C/O Diaz was assigned and her report was taken into consideration. WITNESSES: None requested for this hearing. INMATE PLED: NOT GUILTY, stating, "It ain't mine, the log might be mine because I have a case against Sgt. Clarke. I was keeping track of who he put in my building to set me up." FINDINGS: GUILTY of CCR 3005(a) CONDUCT, Specifically:STALKING (Behavior which endangers another person), based on:th . The RVR, authored by C/O Vasquez, dated 8-8-05, which states in part; that on 8-5-05, the Investigative Services Unit (ISU) received a handwritten letter which was intercepted by Mailroom Supervisor J. McNeil. The letter was in a U-Save-Em envelope addressed to C/O Belton. Inmate STEPHEN states in the letter that he is in love with C/O Belton. ISU Officer Billingsley and I conducted a search of Inmate STEPHENs cell F3-13-105. During the search Officer Billingsley found a chronological log when C/O Belton worked H/U #13 and her demeanor towards him when she did

| REFERRED TO ☐ CLASSIFICATION | ☐ BPT/NAEA | HEARING CONTINUED ON PART-C    page 1 of 2 | | |
|---|---|---|---|---|

| ACTION BY: (TYPED NAME) | | SIGNATURE | | DATE | TIME |
|---|---|---|---|---|---|
| R.J SHELAR, nLieutenant | | ► | | 9-15-05 | 1940 |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | | DATE | |
|---|---|---|---|---|---|
| ► J. W. DRESBACH, Facility Captain | 9-20-05 | ► B. OLIVERO, Associate Warden | | 9-26-05 | |

| COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | BY: (STAFF'S SIGNATURE) | | | DATE | TIME |
|---|---|---|---|---|---|---|
| | | ► | | | 9-8- | |

DC 115 (7/88)

28

| CDC NUMBER | NAME | | ETHNIC | BIRTHDATE |
|---|---|---|---|---|
| C56483 | STEPHEN,JIMMIE,EARL | 1149X | BLA | 07/18/1952 |

ACA STEPHENS,JIMMIE
ACA STEPHENS,JIMMIE,EARL

| TERM STARTS | LIFE TERM STARTS | MIN ELIGIBLE PAROLE DTE |
|---|---|---|
| 04/22/1991 | 10/09/2001 | 10/09/2011 |

| | PAROLE PERIOD |
|---|---|
| BASE TERM 15/00 + ENHCMNTS 20/00 = TOT TERM 35/00 TO LIFE | LIFE |

PRE-PRISON + POST SENTENCE CREDITS

| CASE | P2900-5 P1203-3 P2900-1 CRC-CRED MH-CRED P4019 | P2931 POST-SENT TOT |
|---|---|---|
| A714077 | 674 | 336 | 11 | 1021 |

PC296 DNA COMPLETED
NOTIFICATION REQUIRED PER P3058.6

**INMATE COPY**

DOC. HEARING:     /        DEFENSE ATTORNEY: KESSEL, A.
INIT. HEARING: 09/2010    INVESTIGATING AGENCY: PD/LA

| RECV DT/ CNT | COUNTY/ OFF-CODE | CASE DESCRIPTION | SENTENCE DATE | CREDIT CODE | OFFENSE DATE |
|---|---|---|---|---|---|

CONTROLLING PRINCIPAL & CONSECUTIVE    (INCLUDES ENHANCEMENTS/OFFENSES):

--CONTROLLING CASE --

| | | | | | |
|---|---|---|---|---|---|
| 4/22/1991 | LA | A714077 | 4/10/1991 | | |
| | | 03 P667.5(B) | PPT-NV | 1 | |
| | | 03 P667(A) | 01 PFC SERIOUS | 1 | |
| 01 P187 2ND | | MURDER 2ND | | 32 | 06/06/1989 |
| | | (O)WPN | | | |
| | | 12022.5 USE | | 1 | |

| IWTIP WAIVER DATE | BEGINNING BALANCE | CREDIT APPLIED | TOTAL LOST | TOTAL RESTORED | NET TOTAL |
|---|---|---|---|---|---|
| 04/22/1991 | 0 | 2537 | 360 | 270 | 2447 |

CREDITS AUTO RE-VESTED PER PC-2934 :     5

| TRAN TYPE | DATE | END DATE | LOG NUMBER | RULE NUMBER | VIOL CAT | DAYS |
|---|---|---|---|---|---|---|
| WCL | 01/26/1993 | | 0193B49 | 3005(B) | F | 30 |
| WCL | 08/25/1993 | | 0893D066 | 3005(B) | F | 30 |
| WCL | 02/14/1995 | | 0295D041 | 3005(B) | F | 30 |
| WCL | 04/28/1995 | | 0495D080 | 3005(C) | B | 150 |
| WCG | 04/22/1991 | 12/31/1996 | | | | 916 |

****** CONTINUED ******

29

| CDC NUMBER | NAME |
|---|---|
| C56483 | STEPHEN,JIMMIE,EARL |

| | | | | | | |
|---|---|---|---|---|---|---|
| WCL | 02/21/1997 | | A97020035 | 3012 | F | 30 |
| WCR | 06/19/1997 | | 0193B49 | | | 30 |
| WCR | 06/19/1997 | | 0893D066 | | | 30 |
| WCR | 06/19/1997 | | A97020035 | | | 30 |
| WCR | 03/24/1999 | | 0495D080 | | | 150 |
| WCG | 01/01/1997 | 12/31/1999 | | | | 981 |
| WCG | 01/01/2000 | 09/30/2001 | | | | 639 |
| WCG | 09/30/2001 | 09/30/2001 | ADJ | | | 1 |
| WCL | 08/08/2005 | | F305410 | 3005(A) | E | 60 |
| WCL | 10/04/2006 | | F206567 | 3005(B) | F | 30 |
| WCR | 04/24/2007 | | F206567 | | | 30 |

# INMATE COPY

| TRAN TYPE | DATE | END DATE | LOG NUMBER | RULE NUMBER | D A Y S |
|---|---|---|---|---|---|
| | | | | | ASSESS LOST REST DEAD |

| | | | |
|---|---|---|---|
| CON | 02/01/1983 | ******BEG BAL******* | |
| ADD | 11/19/1982 | A623116 | |
| ADD | 12/21/1984 | A755003 | |
| ADD | 04/22/1991 | A714077 | |
| ADD | 04/22/1991 | A714077 | |
| | CURRENT PC BALANCE: | 457 | CURRENT BC BALANCE:   1370 |

60 day WCL Not previously entered found during Audit

30

EXHIBIT # 3

COPY of DENTAL REQUEST for "SERIOUS" DENTAL REQUESTS SINCE ARRIVAL at 3-27-07 at CMC.

FALSE DOCUMENTS at 2-8-08 to JUSTIFY DENIAL of SERIOUS MEDICAL as PATTERN).

PATTERN)

AS at DONOVAN TRIED to RECEIVE PARTALS or TEETH SINCE 2005.

AS APPEAL DATED 11-30-06 at DONOVAN.

31

State of California                                                      Department of Corrections and Rehabilitation

# Memorandum

Date    :    February 8, 2008

To    :    Charles Antonen
            Deputy Attorney General
            State of California Department of Justice

Subject:    **PRISON LAW OFFICE REQUESTS FOR REVIEW OF *PEREZ V. TILTON* INMATE
            CONCERNS RELATING TO INMATE JIMMIE STEPHEN, C-56483**

Pursuant to the Stipulation For Injunctive Relief agreed to in re *Perez v. Tilton, et al.,* the Chief
Dental Officer at the California Men's Colony (CMC) has provided the following information
in response to the questions asked by Alison Hardy of the Prison Law Office.

1.  When did Mr. Stephen last see a dentist regarding the possible need for partials or repair
    of his teeth? What were the results of this appointment?
    *Mr. Stephen was examined on January 4, 2008, for a triage appointment in response to
    a CDCR 7362 request for service that he submitted. This face-to-face examination did
    not reveal any urgent or emergent issues. Mr. Stephen did not state that his partial is
    worn or defective. Upon examination of his partial on January 4, 2008, replacement is
    not indicated. His DPC classification is DPC-3, and not DPC-2, as mistakenly noted in
    his UHR. As a consequence, Mr. Stephen will be seen in July 2008, his birth month, for
    his annual examination. His dental needs will be determined and a treatment plan will
    be developed at that time, if necessary.*

2.  Please describe Mr. Stephen's current treatment plan.
    *Mr. Stephen is currently classified DPC-3. His annual examination will be in July 2008,
    and his dental needs and treatment plan, if needed, will be determined at that time.*

Thank you for your assistance in this matter. Please contact Bob Keller at (916) 327-8941, if
you have any questions.

RICHARD ROBINSON
Dental Program Project Director
Division of Correctional Health Care Services

cc:  Michael Stone, Staff Counsel, Office of Legal Affairs, CDCR
     Linda Martinez, D.D.S., Regional Dental Director
     Jeri Shepherd, D.D.S., Chief Dental Officer, CMC
     Health Care Appeals Coordinator, CMC

## Shepherd, Jeri

| | |
|---|---|
| **From:** | Shepherd, Jeri |
| **Sent:** | Monday, January 28, 2008 9:31 AM |
| **To:** | Keller, Robert |
| **Subject:** | RE: New Para. 17 Ltr - J. Stephen, C-56483 (CMC) |

Good morning,

1. When didd Mr. Stephen last see a dentist regarding the possible need for partials or repair of his teeth? Mr. Stephen was seen January 4, 2008 for a triage appointment in response to a 7362 submited by Mr. Stephen. What were the results of this appointment? Mr. Stephen has been on the DPC 2 list for exam and treatment plan. His birthday month is July. His situation has not become urgent or emergent, therefore he continues to remain on the DPC2 list in chronological order.

2. Please describe Mr. Stephen's current treatment plan. At this time he's is on the DPC2 list for exam and treatment plan. We see patients in chronological order of when they submit their 7362. At this time we are only able to accommodate Emergent, 7362 triage appointments, Urgent (DPC1), and annual exams.

Please note: Our dentist to inmate-patient ratio for East Dental Clinic is currently 1:939. We have made room and changed our scheduling to accommodate more dentists so that ratio could be improved. We have been given two more positions but that still will not give us the 1:515 ratio the court has allowed for. We need an additional 3 dentists for both the East and West Clinics.

-----Original Message-----
**From:** Keller, Robert
**Sent:** Monday, January 28, 2008 7:23 AM
**To:** Shepherd, Jeri
**Cc:** Robinson, Richard; Martinez, Linda
**Subject:** New Para. 17 Ltr - J. Stephen, C-56483 (CMC)

Hello Dr. Shepherd: Please find attached a new Para. 17 issue received from the PLO in re Inmate Stephen.
Please provide your reply no later than COB February 4, 2008.
Thank you,

*Bob Keller*
*AHPA*
*Inmate Dental Services*
*(916) 445-8951*
*Fax (916) 327-2476*

*CONFIDENTIAL -- ATTORNEY-CLIENT PRIVILEGED*
*DO NOT FORWARD OR DUPLICATE EXCEPT TO AUGHORIZED STAFF*

33



# PRISON LAW OFFICE

General Delivery, San Quentin, CA 94964-0001
Telephone (415) 457-9144 • Fax (415) 457-9151
www.prisonlaw.com

*Director:*
Donald Specter

*Staff Attorneys:*
Susan Christian
Steven Fama
Rachel Farbiarz
Penny Godbold
Megan Hagler
Alison Hardy
Vibeke Martin
Millard Murphy
Sara Norman
Judith Rosenberg
Zoe Schonfeld
E. Ivan Trujillo

2/21/2008

Jimmie Stephen, C-56483
CMC·
PO Box 8103
San Luis Obispo, CA 93409

Dear Mr. Stephen,

As you know, we wrote to the Attorney General on 1/25/2008 under procedures set forth in the *Perez* Stipulation to request further information about your dental treatment. The CDCR response to our advocacy letter is enclosed.

Please let us know if the information provided by headquarters is incorrect. Please provide specific information and any documentation you may have showing that their report is not accurate.

We hope that your dental condition has improved by this time. If you continue to have dental concerns, please send us an update on your present condition and we will determine whether we can continue to advocate on your behalf.

We wish you the best.

Sincerely,

Sam Weiner
Litigation Assistant under Alison Hardy

Enclosures: CDCR Response

Board of Directors
Penelope Cooper, President • Michele WalkinHawk, Vice President • Marshall Krause, Treasurer
Honorable John Burton • Felecia Gaston • Christiane Hipps • Margaret Johns
Cesar Lagleva • Laura Magnani • Michael Marcum • Ruth Morgan • Dennis Roberts



PRISON LAW OFFICE
General Delivery, San Quentin, CA 94964-0001
Telephone (415) 457-9144 • Fax (415) 457-9151
www.prisonlaw.com

Director:
Donald Specter

Staff Attorneys:
Susan Christian
Steven Fama
Rachel Farbiarz
Penny Godbold
Megan Hagler
Alison Hardy ✔
Vibeke Martin
Millard Murphy
Sara Norman
Judith Rosenberg
Zoe Schonfeld
E. Ivan Trujillo

## MEMORANDUM

To:          Charles Antonen, Deputy Attorney General
From:        Alison Hardy/SW
Date:        1/25/2008
Re:          *Perez* 3 – Individual Inmate Exhausted Dental Concern – Request for Review

---

Jimmie Stephen, C-56483                CMC

Mr. Stephen has exhausted his administrative remedies on the issue of receiving repair of his teeth (IAB # 0708017, Log # CMC-07-01748).

According to the Second Level's Decision, Mr. Stephen was classified as Priority 2 on 5/8/07. The response goes on to state that Mr. Stephen was triaged for a "new and separate dental issue" on 6/13/07, which was resolved on 6/19/07. The response, which was written on 8/29/07, states that Mr. Stephen "would continue to receive treatment as a DPC 2 patient."

Mr. Stephen writes that he still has not received partials or treatment to repair his teeth.

Please respond to the following:

1. When did Mr. Stephen last see a dentist regarding the possible need for partials or repair of his teeth? What were the results of this appointment?

2. Please describe Mr. Stephen's current treatment plan.

Board of Directors
Penelope Cooper, President • Michele WalkinHawk, Vice President • Marshall Krause, Treasurer
Honorable John Burton • Felecia Gaston • Christiane Hipps • Margaret Johns
Cesar Lagleva • Laura Magnani • Michael Marcum • Ruth Morgan • Dennis Roberts

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

DEC 0 4 2007

Date:

In re:   Jimmie Stephen, C56483
         California Men's Colony
         P.O. Box 8101
         San Luis Obispo, CA 93409-8101

         IAB Case No.: 0708017          Local Log No.: CMC-07-01748

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner C. Hall, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

I   APPELLANT'S ARGUMENT: It is the appellant's position he was informed his teeth would be repaired in a timely manner, as he was classified as a Dental Priority Code (DPC) 2; however, alleges this has yet to occur based upon overcrowding and a lack of dental staff. The appellant is requesting for his teeth to be repaired in a timely and professional manner; and, damages.

II   SECOND LEVEL'S DECISION: It is the institution's position the appellant was interviewed by a panel of three dentists who determined he was triaged on May 8, 2007. At that time, the appellant was classified as a DPC 2. On June 13, 2007, the appellant was triaged for a new and separate dental issue, which was resolved via treatment on June 19, 2007. According to the appellant's Unit Health Record, he was categorized as a DPC 2, and received dental treatment in a timely manner. The appellant was also advised he would continue to receive treatment as a DPC 2 patient.

III   DIRECTOR'S LEVEL DECISION: Appeal is denied.

A. FINDINGS: The appellant contends he has not received dental intervention is a timely manner after being categorized as a DPC 2, Interceptive Care, treatment within 120 days of diagnosis and DPC classification. These allegations are refuted, as the appellant has received timely and professional dental intervention as mandated by the Perez vs. Tilton Stipulated Agreement. The appellant was triaged on May 8, 2007, and was categorized as a DPC 2; however, on June 13, 2007, the appellant was triaged for a separate dental issue which was resolved via treatment on June 19, 2007. The appellant is advised the awarding of monetary compensation is beyond the appeals process and will not be addressed at the Director's Level of Review (DLR). The California Code of Regulations, Title 15, Section (CCR) 3354 establishes that only qualified medical personnel shall be permitted to diagnose illness and/or other conditions, and prescribe medical treatment for inmates. It is not appropriate to self-diagnose medical problems and expect a physician to implement the appellant's recommendation for a course of medical treatment. In this particular matter, the appellant's contention that he has not received adequate medical care is refuted by the medical records and professional health care staff familiar with the appellant's medical history. After review, there is no compelling evidence that warrants intervention at the DLR, as the appellant is receiving dental intervention within the timelines mandated by the Perez vs. Tilton Stipulated Agreement.

B. BASIS FOR THE DECISION:
CCR: 3350, 3354, 3355.1

C. ORDER: No changes or modifications are required by the Institution.

If dissatisfied, the appellant may forward this issue to the California Victims Compensation and Government Claims Board, (formerly known as the Board of Control), Governments Claims Unit, P.O. Box 3035, Sacramento, CA 95812-3035, for further review.

JIMMIE STEPHEN, C56483
CASE NO. 0708017
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, CMC
       Health Care Manager, CMC
       Appeals Coordinator, CMC
       Medical Appeals Analyst, CMC

State of California

Department of Corrections and Rehabilitation

California Men's Colony

# MEMORANDUM

| APPEAL RESPONSE LEVEL | : | SECOND LEVEL |
|---|---|---|
| Date | : | Wednesday, August 29, 2007 |
| To | : | STEPHEN, Jimmie |
| CDC# | : | C56483 |
| APPEAL LOG # | : | CMC-E-07-01748 |
| ISSUE APPEALED | : | DENTAL |

INTERVIEW:
You were interviewed by a panel of three dentists on 08/23/07, regarding this appeal.

PROBLEM / DESCRIPTION:
STEPHEN, Jimmie C56483: In your written appeal signed 07/23/07, you state you would like your teeth fixed in a timely manner and partials made.

RESPONSE:
Your Unit Health Record (UHR) was reviewed and you were interviewed by a panel of three dentists, regarding this appeal. The panel found that you were seen by triage on 05/08/07 and categorized as a priority #2 patient. At your triage appointment on 05/08/07, you had requested partials and your teeth to be repaired. On 06/13/07, you were triaged for a new and separate dental issue which was resolved via treatment on 06/19/07. According to your UHR you have been properly categorized as a priority #2 patient and you have been receiving treatment in a timely manner, you will continue to be provided dental care as a priority #2 patient.

APPEAL DECISION: PARTIALLY GRANTED

_____    8/2629/07
R. Meyers, MD                 Date
Health Care Manager

38

State of California                                                Department of Corrections and Rehabilitation
California Men's Colony

# MEMORANDUM

| | | |
|---|---|---|
| **APPEAL RESPONSE LEVEL** | : | SECOND LEVEL |
| Date | : | December 14, 2007 |
| To | : | STEPHENS, JIMMIE |
| CDC# | | C56483 |
| APPEAL LOG # | : | CMC-E-07-02884 |
| ISSUE APPEALED | : | DENTAL |

**INTERVIEW:**

You were interviewed on December 13, 2007, by a panel of three dentists, regarding this appeal.

**PROBLEM / DESCRIPTION:**

Stephens, Jimmie C-56483:  In your written appeal signed November 28, 2007, you state that you were willfully denied, deprived "right to eat" on right side of mouth based upon refusal to allow "partials" etc. "braces, implants".  You are unable to chew food properly based upon lack of teeth.  You are requesting partials, braces, crowns, composite fillings, cleaning, preventative care, medications, and upper and lower partials.

**RESPONSE:**

Your Unit Health Record (UHR) was reviewed and you were interviewed by a panel of dentists regarding this appeal.  On May 8, 2007 you were triaged for an examination and given a Dental Priority Classification 2 (DPC2).  On June 13, 2007 you were triaged as needing a stainless steel crown on tooth #18.  On June 19, 2007 you received a stainless steel crown on tooth #18.  On August 23, 2007 you were interviewed in regards to an appeal, and then you were seen on December 4, 2007 for the same reason, in which you complained that you had not been seen yet.  You also refused your triage evaluation.  While reviewing your appeal the dentists used the applicable Policy & Procedures along with your UHR to consider your complaint.  It has been determined that you were correctly screened by the dentist and that you were given a higher priority classification than was required while demonstrating care and concern for your welfare.  Inmates are treated according to their Dental Priority Classification and in chronological order.

You have been scheduled for an examination to determine your overall dental needs.  You are on the appropriate priority list and will be seen in chronological order according to your Dental Priority Classification.  If your dental issue changes, (i.e. severe pain, infection) you should contact the Dental Clinic by filling out a CDC 7362 Health Care Services Request Form via the triage nurse in your yard.

**APPEAL DECISION:  PARTIALLY GRANTED**

_____                                    12/17/07
R. Meyers, MD                                                         Date
Health Care Manager

## REFUSAL OF EXAMINATION AND / OR TREATMENT

| PATIENT NAME (TYPE OR PRINT CLEARLY) | CDC NUMBER | INSTITUTION |
|---|---|---|
| Stephen | C 56483 | CMC-E |

Having been fully informed of the risks and possible consequences involved in refusal of the examination and/or treatment in the manner and time prescribed for me, I nevertheless refuse to accept such examination and/or treatment. I agree to hold the Department of Corrections, the staff of the medical department and the institution free of any responsibility for injury or complications that may result from my refusal of this examination and/or treatment, specifically:

Describe the examination and/or treatment refused as well as the risks and benefit of the intervention:

Pt. refuses 1130 Dental triage Dxcst. Pt knows he is on Dr. Hoxies list for partials and knows he needs to wait his turn.

| PATIENT SIGNATURE | DATE 12/4/07 | ☐ PATIENT REFUSES TO SIGN | DATE |
|---|---|---|---|

**WITNESS**

| NAME OF WITNESS (PRINT/TYPE) Hoxie, B. DDS California Men's Colony | | NAME OF WITNESS (PRINT/TYPE) g. MacDonald | |
|---|---|---|---|
| WITNESS SIGNATURE | DATE | WITNESS SIGNATURE G. macdonld | DATE 12/4/07 |

CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH

Stephen
C 56483

## REFUSAL OF EXAMINATION AND / OR TREATMENT

CDC 7225 (Rev 04/03)
STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

12.

STATE OF CALIFORNIA
SUPPLEMENTAL TO DENTAL PROGRESS NOTES
CDCR 237-C-1 (Rev. 04/06)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

*Page 1 of 2*

**Prior to each treatment, the Dentist *must* review the inmate-patient's health history, note changes or specify no change, and use S.O.A.P.E. format when applicable.**

| DATE OF ACTION (month/day/year) | | | TOOTH NUMBER | PROGRESS NOTES (include signature at the end of each data entry) | PRIORITY AFTER VISIT | PRISON LOCATION (ACRONYM) |
|---|---|---|---|---|---|---|
| 6 | 13 | 07 | cont | E: discussed w/ PT new priority system NV: #1855c. Hoxie, B. DDS California Men's Colony | 2 | CMCE |
| 6 | 19 | 07 | 18 | S: No changes 0900 O/A: #18 diag for SS. P: 3 carp 2% Lido 1:100,000 Prepped #18 + cement SS w/ Ketac cement NV: Exam (DPII-504) Hoxie, B. DDS California Men's Colony | 2 | CMCE |
| 8 | 23 | 07 | | 602 appeal Murphy, M., DDS California Men's Colony Carvalho, D. DDS California Men's Colony J. Bon DN | 2 | CMC |
| 12 | 4 | 07 | Triage 1300 | S: no change. PT complaining because he has not been treated. O/A/P: PT is on DP2 list and is informed E: EECA NV: Exam California Men's Colony Hoxie, B. DDS | 2 | CMC |

## DRUG ALLERGIES?

☒ NO   ☐ YES

**SUPPLEMENT TO DENTAL PROGRESS NOTES**

NAME (LAST, FIRST, MI), CDCR NUMBER, AND DATE OF BIRTH

Stephen
C56483

13

41

STATE OF CALIFORNIA
**SUPPLEMENTAL TO DENTAL PROGRESS NOTES**
CDCR 237-C-1 (Rev. 04/06)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

*Page 1 of 2*

**Prior to each treatment, the Dentist *must* review the inmate-patient's health history, note changes or specify no change, and use S.O.A.P.E. format when applicable.**

| DATE OF ACTION (month/day/year) | | | TOOTH NUMBER | PROGRESS NOTES (include signature at the end of each data entry) | PRIORITY AFTER VISIT | PRISON LOCATION (ACRONYM) |
|---|---|---|---|---|---|---|
| 5 | 8 | 07 | Triage 1430 | S: PT requesting Exam for Tx + partials. | | |
| | | | | O: PT missing mult teeth. RMH: HBP, Poor OHC. Pan θ | | |
| | | | | A/P: Ducat for Exam and Tx. | | |
| | | | | E: Recommend TP for sens teeth to reduce root hypersensitivity. NV: Exam. | | |
| | | | | Hoxie, B. DDS California Men's Colony | 2 | CMC |
| 6 | 13 | 07 | Triage 0915 | S: LL broken molar. Sens when eating but not lingering. | | |
| | | | | O: #18 has broken DR (WSF). No caries detected. Cold test +. PA shows no obvious apical pathology. | | |
| | | | | A: #18 is vital and needs SSC. | | |
| | | | | P: NV: #18 SSC. | | |

## DRUG ALLERGIES?

☒ NO    ☐ YES

**SUPPLEMENT TO DENTAL PROGRESS NOTES**

NAME (LAST, FIRST, MI), CDCR NUMBER, AND DATE OF BIRTH

Stephen

C 56483

14

42

STATE OF CALIFORNIA
**SUPPLEMENTAL TO DENTAL PROGRESS NOTES**
CDCR 237-C-1 (Rev. 04/06)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

*Page 1 of 2*

**Prior to each treatment, the Dentist *must* review the inmate-patient's health history, note changes or specify no change, and use S.O.A.P.E. format when applicable.**

| DATE OF ACTION (month/day/year) | TOOTH NUMBER | PROGRESS NOTES (include signature at the end of each data entry) | PRIORITY AFTER VISIT | PRISON LOCATION (ACRONYM) |
|---|---|---|---|---|
| 12 13 07 | | Appeals panel interview regarding wanting care & not having to wait any longer. Carvalho, D., DDS California Men's Colony | | |
| 1 4 08 | Triage 0700 | S: PT sent in 7362 requesting Dental TX. PT was 10 min late for visit O: PT has sent multiple requests as records show. PT has been properly Triaged. PT has had 602 appeal answered. PT has been info of DP system PT is info we are short of staff and are doing the best we can. PT info he is on DPC 2 list. A: PT does not want to wait for his DPC 2 TX. PT wants his TX NOW even though he has been info of what we can provide for him under present conditions | | |

**DRUG ALLERGIES?**

☒ NO    ☐ YES

NAME (LAST, FIRST, MI), CDCR NUMBER, AND DATE OF BIRTH

STEPHEN

C56483

**SUPPLEMENT TO DENTAL PROGRESS NOTES**

43

STATE OF CALIFORNIA
**SUPPLEMENTAL TO DENTAL PROGRESS NOTES**
CDCR 237-C-1 (Rev. 04/06)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

*Page 1 of 2*

Prior to each treatment, the Dentist *must* review the inmate-patient's health history, note changes or specify no change, and use S.O.A.P.E. format when applicable.

| DATE OF ACTION (month/day/year) | TOOTH NUMBER | PROGRESS NOTES (include signature at the end of each data entry) | PRIORITY AFTER VISIT | PRISON LOCATION (ACRONYM) |
|---|---|---|---|---|
| 1 4 08 | Cont. | P: PT is on DPC-2 list and will be Tx as we are able to accommodate DPC 2 patients. PT stated "You woke me up for a 06:30 dxnt to tell me that, I'm going to get the Prison Law Office down here." E: I have communicated as clearly as I can with patient. If he cont to submit 7362s for same request, I will resort to administrative response. NV: 5pam | | |
| | | Hoxie, B. DDS California Men's Colony | 2 | CMCE |
| | | | | |
| | | | | |
| | | | | |

DRUG ALLERGIES?

☒ NO    ☐ YES

**SUPPLEMENT TO DENTAL PROGRESS NOTES**

NAME (LAST, FIRST, MI), CDCR NUMBER, AND DATE OF BIRTH

STephen

C56483

*15*

44

8229138

STATE OF CALIFORNIA
CDC 7362 (Rev. 03/04)

# HEALTH CARE SERVICES REQUEST FORM

DEPARTMENT OF CORRECTIONS

### PART I: TO BE COMPLETED BY THE PATIENT

*A fee of $5.00 may be charged to your trust account for each health care visit.*

If you believe this is an urgent/emergent health care need, contact the correctional officer on duty.

REQUEST FOR:    MEDICAL ☐    MENTAL HEALTH ☐    DENTAL ☒    MEDICATION REFILL ☐

| NAME | CDC NUMBER | HOUSING |
|---|---|---|
| Jimmie Stephen | C56483 | A-1149 |

| PATIENT SIGNATURE | DATE |
|---|---|
| Jimmie Stephen | 12-30-07 |

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe Your Health Problem And How Long You Have Had The Problem)
(1) Dental front tooth (A-1-L), Discoloration, Loose, out of place, Impedes proper eating, etc.
(2) Partials over 120 days since request
(3) Any Relief.

*NOTE: IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM*

### PART III: TO BE COMPLETED AFTER PATIENT'S APPOINTMENT

☐ Visit is not exempt from $5.00 copayment. (Send pink copy to Inmate Trust Office.)

### PART II: TO BE COMPLETED BY THE TRIAGE REGISTERED NURSE

| Date / Time Received: 12/30/07 | Received by: R. Reupold R |
|---|---|
| Date / Time Reviewed by RN: R. Reupold R | Reviewed by: R. Reupold R    Dental |

S:                              Pain Scale:  1  2  3  4  5  6  7  8  9  10

O:    T:        P:        R:        BP:            WEIGHT:

A:

P:

☐ See Nursing Encounter Form                12-31-07 A09:51 RCVD

Triage (2) BH

E:                                          NU: Exam for partials

01-04-08 07:27 OUT

| APPOINTMENT SCHEDULED AS: | EMERGENCY (IMMEDIATELY) ☐ | URGENT (WITHIN 24 HOURS) ☐ | ROUTINE (WITHIN 14 CALENDAR DAYS) ☐ |
|---|---|---|---|
| REFERRED TO PCP: | | DATE OF APPOINTMENT: | |
| COMPLETED BY | | NAME OF INSTITUTION | |

| INT / STAMP NAME | SIGNATURE / TITLE | DATE/TIME COMPLETED |
|---|---|---|
| | | |

CDC 7362 (Rev. 03/04)    Original - Unit Health Record    Yellow - Inmate (if copayment applicable)    Pink - Inmate Trust Office (if copayment applicable)    Gold - Inmate

16



8471

STATE OF CALIFORNIA
CDC 7362 (Rev. 03/04)

# HEALTH CARE SERVICES REQUEST FORM

DEPARTMENT OF CORRECTIONS

## PART I: TO BE COMPLETED BY THE PATIENT

*A fee of $5.00 may be charged to your trust account for each health care visit.*

**If you believe this is an urgent/emergent health care need, contact the correctional officer on duty.**

REQUEST FOR:    MEDICAL ☐    MENTAL HEALTH ☐    DENTAL ☐    MEDICATION REFILL ☐

NAME _Jimmie Stephen_    CDC NUMBER _C56183_    HOUSING _A-1149_

PATIENT SIGNATURE _(signature)_    DATE _11-23-07_

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe Your Health Problem And How Long You Have Had The Problem) _Trying to get "Partials" since 5-1-05 and those Dentists under federal jurisdiction are able the same, Before federal mediation Just a tactic for self-gain & profit, 18 USC 1961-68 violation_

*NOTE: IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM*

## PART III: TO BE COMPLETED AFTER PATIENT'S APPOINTMENT

☐ Visit is not exempt from $5.00 copayment.  (Send pink copy to Inmate Trust Office.)

## PART II: TO BE COMPLETED BY THE TRIAGE REGISTERED NURSE

Date / Time Received: _11/25/07_    Received by: _R Reynolds R_

Date / Time Reviewed by RN: _R Reynolds R_    Reviewed by: _R Reynolds R_

S:    Pain Scale:  1  2  3  4  5  6  7  8  9  10

11-26-07 P12:12 RCVD

②

O:    T:    P:    R:    BP:    WEIGHT:

A:    _Triage_ BH

P:

☐ See Nursing Encounter Form

E:    _Triage DP 2 BH_
_NV: seen for P/P_

12-04-07 P01:00 OUT

APPOINTMENT SCHEDULED AS:    EMERGENCY (IMMEDIATELY) ☐    URGENT (WITHIN 24 HOURS) ☐    ROUTINE (WITHIN 14 CALENDAR DAYS) ☐

REFERRED TO PCP:    DATE OF APPOINTMENT:

COMPLETED BY    NAME OF INSTITUTION

PRINT / STAMP NAME    SIGNATURE / TITLE    DATE/TIME COMPLETED _17_

CDC 7362 (Rev. 03/04)    Original - Unit Health Record    Yellow - Inmate (if copayment applicable)    Pink - Inmate Trust Office (if copayment applicable)    Gold - Inmate

46

## PART I: TO BE COMPLETED BY THE PATIENT

*A fee of $5.00 may be charged to your trust account for each health care visit.*

**If you believe this is an urgent/emergent health care need, contact the correctional officer on duty.**

REQUEST FOR:    MEDICAL ☒    MENTAL HEALTH ☐    DENTAL ☒    MEDICATION REFILL ☐

| NAME Jimmie Steffey | CDC NUMBER C56483 | HOUSING A-1149 |
|---|---|---|
| PATIENT SIGNATURE *(signature)* | | DATE 6-8-07 |

REASON YOU ARE REQUESTING HEALTH CARE SERVICES: (Describe Your Health Problem And How Long You Have Had The Problem)

Request for Emergency Dental
Already Priority II - forgot Dentist name 22

*NOTE: IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM.*

## PART III: TO BE COMPLETED AFTER PATIENT'S APPOINTMENT

☐ Visit is not exempt from $5.00 copayment. (Send pink copy to Inmate Trust Office.)

## PART II: TO BE COMPLETED BY THE TRIAGE REGISTERED NURSE

| Date / Time Received: 6/9/07 1000 | Received by: *(signature)* SDI II |
|---|---|
| Date / Time Reviewed by RN: 6/0/07 1420 | Reviewed by: *(signature)* SDI II |

S:    Pain Scale: 1 2 3 4 5 6 7 8 9 10

06-11-07 07:42 RRND

BH-0

O:   T:   P:   R:   BP:   WEIGHT:

Triaged 2 SH

06-11-07 00:25 OUT

A:    NV #18 SSC

P: ☐ **See Nursing Encounter Form**

E:

| APPOINTMENT SCHEDULED AS: | EMERGENCY (IMMEDIATELY) ☐ | URGENT (WITHIN 24 HOURS) ☐ | ROUTINE (WITHIN 14 CALENDAR DAYS) ☐ |
|---|---|---|---|
| REFERRED TO PCP: | | DATE OF APPOINTMENT: | |
| COMPLETED BY: | | NAME OF INSTITUTION: | |
| PRINT / STAMP NAME Hoxie, B. DDS California Men's Colo | SIGNATURE / TITLE | | DATE/TIME COMPLETED |

CDC 7362 (Rev. 03/04)   Original - Unit Health Record    Yellow - Inmate (if copayment applicable)    Pink - Inmate Trust Office (if copayment applicable)    Gold - Inmate

18

Hoxie
47

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS
CDC 7362 (Rev. 03/04)    **HEALTH CARE SERVICES REQUEST FORM**

## PART I: TO BE COMPLETED BY THE PATIENT

A fee of $5.00 may be charged to your trust account for each health care visit.

If you believe this is an urgent/emergent health care need, contact the correctional officer on duty.

REQUEST FOR:    MEDICAL ☐    MENTAL HEALTH ☐    DENTAL ☒    MEDICATION REFILL ☐

| NAME | CDC NUMBER | HOUSING |
|---|---|---|
| JIMMIE Stephen | C56483 | A-1119-X |

| PATIENT SIGNATURE | DATE |
|---|---|
| Ocean Ashn | 4-2-07 |

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe Your Health Problem And How Long You Have Had The Problem) (1) Request for ongong "PARTIALS" or NEEDED "Tooth Repairs Ect.,

*NOTE: IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM*

## PART III: TO BE COMPLETED AFTER PATIENT'S APPOINTMENT

☐ Visit is not exempt from $5.00 copayment. (Send pink copy to Inmate Trust Office.)

## PART II: TO BE COMPLETED BY THE TRIAGE REGISTERED NURSE

| Date / Time Received: | Received by: |
|---|---|
| Date / Time Reviewed by RN: | Reviewed by: |

S:    Pain Scale:  1  2  3  4  5  6  7  8  9  10

04-03-07 A08:05 RCVD

Myers, C., DDS
California Men's Colony

O:    T:    P:    R:    BP:    WEIGHT:

See progress notes 5/8/07

A:

P:    Hoxie, B. DDS
California Men's Colony

☐ See Nursing Encounter Form

05-08-07 P03:05 OUT

E:

| APPOINTMENT SCHEDULED AS: | EMERGENCY (IMMEDIATELY) ☐ | URGENT (WITHIN 24 HOURS) ☐ | ROUTINE (WITHIN 14 CALENDAR DAYS) ☐ |
|---|---|---|---|

| REFERRED TO PCP: | DATE OF APPOINTMENT: |
|---|---|
| COMPLETED BY | NAME OF INSTITUTION |

| PRINT / STAMP NAME | SIGNATURE / TITLE | DATE/TIME COMPLETED |
|---|---|---|

CDC 7362 (Rev. 03/04)    Original - Unit Health Record    Yellow - Inmate (if copayment applicable)    Pink - Inmate Trust Office (if copayment applicable)    Gold - Inmate

HOXIE

19

Dental Services                                  Division of Correctional Health Care Services

| DENTAL TREATMENT PRIORITIES | | ELIGIBILITY[**] |
|---|---|---|
| PRIORITY LEVEL | DESCRIPTION OF NEED | |
| Emergency Care: Immediate Treatment | Inmates requiring treatment of an acute oral or maxillo-facial condition, which is likely to remain acute, worsen, or become life threatening without immediate intervention. | All inmates are eligible for Emergency Care regardless of length of incarceration or oral health self-care. |
| Priority 1A – 1C* Urgent Care: | | All inmates are eligible for Priority 1 Care regardless of length of incarceration or oral health self-care. |
| 1A: Treatment within 24 hours. | Inmates with a dental condition of sudden onset or in severe pain, which prevents them from carrying out essential activities of daily living. | |
| 1B: Treatment within 30 days. | Inmates requiring treatment for a sub-acute hard or soft tissue condition that is likely to become acute without early intervention. | |
| 1C: Treatment within 60 days. | Inmates requiring early treatment for any unusual hard or soft tissue pathology, (e.g., acute ulcerative necrotizing gingivitis, severe localized or generalized periodontitis). | |
| Priority 2* Interceptive Care: Treatment within 120 days. | Advanced caries or advanced periodontal pathology requiring the use of intermediate therapeutic or palliative agents or restorative materials, mechanical debridement, or surgical intervention. | Inmates must have over 6 months remaining to serve on their sentence within a CDCR institution and are eligible for Priority 2 Care regardless of oral health self-care. |
| | Edentulous or essentially edentulous, or with no posterior teeth in occlusion. | |
| | Moderate or Advanced Periodontitis requiring non-surgical deep scaling and Root Planning procedures, (see Chapter 2.4 Periodontal Disease Program). | |
| | Chronically symptomatic impacted tooth requiring removal or specialty referral; surgical procedures for the elimination of pathology; or restoration of essential physiologic relationships. | |
| Priority 3* Routine Rehabilitative Care: Treatment within one year. | An insufficient number of posterior teeth to masticate a regular diet (seven or fewer occluding natural or artificial teeth), requiring a maxillary and/or mandibular partial denture; one or more missing anterior teeth resulting in the loss of anterior dental arch integrity, requiring a transitional anterior partial denture. | Inmates must have over 12 months remaining to serve on their sentence within a CDCR institution and must meet oral health self-care requirements as specified in Chapter 2.13 Facility Level Dental Health Orientation/ Self-Care. |
| | Carious or fractured dentition requiring restoration with definitive restorative materials or transitional crowns. | |
| | Gingivitis or Mild Periodontitis requiring routine prophylaxis. | |
| | Definitive root canal treatment for non-vital, anterior teeth, which are restorable with available restorative materials. The inmate's overall dentition must fit the criteria in Chapter 2.9 Endodontics. | |
| | Non-vital, non-restorable erupted teeth requiring extraction. | |
| Priority 4: No Dental Care Needed | Inmates not appropriate for inclusion in Priority 1, 2, 3, or 5. | |
| Priority 5: Special Needs Care | Inmates with special needs (see Chapter 4.5, Dental Authorization Review Committee for methods of recommending treatment). | All inmates with special needs are eligible for Priority 5 Care regardless of length of incarceration or oral health self-care. |

*Treatment to be provided within the specified timeframe, from the time of completion of the dental triage.

**Eligibility determined by length of incarceration and level of oral self care.

2-1

State of California                                    Department of Corrections and Rehabilitation

# Memorandum

**Date**      :   August 15, 2007

**To**        :   All Concerned

**Subject**   :   **UNIVERSAL PRECAUTIONS**

Recently there has been a larger than normal number of inmates who have reported to the East Medical Clinic reporting to be suffering from flu-like symptoms. These inmates complaining that they were vomiting and experiencing diarrhea. Cultures taken form the affected inmates have been analyzed and indicated they had norovirus. In most cases, norovirus causes vomiting and/or diarrhea for one to three days, but is not dangerous to otherwise healthy individuals.

As a result of the increase number of inmates suffering from these symptoms we have made the decision to proactively address this issue and take the following precautions to limit the number of inmates exposed to this virus.

- Inmates exhibiting these symptoms will be quarantined in their cells, until cleared by our medical staff to integrate with the population
- Those inmates with more severe symptoms, but not requiring hospitalization, will be rehoused in the Building Seven Intake Unit where they can be provided with nursing coverage.
- There will be no non-emergency bed moves or inmate movement between West Facility and East Facility.

The most important thing you can do to avoid infection with norovirus or any other communicable illness is to diligently practice universal precautions, including the following:

- Wash your hands **often**

    Especially after using the toilet
    Before eating or putting anything in your mouth

- Carefully wash any fruit or food item before eating it
- Thoroughly clean and disinfect contaminated surfaces immediately after an episode of illness by using a suitable cleaner
- Ensure that contaminated clothing and linens are removed from the cell and sent to the laundry for proper cleaning
- Flush or discard any vomit and/or stool in the toilet and make sure that the surrounding area is kept clean

JOHN MARSHALL
Warden
California Men's Colony

X     48

50

CITIZEN COMPLAINT

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

P.C. 832.5

Location: Institution/Parole Region    Log No.    Category

2. _____    1. _____    1. _____
2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME JIMMIE STEPHEN | NUMBER C56483 | ASSIGNMENT AD-SEG | UNIT/ROOM NUMBER 6-227-L |
|---|---|---|---|

A. Describe Problem: THERE IS an ongoing PRACTICE, Custom, Policy, to Deny, Deprive of EFFECTIVE DENTAL TREATMENT there At PT Donovan AS on 11-30-06 DR LEE A Known INFERIOR DENTIST WHOM IN Past RECOMMENDED "EXTRACTION" of front "teeth" the SAME AS DID IN Past IN 2006 on Bottom front 4 TEETH. WHEN LOOSE SAME AS my # 7 teeth And my #9 WAS INJURED IN 1970 WHO USES this to Cover-up facts for "DENTAL TREATMENTS" ECT.. WHEN

If you need more space, attach one additional sheet. CAUHY AT GUMLINE NOW TEETH ARE STRONG

B. Action Requested: (1) "INVESTIGATION" INTO "RECKLESS DISREGARD" And "DELIBERATE INDIFFERENCE" of "DENTIST LEE" AS WELL AS HIRING PRACTICES of these INFERIOR PERSONNEL.
(2) "ROOT CANAL" CAUHY CHECK, below Gumline. 22

Inmate/Parolee Signature: Jimmie Stephen    Date Submitted: 11-30-06

C. INFORMAL LEVEL (Date Received: 12-15-06 )    Partially Granted

Staff Response: Dr. Antioque Chief Dental Officer interviewed Inmate Stephen C-56483 on 02/09/07. Inmate Stephen must complete a full mouth exam before he can obtain Partial Dentures. All Non-restorable teeth must be removed prior to Making a Partial Denture. Please See CDCR 7428 Full and Partial Denture Agreement

Staff Signature: M Barte Uo    RDA    Date Returned to Inmate: Jensen 02/09/07
02/26/07

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

| 20 |
|---|

51

# EXHIBIT 4

AS CACR HAS PATTERN) OF DENIAL of
SERIOUS MEDICAL OR INADEQUATE for
SERIOUS INJURY SINCE "INMATE a REMAND"
of 1-11-95 and PRIOR.

PATTERN)

AS of 5-1-05 PLANTEL TESTED POSITIVE
AT DONOVAN for "TUBERCULOUS"

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN. 1 1 1995

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | | |
|---|---|---|
| JIMMIE EARL STEPHEN, | ) | No. 94-56041 |
| Plaintiff-Appellant, | ) | D.C. No. CV-94-932-JNK |
| v. | ) | |
| K. W. PRUNTY, Chief Deputy Warden, et al., | ) | MEMORANDUM* |
| Defendants-Appellees. | ) | |

Appeal from the United States District Court
for the Southern District of California
Judith N. Keep, Chief Judge, Presiding

Submitted December 19, 1994**

Before:  SNEED, D.W. NELSON, and TROTT, Circuit Judges.

Jimmie Stephen, a California state prisoner, appeals pro se the district court's order dismissing on res judicata grounds his 42 U.S.C. § 1983 action alleging medical indifference to serious medical needs.  We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.

In his complaint, Stephen alleged that prison officials and medical staff deprived him of "any and all medical necessities of life by their wrongdoings as to their actions from 3-3-94 and ongoing."  The district court dismissed the complaint on res

---

*    This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

**    The panel unanimously finds this case suitable for decision without oral argument.  Fed. R. App. P. 34(a); 9th Cir. R. 34-4.

judicata grounds, finding that the complaint raised issues that
had been litigated and decided in a prior action.

We review de novo the district court's dismissal on res
judicata grounds. See Palomar Mobilehome Park Ass'n v. City of
San Marcos, 989 F.2d 362, 363 (9th Cir. 1993).

Under the doctrine of res judicata, a final judgment on the
merits prevents a plaintiff from relitigating claims that were or
could have been litigated in the prior actions. See Nevada v.
United States, 463 U.S. 110, 129-30 (1983); Western Systems Inc.
v. Ulloa, 958 F.2d 864, 871 (9th Cir. 1992), cert. denied, 113 S.
Ct. 970 (1993). The plaintiff also is barred from relitigating
issues of law or fact that were actually litigated and necessarily
decided in the prior action, whether on the same claim or a
different claim. See Duncan v. United States (In re Duncan), 713
F.2d 538, 541 (9th Cir. 1983).

Here, we disagree with the district court that Stephen's
complaint raised issues that had been litigated in his previous
section 1983 action. Stephen's prior action alleged that prison
officials at Calipatria state prison had been deliberately
indifferent to his serious medical needs between 1992 and 1993
because they failed to prescribe him specific medications or
otherwise failed to properly diagnose and treat his sinus problem.
In the present action, Stephen alleges that prison officials at
Calipatria state prison have denied him "any and all" medical care
since March 1994 in retaliation for Stephen's previous lawsuits
against prison officials. Because Stephen's claims in this action
involve injuries and wrongs that allegedly occurred subsequent to

54

the injuries involved in his prior action, the district court
erred by dismissing Stephen's action on res judicata grounds.  <u>See</u>
<u>id.</u> [1]

   **VACATED and REMANDED.**



A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

FEB - 3 1995

by: _____
Deputy Clerk

---

[1]   We deny Stephen's motion to consolidate this case with Appeal
Nos. 94-55626 and 94-55655.

IE and NUMBER

CDC NUMBER:  C56483

**CDC 128-C** CDC-128-C

R.J. Donovan Correctional Facility
F31300000000105U

STEPHEN  ,  JIMMIE

## ANNUAL TB CHRONO
## TB SKIN TESTING

**DISTRIBUTION**

CENTRAL FILE: ☐
MEDICAL FILE: ☒
INMATE: ☒

INMATE TB ALERT CODE  **21**

_Larry Lyle DO_

L.N. LYLE, D.O., M.S.,  DIRECTOR, PUBLIC HEALTH @ RJDCF

05-04-2005

E

MEDICAL—PSYCHIATRIC—DENTAL

56



E and NUMBER

CDC-128-C

C56483

STEPHEN , JIMMIE

R.J. Donovan Correctional Facility
F31300000000105U

## TB CHRONO

### TB SKIN TESTING/ EVALUATION

DISTRIBUTION

CENTRAL FILE: ☐
MEDICAL RECORD: ☐
INMATE: ☒

INMATE TB ALERT CODE    33

_Carry Lyle DO_

L.N. LYLE, D.O., M.S.,  DIRECTOR, PUBLIC HEALTH @ RJDCF

05-17-2005

MEDICAL—PSYCHIATRIC—DENTAL

57

EXHIBIT #5

COPY of REPORT of 9-29-06 of being ASSAULTED
in Law Library LEGAL Documents willfully
DESTROYED over "200 PAGES". at Donovan..

Pattern

From 5-1-05 over "80 LEGAL LETTERS" withheld
at Donovan up to "139 Days" willfully

**EXHIBIT 1**

58

DATE:                    December 13, 2006

NAME:                    STEPHEN

CDC #:                   C-56483

APPEAL LOG #             RJD-2-06-01311

APPEAL DECISION          PARTIALLY GRANTED          **FIRST LEVEL REVIEW**

**APPEAL ISSUES:**          You allege that on September 29, 2006, while at the Central Library, you were seated at a desk, when a group of correctional officers entered the library and without any provocation attacked you. You identified the officers as I. Bravo, C. Lira, M. McCurty and Sergeant Armenta. You also said as a result of this incident you lost your legal property and prescription glasses.

**APPEAL RESPONSE:**          In reaching a decision on this issue, a thorough review of your appeal has been conducted. The applicable sections of the California Code of Regulations (CCR), Title 15, the Department Operations Manual, Lieutenant Munoz' video interview of your allegations of inappropriate use of force, (CDCR 3014) and Lieutenant Woods' Crime/Incident Report (CDCR 837) to include Incident Commander's Review/Critique Use of Force # RJD-CEN-06-09-0592.

On Monday December 11, 2006, Correctional Lieutenant G. Savala interviewed you regarding your appeal issues. During your interview, you allege that on September 29, 2006, while at the Central Library, you were seated at a desk, when a group of Correctional Officers entered the Library and without any provocation attacked you. You identified the Officers as I. Bravo, C. Lira, M. McCurty and Sergeant Armenta. You also said as a result of this incident you lost your legal property and prescription glasses. Your only request was that you be awarded damages, which was clarified with you by myself, Lieutenant Savala, to mean money.

Officers Lira, McCurty, Bravo, Sergeant Armenta, Inmate Prince V-80747, and Ms. Simon, the Central Librarian, were interviewed. Lieutenant Munoz' video interview of your allegations of inappropriate use of force, (CDCR 3014) and Lieutenant Woods' Crime/Incident Report (CDCR 837) to include the Incident Commander's Review/Critique Use of Force # RJD-CEN-06-09-0592, were thoroughly reviewed. The information gathered from all these resources indicates you battered Ms Simon, the Central Librarian, when she attempted to retrieve a document as you were attempting to forge your name as the recipient of a" CERTIFICATE OF ACHIEVEMENT" for " Legal Assistant/Paralegal Civil & Criminal Law." She activated her personal alarm, and responding staff arrived. You were still seated at a desk. Officer Bravo ordered you to stand up and turn around so that he could place handcuffs on you. You did not comply with the legal order given to you. Instead, you reached into a box causing Officer Bravo to fear for his safety. He responded by using physical force on you. Officer Palencia and Officer McCurty assisted Officer Bravo in overcoming your resistance, effecting custody, and gaining compliance with the lawful order. They used the minimal amount of force required, which is evident by the injuries you sustained; an abrasion to your shin, as noted on your CDCR 7219. Sergeant Armenta and Officer Lira arrived after the force had been used. Officer Lira's involvement in this incident consisted of him escorting you to the Treatment Triage Area.

Based on the aforementioned, this appeal is Partially Granted at the First Level of Review because I could not account for the legal property or the glasses you claimed you lost during this incident.

_____                    12-14-06
G. Savala                                  DATE
Correctional Lieutenant


12-22-06                    61



UPERIOR COURT OF CALIFORNIA

San Diego, CA 92112-0128

LEGAL
RETURN SERVICE
REQUESTED

REC 12-28-05

DATED 8-2-05
139 DAYS LATE
LAWSUIT/STEPHEN J SHELAR

Jimmie Stephen  C#56483
P. O. Box 799003
San Diego, CA92179-9003

LEGAL NSN

STEPHEN J SHELAR (HEDWITZ)
LAWSUIT
RECEIVED 12-28-05
DATED 8-2-05
139 DAYS LATE

62

X

OPENED

Not GLUE SEALED
BUt TAPED

"Label UPSIDE"
DOWN
WHERE NAME of court
IN SUPPOSE to BE
"STAMPED" Black
INK

JIMMIE STEPHEN C56483
2-7-238
P.O. BOX 799002
SAN DIEGO, CA 92179-9002

Citizens
Complaint
11-8-05

"SUPERIOR"
Court
(Label told off)
"LAWSUIT"
GIC-85-56683
LEGAL MAIL

Received 11-19-05
DATED 11-1-05
"18 DAYS LATE"

OPENED

63          X 36

Superior Court of California
County of San Diego
COUNTY COURTHOUSE
220 WEST BROADWAY
PO BOX 120128
SAN DIEGO CA 92112-0128
DEPARTMENT 64

RETURN SERVICE
REQUESTED

PRESORTED
FIRST CLASS

JIMMIE STEPHEN
C56483
P.O. BOX 799003
SAN DIEGO, CA 92179-9003

Ret-27L5
LEGAL
DATED 8-8-05
Recieved 12-21-05
133 DAYS Late.

SAN DIEGO CA

U.S. POSTAGE
$00.26

64    37

SAN DIEGO CA 921

01 SEP 05 PM 9 L

CA

160-01276

Jimmie Stephen, CDC #C-56483
R. J. Donovan Correctional Facility at Rock Mountain
P.O. Box 799003
San Diego, CA 92179-9003

#726-2176

331791300S-03 B001

STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL
110 WEST A STREET, SUITE 1100
P.O. BOX 85266
SAN DIEGO, CA   92186-5266

LEGAL
DATED 9-1-05
RECEIVED 12-21-05
110 DAYS LATE

6 5

38



FIRST CLASS

**DEPARTMENT OF JUSTICE**
Office of the Attorney General
110 West "A" Street, Suite 1100
San Diego, California 92101

TO

Jimmie Stephen, CDC #C-56483
R. J. Donovan Correctional Facility at Rock
Mountain
P.O. Box 799003
San Diego, CA 92179-9003

CHIEF, INMATE APPEALS
DEPARTMENT OF CORRECTIONS
P.O. BOX 942883
SACRAMENTO, CA  94283-0001

J. CONFIDENTAL

321179+0002-99

#216216
LETTER
DATED 9-6-05
RECEIVED 12-21-05
105 DAYS LATER

FIRST CLASS



UNITED STATES POSTAGE
$00.60°
02 1A
0004359319    SEP 06  2005
MAILED FROM ZIP CODE 95814

67                    40

THE SUPREME COURT
OF THE STATE OF CALIFORNIA
350 McALLISTER STREET
SAN FRANCISCO, CA 94102-4797

Lane.

DATED 8-5-05

RECEIVED 12-21-05

136 Days Late

68

41

THE SUPREME COURT
OF THE STATE OF CALIFORNIA
350 McALLISTER STREET
SAN FRANCISCO, CA 94102-4797

Supreme Court of California
Clerk of the Court
350 McAllister Street
San Francisco, CA 94102-4797

Legal
Returned 10-27-05
Dated 9-22-05 LATE
96 Days

S135222
JIMMIE STEPHEN C-56683
P. O. Box 799003
Richard J. Donovan Correctional Facility
480 Alta Road
San Diego, CA 92179-9003

14-1296



69

X 42

RETURN SERVICE REQUESTED

SAN DIEGO
JUL 2 8 05

PB
7137336   U.S. POSTAGE
$1.06

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN DIEGO
P.O. BOX 122
San Diego, CA 92112-0122

Jennie Stephen
C 56483
P.O. Box 79900 3
San Diego, CA 92179-9003

"LAWSUIT"
"STEPHEN U SHELARE"
"LEGAL MAIL"
DATED 7-28-05
"60" DAYS LATE
RECEIVED 9-28-05

7-27384

70

X   43

CLERK'S OFFICE
COURT OF APPEAL
FOURTH APPELLATE DISTRICT
DIVISION ONE
780 B STREET, SUITE 300
SAN DIEGO, CA   92101-8196

Legal Mail
Received 10-3-05
Dated 9-26-0
138" Days old

Serving for Justice

SAN DIEGO, CA 921

U.S. POSTAGE
$ 00.60U
02 1A
000453022
SEP 26 2005
MAILED FROM ZIP CODE 92101

F3-14-1294

2-7-2380

92179-8003

71

44

EXHIBIT 6 #

ADPeal Granted as to Prison Legal News
Magazine withheld. Destroyed since 6-1-07.
At cms Standing Pattern).

**EXHIBIT 2**

72

# INMATE/PAROLEE
# APPEAL FORM
CDC 602 (12/87)

Location:    Institution/Parole Region        Log No.                    Category

1. _____    1. _____

2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME JIMMIE STEPHEN | NUMBER C56483 | ASSIGNMENT UA | UNIT/ROOM NUMBER A-1149 |

A. Describe Problem: ON OR ABOUT 10-1-07 I SENT VIA Institution Mail ONE "LETTER TO CMC-MAILROOM" REQUESTING ANY AND ALL Information WHETHER RECEIVED ANY "Prison Legal News" A SUBSCRIPTION NEWSLETTER.. AS HAVEN'T SEEN SINCE June 2007. AS Prison Legal News of Seattle Washington State they ARE SENDING MY NEWSLETTER VIA U.S. MAIL. AS ACCESS TO COURT HINDERED by this Act OF Censorship..

If you need more space, attach one additional sheet. "BOUNDS V SMITH" 430, US, 817 (1977)

B. Action Requested ① INVESTIGATION INTO THIS MATTER AS TO MY Legal Mail Newsletter Subscription..

Inmate/Parolee Signature _____        Date Submitted: 10-10-07

C. INFORMAL LEVEL (Date Received: 10-17-07)

Staff Response: Granted, Several inmates are not receiving their prison legal news, we are working with the publisher to find the problem.

Staff Signature: Mc Daniel        Date Returned to Inmate: 10-17-07

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____        Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed        CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

73



SEATTLE WA 981
**Prison Legal News**
2400 NW 80ᵗʰ SE #148
Seattle, WA 98117



34719 ** BLUE 6 ** EXPIRES:12/15/2007
JIMMIE STEPHEN    C56483
CALIFORNIA MENS COLONY STATE PRISON
PO BOX 8101    A-1149
SAN LUIS OBISPO, CALIFORNIA 93409-8101

‖‖⸱‖‖⸱⸱‖‖‖‖‖⸱⸱‖‖⸱‖‖‖⸱‖‖‖⸱⸱⸱‖‖‖‖‖⸱⸱‖‖‖

Dear *PLN* Subscriber:

We received your inquiry about a missing issue(s) of PLN. We have determined the most likely problem to be the following:

- ☐  We did not receive your address change in time.
- ☐  We did not receive your renewal in time.
- ☐  We did not have your current correct address.
- ☐  The issue had not been mailed yet at the time of your inquiry.
- ☐  It takes 4-6 weeks to receive the first issue of a new subscrip tion or for a change to reflect on your label.
- ☒  You should be getting your subscription. If you are a prisoner check with the prison mailroom.
- ☐  Your subscription was pro-rated. See pg 2 of PLN for rates.

Your subscription to PLN expires on the date indicated on the mailing label on this card. Please check this label and verify that this is your correct address, and inform us if it is not.

Make-up issues are $2.50 each and are mailed first class.

74   60   ✻   37

## VERIFICATION

CU-08-0749-Btm



**STATE OF CALIFORNIA**
**COUNTY OF SAN ~~DIEGO~~**

*Luis Obispo*

( C.C.P. SEC. 446 & 2015.5; 28 U.S.C. SEC. 1746 )

I, _Jimmie Stephen_ DECLARE UNDER THE PENALTY OF PERJURY
THAT : I AM THE Declarant/Prisoner     IN THE ABOVE ENTITLED ACTION;
I HAVE READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND THE SAME IS
TRUE OF MY OWN KNOWLEDGE , EXCEPT AS TO MATTERS STATED THEREIN UPON INFORMATION, AND
BELIEF, AND AS TO THOSE MATTERS , I BELIEVE THEM TO BE TRUE.

EXECUTED THIS _~~1st~~ 19_ DAY OF _May 2008_, AT R.J.D.
STATE PRISON, 480 Alta Road, San Diego, 6A 92179

(SIGNATURE) _Jimmie Stephen_
(DECLARANT/PRISONER)

---

## PROOF OF SERVICE BY MAIL

( C.C.P. SEC. 1013 (a) & 2015.5; 28 U.S.C. SEC. 1746 )

I, _Chalid Cadir_, AM A RESIDENT OF  R.J.D.   STATE PRISON, IN THE COUNTY
OF S.D.   STATE OF CALIFORNIA; I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE AND AM I AM
NOT A PARTY OF THE ABOVE-ENTITLED ACTION. MY STATE PRISON ADDRESS IS: _P.O. Box_
_8101 - San Luis Obispo Calif_

ON _~~1st~~ May 2008_, I SERVED THE FOREGOING:
       _19_
~~Amended~~                          _response to Order to_
                                     _show cause_

**(SET FORTH EXACT TITLE OF DOCUMENTIS SERVED)**
ON THE PARTY(S) HEREIN BY PLACING A TRUE COPY(S) THEREOF, ENCLOSED IN A SEALED ENVELOPE
(S), WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO
PROVIDED AT  Richad J. Donovan Correctional Facility

① _Attorney General_                     _U.S. District Court_
   _110 W. "A" St #1100_
   _San Diego, Calif 92101_

                                ②
                                _U.S. District Ct_
                                _850 Front St_
                                _San Diego, Calif 92101_

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND THERE IS
REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO
ADDRESSED. I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
                 _5-19-08_
DATE:_____  _Chalid Cadir_
                              (DECLARANT/PRISONER)
                              _Chalid Cadir_          75