

Original # 1-7 Pages

JIMMIE STEPHEN
#C-56483 / A-1149
PO BOX 8101
SAN LUIS OBISPO, CA 93409-0001

FILED
AUG 29 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

Court of United States District
State of California - Southern

CASE #CV-08-0749-BTM

Jimmie Stephen
Plaintiff

v

"Bravo"
Et Al Defendants

Plaintiff Request for "Ruling" on "Merit" of "Complaint" under "Less Stringent Standard" for Violations of "1st Amendment" by "Continuously" "Propagating", "False Charges" Retaliation. FRCP# 15..

Plaintiff Jimmie Stephen Hereby Request for this court U.S. District in CV-08-0749-BTM for forthwith "Ruling" and "Granting" of "Imminent Danger Exception" for "Serious" Medical "Dental" Delays "ongoing". As "Same" Allegations contained in "Original" complaint "Amended" by this court on 7-1-08.. As "FCP" # "862, 864". and "Civil Rights" # "235 (7)", "Pratt v Rowland" 769. F.Supp. 1128 (ND Cal 1991) True against Fraud or Dentury (Exhibit # A)..

Date 8-26-08 Signature Jimmie Stephen



# EXHIBIT

"FRCP #15" completed "filed" in this matter ar "one" complaint "exist" as of this motion.. consolidated by "amendment".. ar other filings are "moot"..

**Description:** Case Law "Pratt v Rowland" 769. F.Supp. 1128 (ND. Cal 1991)..

**Pages:** 4 page# 2-7..

"Haines v Kerner" 404. US. 519 (1969) less stringent standard than law trained attorney. .

party defendants: Maccabees Insurance Company, Mueller, Guardian Insurance Company, Lancetter, Provident, and Kasalko.

2. Plaintiff's and third-party defendant's motion to dismiss defendant's conspiracy cause of action is GRANTED with leave to amend.

3. Plaintiff's motion to dismiss defendant's causes of action for breach of fiduciary duty and breach of statutory duty is GRANTED with prejudice.

4. Plaintiff's motion to dismiss defendant's constructive fraud cause of action is DENIED.

5. Plaintiff's motion to require defendant to provide a more definite statement is DENIED.

KEY NUMBER SYSTEM

**Elmer PRATT, Plaintiff,**

**v.**

**James ROWLAND, Director of Corrections, California Department of Corrections; Daniel B. Vasquez, Warden of San Quentin Prison; Robert Borg, Warden of Folsom Prison; Robert Patterson, Executive Officer of the State of California Board of Prison Terms; David Brown, Commissioner of the Board of Prison Terms; Rudolph Castro, Commissioner of the Board of Prison Terms; Edmund Tong, Commissioner of the Board of Prison Terms; Captain Spangler, Correctional Officer at San Quentin Prison; Terry Yearwood, Chief of Classification Services, California Department of Corrections; and Unknown Named Agents of the California Department of Corrections, Defendants.**

**No. C–89–3367 SAW.**

United States District Court,
N.D. California.

June 28, 1991.

Inmate brought action against prison officials, alleging that they retaliated against him for his exercise of First Amendment rights by promulgating false charges against him, and by transferring him to another prison. On plaintiff's motion to file supplemental complaint, and defendants' motion to dismiss or transfer case, the District Court, Weigel, J., held that: (1) supplemental complaint met minimal test that supplemental pleadings bear some relation to subject of original action; (2) transfer of case to the Eastern District would not further interests of justice; (3) inmate stated claim based on retaliation for First Amendment activities; and (4) inmate stated claim for deprivation of procedural due process based on alleged inadequacies of disciplinary hearing he received on drug trafficking charge.

Plaintiff's motion granted; defendants' motion denied in part and granted in part.

**1. Federal Civil Procedure ⇐862**

Allegations contained in supplemental pleadings need not arise out of the same transaction or occurrence as allegations contained in original complaint; they need bear only some relationship to the subject of the original action. Fed.Rules Civ.Proc.Rule 15(d), 28 U.S.C.A.

**2. Federal Civil Procedure ⇐864**

Supplemental complaint seeking to demonstrate that prison officials continued long history of purported retaliatory actions against inmate satisfied minimal test that allegations contained in supplemental pleadings bear some relationship to subject of original action; supplemental complaint alleged a continuing pattern and practice of politically motivated mistreatment of plaintiff, as did original complaint. Fed.Rules Civ.Proc.Rule 15(d), 28 U.S.C.A.

**3. Federal Civil Procedure ⇐864**

Rule governing supplemental pleadings allows new parties to be added to complaint, and there is no requirement that new parties added in supplemental complaint be aware of existence of original complaint. Fed.Rules Civ.Proc.Rule 15(d), 28 U.S.C.A.

**4. Federal Courts ⇐95**

Defendants who answered original complaint without objecting to venue waived their rights to raise venue objection at time of filing of first-amended complaint, notwithstanding contention that filing of amended complaint revived venue objection. Fed.Rules Civ.Proc.Rule 12(h)(1), 28 U.S.C.A.

**5. Federal Courts ⇐95**

Under civil procedure rule, defendants wishing to raise improper venue as a defense must do so in their first defensive move. Fed.Rules Civ.Proc.Rule 12(h)(1), 28 U.S.C.A.

**6. Federal Civil Procedure ⇐852**

Although an amended complaint supersedes original pleading, it does not automatically revive all defenses and objections that a defendant has previously waived.

**7. Federal Courts ⇐95**

Defendants named in original complaint did not have standing to raise venue objection on behalf of newly added defendants, who had not yet appeared in action.

**8. Federal Courts ⇐95**

Improper venue is a defense personal to party to whom it applies, and defendant may not challenge venue on ground that it is improper as to a codefendant.

**9. Federal Courts ⇐101**

Fairness considerations may be decisive in ruling on a motion to transfer case to another district, even when convenience of witnesses and parties points the other way. 28 U.S.C.A. § 1404(a).

**10. Federal Courts ⇐106**

Interests of justice did not require transfer of inmate's civil rights case to the Eastern District of California where inmate was incarcerated, considering that potential witnesses were divided between Northern and Eastern District, and a preliminary injunction had already been issued in action; moreover, court in Northern District was knowledgeable about facts of case, and any delay occasioned by transfer would cause extreme hardship to plaintiff. 28 U.S.C.A. § 1404(a).

**11. Civil Rights ⇐235(7)**

Inmate's allegations that prison officials violated his rights under the First Amendment by continuously propagating false charges against him, transferring him from prison to prison, and placing him in segregation on the basis of false charges, in retaliation for First Amendment activities stated a constitutional claim under § 1983. 42 U.S.C.A. § 1983; U.S.C.A. Const.Amend. 1.

**12. Constitutional Law ⇐272(2)**

Due process in a prison disciplinary hearing is satisfied if inmate receives written notice of charges, statement of evidence relied on by prison officials, and reasons for disciplinary action. U.S.C.A. Const.Amend. 14.

**13. Civil Rights ⇐235(7)**

Inmate stated claim for deprivation of procedural due process based on alleged inadequacies of disciplinary hearing he received on drug trafficking charge; inmate alleged that notice he received was deficient because it failed to indicate time, date, or place of alleged drug trafficking and possession violation; moreover, inmate alleged that identity of confidential informant was not made known to him and that information supplied by informant was unreliable and false. U.S.C.A. Const. Amend. 14.

**14. Federal Civil Procedure ⇐1741**

Motion to dismiss directed at a form of relief requested by plaintiff is improper.

---

Stuart Hanlon, Tamburello, Hanlon & Waggener, San Francisco, Cal., Valerie West, Oakland, Cal., for plaintiff.

Paul Gifford, Peter Siggins, Deputy Attys. Gen., State of Cal., San Francisco, Cal., for defendants.

## MEMORANDUM AND ORDER

WEIGEL, District Judge.

The motions before the Court in this matter concern plaintiff's request for leave

of the Court to file a supplemental complaint, pursuant to Federal Rule of Civil Procedure 15(d). Plaintiff Elmer "Geronimo" Pratt, a former leader of the Black Panther Party, filed his original complaint for damages and injunctive relief on September 12, 1989. That complaint alleged constitutional claims under 42 U.S.C. § 1983 against various prison officials on the basis of their alleged promulgation of false charges regarding plaintiff, such as statements that plaintiff is a "cop killer," "escapee," and "prison gang leader." Defendants allegedly propagated these charges because of Pratt's renowned Black Panther party affiliation and his efforts to expose the purported frame-up, which led to his imprisonment for murder. The original complaint was also based on his transfer, without notice or hearing, from San Quentin to Folsom Prison in September 1989, in alleged retaliation for his exercise of his First Amendment rights, as guaranteed by the Fourteenth Amendment.

On September 29, 1989, this Court issued a preliminary injunction, ordering that plaintiff be returned to San Quentin on the grounds that the transfer appeared to have been retaliatory and that plaintiff would face physical danger if he remained at Folsom. On October 2, 1989, shortly after plaintiff's return to San Quentin, defendants decided to transfer him to Tehachapi Prison. The Court denied plaintiff's motion to amend the preliminary injunction to enjoin this second transfer, finding that plaintiff's confinement at Tehachapi did not present the same unique threat to his safety as had his confinement at Folsom.

The Court dismissed portions of the original complaint in an Order dated February 21, 1990. The Court's Order left only defendants Daniel B. Vasquez, Robert Borg, and Terry Yearwood as defendants to the original action.

Plaintiff now seeks to file a supplemental complaint which would include the original allegations with a few minor modifications and add allegations continuing where the original complaint left off—that is, after his transfer to Tehachapi. Plaintiff has submitted a proposed First Amended Complaint for the Court's consideration. In it, he names eight defendants in addition to the three remaining from the original action.[1] The supplemental complaint alleges that Pratt's purported retaliatory mistreatment by defendants has continued and intensified since his transfer to Tehachapi.

The proposed complaint alleges numerous examples of this mistreatment. For example, Pratt declares that he has been subject to numerous, false disciplinary citations and contends that these false charges are designed to increase his prison-point calculation and justify his continued classification as a "maximum security" prisoner. On April 1, 1991, Pratt was accused of drug trafficking and drug possession on the word of a confidential informant and was subsequently placed in administrative segregation. Tehachapi prison officials later found plaintiff guilty of those charges in a prison disciplinary hearing. Pratt contends that the filing of the charges against him and the subsequent disciplinary proceedings are further examples of unlawful retaliation by prison officials for his exercise of his First Amendment rights. These new, allegedly false charges against Pratt have come at a time when Pratt was in the midst of preparing a new petition for habeas corpus in state court and when he is due his first parole hearing in two years. Pratt also alleges that the disciplinary proceedings violated his due process rights, as protected by the Fourteenth Amendment.[2]

The three defendants remaining in the original action, Vasquez, Borg, and Yearwood, oppose the filing of this supplemental complaint. In the event, however, that the Court grants plaintiff leave to amend, they move (1) to dismiss the action for improper venue; (2) to transfer the action because venue would be more convenient in the Eastern District; and (3) to dismiss some causes of action for failure to state a claim. Plaintiff requests that the Court set dates for a hearing on his motion for preliminary injunction and for defendants' response to that motion.

## I. Plaintiff's Motion to File a Supplemental Complaint

Pursuant to Federal Rule of Civil Procedure 15(d), plaintiff requests leave of the Court to file his supplemental complaint.[3] The request is well-taken. Rule 15(d) is intended to give district courts broad discretion in allowing supplemental pleadings. As a tool of judicial economy and convenience, application of the rule is favored. *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir.1988), *cert. denied*, — U.S. —, 110 S.Ct. 61, 107 L.Ed.2d 28 (1989). In fact, supplemental pleadings are deemed so useful in facilitating efficient judicial administration that the Ninth Circuit has recommended that they be allowed "as a matter of course." *Id.* (quoting *New Amsterdam Casualty Co. v. Waller*, 323 F.2d 20, 28–29 (4th Cir.1963), *cert. denied*, 376 U.S. 963, 84 S.Ct. 1124, 11 L.Ed.2d 981 (1964)).

[1, 2] Defendants argue that the Court should disallow the supplemental complaint because it adds entirely new claims and parties relating to the events which took place at Tehachapi. This is of no importance. Allegations contained in supplemental pleadings need not arise out of the same transaction or occurrence as the allegations contained in the original complaint. *Keith*, 858 F.2d at 474. They need bear only "some relationship" to the subject of the original action. *Id.* This minimal test is met here. The proposed First Amended Complaint merely seeks to demonstrate that prison officials have continued their long history of purported retaliatory actions against Pratt. The proposed complaint alleges a continuing pattern and practice of politically-motivated mistreatment of plaintiff, including false charges in his file, transfers, and discipline—all calculated to punish plaintiff for exercising his First Amendment activities, diminish his parole opportunities, and interfere with his right of access to the courts.

[3] Moreover, Rule 15(d) also allows new parties to be added to the complaint. *Id.* at 474. Defendants contend that the new defendants would be prejudiced by their addition since they are unfamiliar with the original action. Their lack of familiarity with the action is immaterial. There is no requirement that new parties added in supplemental complaint be aware of the existence of the original complaint. The result would be no different if plaintiff were to file an entirely new action naming these defendants. Yet the delay caused by requiring plaintiff to file a new action would severely prejudice him, considering his continued segregated confinement while he awaits a hearing on his motion for preliminary injunction. Hence the Court grants plaintiff leave to file the proposed First Amended Complaint.

## II. Defendant's Motion to Dismiss/Transfer for Improper Venue

In the event the Court permits the filing of the First Amended Complaint, defendants Vasquez, Borg, and Yearwood move to dismiss the amended complaint for improper venue. The Court need not decide whether venue is proper because these three defendants have waived their right to object to venue and lack standing to raise the issue on behalf of the newly added defendants, who have not yet appeared in this action.

[4] Federal Rule of Civil Procedure 12(h)(1) provides that a defense of improper

1. In addition to Vasquez, Borg, and Yearwood, the supplemental complaint names James P. Rowland, James H. Gomez, B.J. Bunnel, Les Blanks, G. Crowell, K. Law, Lieutenant Crow, and Kim Walker.

2. Plaintiff also alleges that defendants violated his Sixth Amendment right to counsel, his Eighth Amendment right to receive treatment for his diagnosed Post-Traumatic Stress Disorder, and his Fourteenth Amendment right to equal protection of the laws.

3. Rule 15(d) provides:

Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. If the court deems it advisable that the adverse party plead to the supplemental pleading, it shall so order, specifying the time therefor.

venue is waived if omitted from the first defensive motion or answer to the complaint. Defendants Vasquez, Borg, and Yearwood were all parties to the original complaint, and they answered that complaint without objecting to venue. Defendants have failed to show that their defense of improper venue was unavailable at that time.

To counter the argument that they have waived their rights to raise a venue objection, defendants present, without citation to authority, the novel argument that the filing of an amended complaint revives their venue objection. They contend that because the amended complaint will supersede the original complaint, they are entitled to answer the new complaint and raise, for the first time, their venue objection.

[5] Their position is meritless. Under Rule 12(h)(1), defendants wishing to raise improper venue as a defense must do so in their *first defensive move*. *Glater v. Eli Lilly & Co.*, 712 F.2d 735, 738 (1st Cir. 1983). "If they fail to do so, the only manner in which to salvage the defense is by an amendment made as a matter of course." *Id.* Defendants are not entitled to respond to the supplemental pleading as a matter of course, but only if "the court deems it advisable that the adverse party plead to the supplemental pleading." Fed. R.Civ.P. 15(d).

[6] Although an amended complaint supersedes the original pleading, it does not automatically revive all of the defenses and objections that a defendant has previously waived. *Gilmore v. Shearson/American Express Inc.*, 811 F.2d 108, 112 (2d Cir. 1987). Thus, defenses such as improper venue, if waived by the defendants' failure to raise those objections in response to the original complaint, may not be resurrected merely because a plaintiff has amended his complaint. *Id.* This result is eminently sensible. The supplemental complaint does not constitute a brand new action against Vasquez, Borg, and Yearwood, but merely amends the original action.

[7, 8] Nor do these defendants have standing to raise a venue objection on behalf of the newly added defendants, who have not yet appeared in this action. Improper venue is a defense personal to the party to whom it applies. Thus one defendant may not challenge venue on the ground that it is improper as to a co-defendant. *Camp v. Gress*, 250 U.S. 308, 316, 39 S.Ct. 478, 481, 63 L.Ed. 997 (1919); W. Schwarzer, A. Tashima, J. Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial* ¶ 4:241, at 4–48 (1991); 15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3829, at 309–10 (2d ed.1986).

III. Defendants' Motion to Transfer

Defendants also argue that even if venue is proper here, that the convenience of the parties and potential witnesses favors a transfer of the case to the Eastern District, where plaintiff and all of the original and newly added defendants reside, except for defendant Vasquez. Section 1404(a) of Title 28 provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of this provision is to promote the "individualized case-by-case consideration of convenience and fairness" by the district court. *Van Dusen v. Barrack*, 376 U.S. 612, 622, 84 S.Ct. 805, 812, 11 L.Ed.2d 945 (1964).

Defendants argue that because nearly all the parties reside in the Eastern District and much of plaintiff's complaint concerns events which took place at Tehachapi—which is located in the Eastern District—convenience mandates a transfer of this case to that District. Not so. First, it is unclear whether transfer to the Eastern District would in fact be more convenient for the parties and witnesses. Many defendants reside in distant Kern County. For them, the difference in travel time between this Court and the Eastern District is negligible. Moreover, the amended complaint contains allegations involving events which occurred at San Quentin, which is in this District, as well as at Tehachapi. Thus potential witnesses are likely to be divided between this District and the Eastern District.

[9, 10] More importantly, however, the interests of justice tip decidedly in favor of retaining the action here. Fairness considerations may be decisive in ruling on a transfer motion, even when convenience of witnesses and parties points the other way. 15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3851, at 439–40 (2d ed.1986). The Ninth Circuit has frequently held that a motion for transfer may properly be denied where, as here, a case has been pending for some time in the original court or where a transfer would lead to delay. *See, e.g., Allen v. Scribner*, 812 F.2d 426, 436–37 (9th Cir.), *as amended*, 828 F.2d 1445 (9th Cir.1987); *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir.1979); *Moore v. Telfon Communications Corp.*, 589 F.2d 959, 968 (9th Cir.1978). The fact that a preliminary injunction has already issued in this action also militates against transfer. *Oral-B Laboratories, Inc. v. Mi-Lor Corp.*, 611 F.Supp. 460, 463 (S.D.N.Y.1985), *aff'd in part and modified in part*, 810 F.2d 20 (2d Cir.1987). Not only is this Court knowledgeable about the facts of this case, but any delay would cause extreme hardship to plaintiff. A transfer to the Eastern District would not further the interests of justice.

IV. Defendants' Motion to Dismiss

Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendants move to dismiss plaintiff's First Amendment and due process claims for failure to state a claim. They also move to dismiss on the ground that plaintiff fails to allege facts directly linking the named defendants to the acts complained of. This latter ground for dismissal of the claims against these three defendants is well-taken.

The supplemental complaint is filled with vague statements regarding the conduct of "defendants," but lacks specific allegations tying defendants Vasquez, Borg, and Yearwood to the conduct which allegedly deprived Pratt of his constitutional rights. Other than a brief statement identifying



each defendant, the amended complaint contains no mention of defendants Borg and Yearwood. While the plaintiff alleges that Vasquez made a statement to the effect that he would transfer him out of San Quentin because Pratt received more publicity than he did, that statement alone, without allegations tying Vasquez to the subsequent transfer or other actions, is an insufficient basis to state a claim against him. Thus the Court dismisses the claims against Vasquez, Borg, and Yearwood with leave to amend. *See Hutchinson v. United States*, 677 F.2d 1322, 1328 n. 5 (9th Cir.1982).

Although these three defendants lack standing to raise this same objection as to the allegations against the eight defendants added to the supplemental complaint, the Court observes that this same defect is present as to nearly all of the named defendants. The Court, therefore, grants plaintiff leave to add allegations linking each and every defendant to the asserted claims.

Contrary to defendants' contention, plaintiff's First Amendment and due process claims are not insufficient as a matter of law. Although the complaint is not well-drafted, for the purposes of a motion to dismiss, the Court must accept the allegations in the complaint as true and construe them in the light most favorable to plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir.1989). Dismissal for failure to state a claim is improper "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Love*, 915 F.2d at 1245.

Plaintiff alleges that through their continuous propagation of false charges about him, through his transfer from prison to prison, through his placement in segregation on the basis of false charges, and through numerous other abuses—all in retaliation for and designed to chill his First Amendment activities—defendants have violated his rights under both the First Amendment and the due process clause. Complaint, ¶ 1, at 26; ¶ 3, at 27–28. In

addition, plaintiff alleges that procedural flaws in the disciplinary hearing process, such as insufficient notice of the drug trafficking charge against him and defendants' refusal to disclose information regarding the confidential source, constituted a further due process violation. *Id.*

[11] Defendants insist that mere verbal abuse, false charges, placement in segregation and so on, are not actionable by plaintiff so long as he received a hearing before he was disciplined. This argument misses the point. Even though these acts by defendants might not be actionable in and of themselves, plaintiff's allegations regarding the filing of false charges and other improprieties state a constitutional claim under 42 U.S.C. § 1983 when done in retaliation for the exercise of protected rights, regardless of whether the inmate was accorded the requisite procedural protections.[4] Plaintiff's activities in pursuing his legal matters and in seeking access to the courts are clearly protected by the First Amendment. *Rizzo,* 778 F.2d at 531.

Although the label given to plaintiff's retaliation claims is of no particular importance, *see* 2A J. Moore, J. Lucas & G. Grotheer, *Moore's Federal Practice* ¶ 12.07[2.-5], at 12-67 (2d ed.1991), courts have deemed such retaliation claims to arise under both the First Amendment and the substantive component of the due process clause. *See, e.g., Smith,* 899 F.2d at 947-48 (substantive due process and First Amendment claims); *Franco,* 854 F.2d at 589 (same); *Wright,* 795 F.2d at 968 (First Amendment claim). The Court perceives that defendants' gripe that the supplemental complaint fails to demonstrate the nexus between their alleged misconduct and Pratt's alleged deprivations will be cured by the amendment to the complaint that the Court has required.

[12] In addition, plaintiff states a claim for deprivation of procedural due process due to the alleged inadequacies of the disciplinary hearing he received on his drug trafficking charge.[5] Due process in a prison disciplinary hearing is satisfied if the inmate receives written notice of the charges, a statement of the evidence relied on by the prison officials, and the reasons for disciplinary action. *Zimmerlee v. Keeney,* 831 F.2d 183, 186 (9th Cir.1987) (citing *Wolff v. McDonnell,* 418 U.S. 539, 563-66, 94 S.Ct. 2963, 2978-80, 41 L.Ed.2d 935 (1974)), *cert. denied,* 487 U.S. 1207, 108 S.Ct. 2851, 101 L.Ed.2d 888 (1988).

[13] Plaintiff alleges that the notice he received was deficient because it failed to indicate the time, date, or place of his alleged drug trafficking and possession violation. At this early stage of the proceedings, the Court cannot determine whether the notice he *did* receive—which is not specified in the complaint—was sufficient to give him "a chance to marshal the facts in his defense and to clarify what the charges are, in fact." *Wolff v. McDonnell,* 418 U.S. 539, 564, 94 S.Ct. 2963, 2978, 41 L.Ed.2d 935 (1974). The Second Amended Complaint should specify the precise contents of the notice plaintiff did receive.

Defendant relies on *Zimmerlee* to show that the notice provided Pratt was constitutionally sufficient. Yet the notice in *Zimmerlee* was held adequate only after the court reviewed the disciplinary hearing record. Moreover, the notice in *Zimmerlee* provided the plaintiff with information as to the kinds of drugs involved, the dates of the alleged violations, the identities of the participants, and the role played by plaintiff and the other participants. *See Zimmerlee,* 831 F.2d at 188. Accepting the allegations of the amended complaint as true, plaintiff did not receive notice that was sufficiently specific to permit him to mount a defense. The Court cannot find on this record that the notice plaintiff received was sufficient as a matter of law.

Plaintiff also contends that he was deprived of due process by defendants' reliance on a confidential informant in finding him guilty of the drug charge. While defendants are correct in noting that due process does not necessarily require disclosure of the identity of the confidential source, *Toussaint,* 801 F.2d at 1101, the record of the disciplinary hearing must contain some indicia that the information provided by the source is reliable and reflect that safety considerations prevented the disclosure of the informant's name. *Zimmerlee,* 831 F.2d at 186. When the record itself does not establish the reliability of the source, the Court must review the confidential material *in camera. Id.* at 186-87. Plaintiff has alleged that the identity of the informant was not made known to him and that his information was unreliable and false. The Court has not yet had the opportunity to examine the record of the disciplinary proceedings. Therefore, at this early stage, this aspect of plaintiff's procedural due process claim cannot be held insufficient as a matter of law.

[14] Finally, defendants move to dismiss plaintiff's prayer for reclassification and transfer to a lower security facility. A motion to dismiss directed at the form of relief requested is improper. 2A J. Moore, J. Lucas & G. Grotheer, *Moore's Federal Practice* ¶ 12.07[2.-5], at 12-67 (2d ed. 1991). In any event, if the Court were to find that plaintiff had been improperly classified and incarcerated in a maximum security facility out of retaliation for his exercise of his First Amendment rights, it would be within the Court's equitable powers to correct this situation. *Cf. Thompson v. Capps,* 626 F.2d 389 (5th Cir.1980) (ordering restoration of good time credits); *Streeter v. Hopper,* 618 F.2d 1178 (5th Cir.1980) (ordering transfer of prisoners to guarantee their safety).

Accordingly,

IT IS HEREBY ORDERED that:

(1) Plaintiff's motion for leave to file the First Amended Complaint is GRANTED.

(2) Defendants Vasquez's, Borg's, and Yearwood's motion to dismiss or transfer the case is DENIED.

(3) Defendants Vasquez's, Borg's, and Yearwood's motion to dismiss for failure to link them with the alleged deprivations is GRANTED with leave to amend.

(4) Defendants Vasquez's, Borg's, and Yearwood's motion to dismiss plaintiff's First Amendment and due process claims with prejudice, for failure to state a claim, is DENIED.

(5) Plaintiff shall file and serve a Second Amended Complaint on or before July 3, 1991. Defendants shall file and serve an answer or other responsive pleading to the Second Amended Complaint on or before July 10, 1991.

(6) Defendants shall show cause at 2:15 p.m., on August 1, 1991 why plaintiff's motion for Preliminary Injunction should not be granted. Defendants shall file and serve their opposition to the Motion for Preliminary Injunction on or before July 18, 1991. Plaintiff shall file and serve his reply on or before July 23, 1991.




4. *See, e.g., Smith v. Maschner,* 899 F.2d 940, 947-48 (10th Cir.1990); *Sprouse v. Babcock,* 870 F.2d 450, 452 (8th Cir.1989); *Valandingham v. Bojorquez,* 866 F.2d 1135, 1138-39 (9th Cir. 1989); *Franco v. Kelly,* 854 F.2d 584, 589-90 (2d Cir.1988); *Wright v. Newsome,* 795 F.2d 964 (11th Cir.1986); *Rizzo v. Dawson,* 778 F.2d 527, 531-32 (9th Cir.1985). *But see Hanrahan v. Lane,* 747 F.2d 1137, 1140-41 (7th Cir.1984).

5. The Court notes that the complaint contains allegations that defendants failed to follow certain California procedural regulations regarding his disciplinary hearing. While these regulations may indicate that plaintiff has a protected liberty interest in not being subject to discipline without due process of law, he has no federal constitutional right to the particular procedures established by state law. The nature of the process that is due plaintiff is determined by federal, not state law. *See Toussaint v. McCarthy,* 801 F.2d 1080, 1096-97 (9th Cir.1986), *cert. denied,* 481 U.S. 1069, 107 S.Ct. 2462, 95 L.Ed.2d 871 (1987).



**David M. FIELD, Plaintiff,**

**v.**

**LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation; John Does 1-10; Doe Corporations 1-10; Doe Partnerships 1-10; and Doe Entities 1-10, Defendants.**

**Civ. No. 91-00320 DAE.**

United States District Court,
D. Hawaii.

July 23, 1991.

Insured brought suit against insurer to recover uninsured and underinsured motor-

# PROOF OF SERVICE BY MAIL

CV-08-0749-BTM

STATE OF CALIFORNIA )
) SS
COUNTY OF San Luis Obispo

[C.C.P. §§ 446, 2015.5; 28 U.S.C. §1746]

I, KHALID QADIR, am a resident of the State of California and am over the age of eighteen years and am not a party to the above-entitled action. My address is listed below.

On 8-26-08 I served the following documents:

REQUEST FOR DECISION ON COMPLAINT

by placing a true copy thereof enclosed in a sealed envelope with First Class postage thereon fully prepaid in the United States Mail by delivering to prison officials for processing through the Institution's internal legal mail system at San Diego California, addressed as follows::

Attorney General
110 W. "A" St #1100
San Diego, California
92101

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed in the County of San Diego, California on 8-26-08

KHALID QADIR

P.O. Box 8101
San Luis Obispo, California
93409-8101

Pursuant to the holding of the United States Supreme Court in Houston v. Lack 108 S. Ct. 2379, 487 U.S. 266, 101 L.Ed.2d 245 (1988) and FRAP, Rule 4 (c) inmate legal documents are deemed filed on the date they are delivered to prison staff for processing and mailing via the Institution's internal legal mail procedures.