Original
1 of 29 pages

1  JIMMIE STEPHEN
2  #C-56483 / A-1149
   PO BOX 8101
   SAN LUIS OBISPO, CA 93409-0001
3
4

FILED

2008 SEP -5  PM 2:48

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

5

6        Court of United States
7        State of California-Southern

NUNC PRO TUN
SEP -3 2008

8

9

10                              CASE #CL08-0749-BTM

11

12

13  JIMMIE STEPHEN
        Plaintiff

14                              "Imminent Danger Exiedtion"

15        V                     28 USC 1915-6
                                "All Issues".
16                          A. "Farrow J West" 320 D.f3D, 1235
17  "Benjo"                         (11th 2008).
18  Et al. Defendants
                            B. "Ngo J Woodford" 126.sct 2378
19                                     (2006).
20                            with: likelihood of "physical injury"
21                            of "serious" complaints "ongoing."

22        Plaintiff Hereby Request to "file" 28 USC 1915-6
23  "Imminent Danger Exiedtion" whereas willful "abuse" the
24  "Delayed" filing in "forma-Pauperis" in this matter "Pain" & Suffering".
25        A. "Denial" of Dentures, Partials for "36 months" (ex#1
26  (ex#3 & 2) B. "Misconduct" as Pattern since 8-9-05 ongoing..
27        C. "Abuse" of Discretion, Oneville by Court Rulings..
28        AS Pattern by USICS.. (Exhibit #3 4) (Page 20-28.)
         "Biggs J Terhune" 334.f3D, 910 (9th 2004) Due Process..

CR  Exhibit # 1-4..

1.

EXHibit 1-4..
Page #3-29..

"Imminent Danger Exception"
28 USC 1915-G
"Inadequate Dental Care"..

Under "28.USC.1915-G" forma Pauperus "Must" be "Granted" forthwith.. at "likelihood of "Serious Injuries"..

1.. "Dentures" Partials" willfully Denied since 5-1-05 ongoing as of 8-27-08.. No Annual Checkups" as of 7-2008.. Shows willful.. (Exhibit #1) Ongoing "Pain" suffering"
page# 3-15..

2.. "Pattern of misconduct" by CDCR and Courts Denial of medical.. (Exhibit #3+4) Likelihood of "Physical Injury".. (36 months Delay) .. (Page# 25-28) "Ashley u Ailsworth" 147.f3d. 715 (8th 1998)..
page# 20-24

3.. "Misconduct is willful "Delay" of Grievance for Access to Court.. of 8-9-05 "Dismissed" 6-2-08".3 years Later".. (Exhibit #3) to "Support" (Exhibit #2) page# 20-24.. "Ashley u Ailsworth" 147.f3d. 715 (8th 1998) known enemies.. page# 16-19..
(ex #1) "Farron u West" 320.f3d 1235 (11th 2003). Delay Dentures
(ex #2+3) "Ngo u Woodford" 126.Sct 2378 (2006.. Delay Grievance.
(ex #4).. "Pratt u Rowland" 65.f3d. 802-6 (9th 1995).. misconduct

"Relief Requested"

1.. "Granting" forthwith "Imminent Danger Exception" under 28 USC 1915-G. Ongoing misconduct".. "All Issues"..

2.. "and other relief by this court..
True against Fraud or Perjury
Date 8-27-08
signature

EXHIBIT #1                    PAGE #3-15..

COPY of ONGOING DENIAL of MEDICAL
DENTAL to SUPPORT "IMMINENT DANGER
EXERTION".. "PARTIAL" DENIED for 36 months
ongoing "No ANNUAL" GIVEN IN JULY 2008..

"FARROW v WEST" 320.f3D, 1235 (11th 2003).
DELIBERATE INDIFFERENCE AND "IMMINENT DANGER
EXERTION FOR DENIAL DENTURES FOR "15 months..

EXHIBIT #2 - MISCONDUCT of 10-4-06 @ 8-8-09..
EXHIBIT #3 - MISCONDUCT of 8-8-09.. ongoing..
EXHIBIT #4 - MISCONDUCT, ABUSE by USJCS.of 1-11-95. ongoing.

EXHIBITs #1-4  PAGE #3-
                              29..

**EXHIBIT**

State of California                                                    Department of Corrections and Rehabilitation

# Memorandum

Date    :    February 8, 2008

To      :    Charles Antonen
             Deputy Attorney General
             State of California Department of Justice

Subject:    **PRISON LAW OFFICE REQUESTS FOR REVIEW OF *PEREZ V. TILTON* INMATE
            CONCERNS RELATING TO INMATE JIMMIE STEPHEN, C-56483**

Pursuant to the Stipulation For Injunctive Relief agreed to in re *Perez v. Tilton, et al.,* the Chief
Dental Officer at the California Men's Colony (CMC) has provided the following information
in response to the questions asked by Alison Hardy of the Prison Law Office.

1. When did Mr. Stephen last see a dentist regarding the possible need for partials or repair
   of his teeth? What were the results of this appointment?
   *Mr. Stephen was examined on January 4, 2008, for a triage appointment in response to
   a CDCR 7362 request for service that he submitted. This face-to-face examination did
   not reveal any urgent or emergent issues. Mr. Stephen did not state that his partial is
   worn or defective. Upon examination of his partial on January 4, 2008, replacement is
   not indicated. His DPC classification is DPC-3, and not DPC-2, as mistakenly noted in
   his UHR. As a consequence, Mr. Stephen will be seen in July 2008, his birth month, for
   his annual examination. His dental needs will be determined and a treatment plan will
   be developed at that time, if necessary.*

2. Please describe Mr. Stephen's current treatment plan.
   *Mr. Stephen is currently classified DPC-3. His annual examination will be in July 2008,
   and his dental needs and treatment plan, if needed, will be determined at that time.*

Thank you for your assistance in this matter. Please contact Bob Keller at (916) 327-8941, if
you have any questions.

RICHARD ROBINSON
Dental Program Project Director
Division of Correctional Health Care Services

cc: Michael Stone, Staff Counsel, Office of Legal Affairs, CDCR
    Linda Martinez, D.D.S., Regional Dental Director
    Jeri Shepherd, D.D.S., Chief Dental Officer, CMC
    Health Care Appeals Coordinator, CMC

## Shepherd, Jeri

| | |
|---|---|
| **From:** | Shepherd, Jeri |
| **Sent:** | Monday, January 28, 2008 9:31 AM |
| **To:** | Keller, Robert |
| **Subject:** | RE: New Para. 17 Ltr - J. Stephen, C-56483 (CMC) |

Good morning,

1. When didd Mr. Stephen last see a dentist regarding the possible need for partials or repair of his teeth? Mr. Stephen was seen January 4, 2008 for a triage appointment in response to a 7362 submited by Mr. Stephen. What were the results of this appointment? Mr. Stephen has been on the DPC 2 list for exam and treatment plan. His birthday month is July. His situation has not become urgent or emergent, therefore he continues to remain on the DPC2 list in chronological order.

2. Please describe Mr. Stephen's current treatment plan.  At this time he's is on the DPC2 list for exam and treatment plan. We see patients in chronological order of when they submit their 7362. At this time we are only able to accommodate Emergent, 7362 triage appointments, Urgent (DPC1), and annual exams.

Please note: Our dentist to inmate-patient ratio for East Dental Clinic is currently 1.939. We have made room and changed our scheduling to accommodate more dentists so that ratio could be improved. We have been given two more positions but that still will not give us the 1:515 ratio the court has allowed for. We need an additional 3 dentists for both the East and West Clinics.

> -----Original Message-----
> **From:** Keller, Robert
> **Sent:** Monday, January 28, 2008 7:23 AM
> **To:** Shepherd, Jeri
> **Cc:** Robinson, Richard; Martinez, Linda
> **Subject:** New Para. 17 Ltr - J. Stephen, C-56483 (CMC)
>
> Hello Dr. Shepherd:  Please find attached a new Para. 17 issue received from the PLO in re Inmate Stephen.
> Please provide your reply no later than COB February 4, 2008.
> Thank you,
>
> ## Bob Keller
> *AHPA*
> *Inmate Dental Services*
> *(916) 445-8951*
> *Fax (916) 327-2476*

*CONFIDENTIAL -- ATTORNEY-CLIENT PRIVILEGED*
*DO NOT FORWARD OR DUPLICATE EXCEPT TO AUGHORIZED STAFF*



**PRISON LAW OFFICE**

General Delivery, San Quentin, CA 94964-0001
Telephone (415) 457-9144 • Fax (415) 457-9151
www.prisonlaw.com

*Director:*
Donald Specter

*Staff Attorneys:*
Susan Christian
Steven Fama
Rachel Farbiarz
Penny Godbold
Megan Hagler
Alison Hardy ✔
Vibeke Martin
Millard Murphy
Sara Norman
Judith Rosenberg
Zoe Schonfeld
E. Ivan Trujillo

## MEMORANDUM

To:         Charles Antonen, Deputy Attorney General
From:    Alison Hardy/SW
Date:     1/25/2008
Re:        *Perez* 3 – Individual Inmate Exhausted Dental Concern – Request for Review

---

Jimmie Stephen, C-56483                     CMC

Mr. Stephen has exhausted his administrative remedies on the issue of receiving repair of his teeth (IAB # 0708017, Log # CMC-07-01748).

According to the Second Level's Decision, Mr. Stephen was classified as Priority 2 on 5/8/07. The response goes on to state that Mr. Stephen was triaged for a "new and separate dental issue" on 6/13/07, which was resolved on 6/19/07. The response, which was written on 8/29/07, states that Mr. Stephen "would continue to receive treatment as a DPC 2 patient."

Mr. Stephen writes that he still has <u>not</u> received <u>partials</u> or <u>treatment to repair his teeth</u>.

Please respond to the following:

1. When did Mr. Stephen last see a dentist regarding the possible need for partials or repair of his teeth? What were the results of this appointment?

2. Please describe Mr. Stephen's current treatment plan.

Board of Directors
Penelope Cooper, President • Michele WalkinHawk, Vice President • Marshall Krause, Treasurer
Honorable John Burton • Felecia Gaston • Christiane Hipps • Margaret Johns
Cesar Lagleva • Laura Magnani • Michael Marcum • Ruth Morgan • Dennis Roberts





PRISON LAW OFFICE
General Delivery, San Quentin, CA 94964-0001
Telephone (415) 457-9144 • Fax (415) 457-9151
www.prisonlaw.com

Director:
Donald Specter

Staff Attorneys:
Susan Christian
Steven Fama
Rachel Farbiarz
Penny Godbold
Megan Hagler
Alison Hardy
Vibeke Martin
Millard Murphy
Sara Norman
Judith Rosenberg
Zoe Schonfeld
E. Ivan Trujillo

2/21/2008

Jimmie Stephen, C-56483
CMC
PO Box 8103
San Luis Obispo, CA 93409

Dear Mr. Stephen,

As you know, we wrote to the Attorney General on 1/25/2008 under procedures set forth in the *Perez* Stipulation to request further information about your dental treatment. The CDCR response to our advocacy letter is enclosed.

Please let us know if the information provided by headquarters is incorrect. Please provide specific information and any documentation you may have showing that their report is not accurate.

We hope that your dental condition has improved by this time. If you continue to have dental concerns, please send us an update on your present condition and we will determine whether we can continue to advocate on your behalf.

We wish you the best.

Sincerely,

Sam Weiner
Litigation Assistant under Alison Hardy

Enclosures: CDCR Response

Board of Directors
Penelope Cooper, President • Michele WalkinHawk, Vice President • Marshall Krause, Treasurer
Honorable John Burton • Felecia Gaston • Christiane Hipps • Margaret Johns
Cesar Lagleva • Laura Magnani • Michael Marcum • Ruth Morgan • Dennis Roberts

## REFUSAL OF EXAMINATION AND / OR TREATMENT

| PATIENT NAME *(TYPE OR PRINT CLEARLY)* | CDC NUMBER | INSTITUTION |
|---|---|---|
| Stephen | C 56483 | CMC-E |

Having been fully informed of the risks and possible consequences involved in refusal of the examination and/or treatment in the manner and time prescribed for me, I nevertheless refuse to accept such examination and/or treatment. I agree to hold the Department of Corrections, the staff of the medical department and the institution free of any responsibility for injury or complications that may result from my refusal of this examination and/or treatment, specifically:

Describe the examination and/or treatment refused as well as the risks and benefit of the intervention: _____

Pt. refuses 1130 Dental triage Ducat. Pt knows he is on Dr. Hoxies list for partials and knows he needs to wait his turn.

| PATIENT SIGNATURE | DATE 12/4/07 | ☐ PATIENT REFUSES TO SIGN | DATE |
|---|---|---|---|

**WITNESS**

| NAME OF WITNESS *(PRINT/TYPE)* Hoxie, B. DDS California Men's Colony | | NAME OF WITNESS *(PRINT/TYPE)* g. MacDonald | |
|---|---|---|---|
| WITNESS SIGNATURE | DATE | WITNESS SIGNATURE | DATE 12/4/07 |

| | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
|---|---|
| **REFUSAL OF EXAMINATION AND / OR TREATMENT** | Stephen C 56483 |

CDC 7225 (Rev 04/03)
STATE OF CALIFORNIA                    DEPARTMENT OF CORRECTIONS

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
**SUPPLEMENTAL TO DENTAL PROGRESS NOTES**
CDCR 237-C-1 (Rev. 04/06)
*Page 1 of 2*

Prior to each treatment, the Dentist *must* review the inmate-patient's health history, note changes or specify no change, and use S.O.A.P.E. format when applicable.

| DATE OF ACTION (month/day/year) | | | TOOTH NUMBER | PROGRESS NOTES (include signature at the end of each data entry) | PRIORITY AFTER VISIT | PRISON LOCATION (ACRONYM) |
|---|---|---|---|---|---|---|
| 6 | 13 | 07 | coat | E: discussed w/PT new priority system. NV: #1855c. Hoxie, B. DDS California Men's Colony | 2 | CMCE |
| 6 | 19 | 07 0900 | 18 | S: No Changes O/A #18 diag for SS. P: 3 carp 2% lib 1:100,000 Prep #18 + cement SS w/ lactic cement NV: Exam (DPII-504) Hoxie, B. DDS California Men's Colony | 2 | CMCE |
| 8 | 23 | 07 | | 602 appeal Murphy, M., DDS California Men's Colony J. Bondm Carvalho, D., DDS California Men's Colony | 2 | CMC |
| 12 | 4 | 07 | Triage 1300 | S: no change. PT complaining because he has not been ducated. O/A/P: PT is on DP2 list and is informed E: EECA NV: Exam California Men's Colony Hoxie, B. DDS | 2 | CMCE |

DRUG ALLERGIES?

☒ NO    ☐ YES

**SUPPLEMENT TO DENTAL PROGRESS NOTES**

NAME (LAST, FIRST, MI), CDCR NUMBER, AND DATE OF BIRTH

Stephen
C56483

9


STATE OF CALIFORNIA
**SUPPLEMENTAL TO DENTAL PROGRESS NOTES**
CDCR 237-C-1 (Rev. 04/06)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

*Page 1 of 2*

**Prior to each treatment, the Dentist *must* review the inmate-patient's health history, note changes or specify no change, and use S.O.A.P.E. format when applicable.**

| DATE OF ACTION (month/day/year) | | | TOOTH NUMBER | PROGRESS NOTES (include signature at the end of each data entry) | PRIORITY AFTER VISIT | PRISON LOCATION (ACRONYM) |
|---|---|---|---|---|---|---|
| 5 | 8 | 07 | Triage 1430 | S: PT requesting Exam for Tx + particals. O: PT missing mult teeth. RMH: HBP, Poor OHC. Pano. A/P: Dncat for Exam and Tx. E: Recommend TP for sens teeth to reduce root hypersensitivity. NV: Exam. Hoxie, B. DDS California Men's Colony | 2 | CMC |
| 6 | 13 | 07 | Triage 0915 | S: LL broken molar Sens when eating but not lingering. O: #18 has broken DB (HSP. No caries detected. cold test +. PA shows no obvious apical pathology. A: #18 is vital and needs SSC. P: NV: #18 SSC. | | |

**DRUG ALLERGIES?**

☒ NO    ☐ YES

**SUPPLEMENT TO DENTAL PROGRESS NOTES**

NAME (LAST, FIRST, MI), CDCR NUMBER, AND DATE OF BIRTH

Stephen

C 56483

*10*



STATE OF CALIFORNIA
**SUPPLEMENTAL TO DENTAL PROGRESS NOTES**
CDCR 237-C-1 (Rev. 04/06)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

*Page 1 of 2*

Prior to each treatment, the Dentist *must* review the inmate-patient's health history, note changes or specify no change, and use S.O.A.P.E. format when applicable.

| DATE OF ACTION (month/day/year) | TOOTH NUMBER | PROGRESS NOTES (include signature at the end of each data entry) | PRIORITY AFTER VISIT | PRISON LOCATION (ACRONYM) |
|---|---|---|---|---|
| 1 4 08 | Cont. | P: PT is on DPC 2 list and will be TX as we are able to accommodate DPC 2 patients. PT stated "You woke me up for a 0630 duct to tell me that, I'm going to get the Prison Law Office down here." E: I have communicated as clearly as I can with patient. If he cont. to submit 7362s for same request, I will resort to administrative measures. NV- 6 mon. Hoxie, B. DDS California Men's Colony | 2 | CMCE |

DRUG ALLERGIES?

☒ NO     ☐ YES

NAME (LAST, FIRST, MI), CDCR NUMBER, AND DATE OF BIRTH

STephen
C56483

SUPPLEMENT TO DENTAL PROGRESS NOTES

11

8229138

STATE OF CALIFORNIA
CDC 7362 (Rev. 03/04)

# HEALTH CARE SERVICES REQUEST FORM

DEPARTMENT OF CORRECTIONS

## PART I: TO BE COMPLETED BY THE PATIENT

*A fee of $5.00 may be charged to your trust account for each health care visit.*

**If you believe this is an urgent/emergent health care need, contact the correctional officer on duty.**

REQUEST FOR:   MEDICAL ☐   MENTAL HEALTH ☐   DENTAL ☒   MEDICATION REFILL ☐

NAME *Jimmie Stephen*

CDC NUMBER *C56483*

HOUSING *A-1149*

PATIENT SIGNATURE *Jimmie Stephen*

DATE *12-30-07*

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe Your Health Problem And How Long You Have Had The Problem)
(1) Dental front tooth (ache), Discoloration, loose out of place, hard trouble eating, et..
(2) Partials over 120 Days since request
(3) Any Relief !

*NOTE: IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM*

## PART III: TO BE COMPLETED AFTER PATIENT'S APPOINTMENT

☐ Visit is not exempt from $5.00 copayment. (Send pink copy to Inmate Trust Office.)

## PART II: TO BE COMPLETED BY THE TRIAGE REGISTERED NURSE

Date / Time Received: *12/30/07*

Received by: *R. Ringold R.*

Date / Time Reviewed by RN: *R. Ringold R.*

Reviewed by: *R. Ringold R.* Dental

S:                          Pain Scale:   1   2   3   4   5   6   7   8   9   10

O:   T:         P:         R:         BP:         WEIGHT:

A:

P:

☐ See Nursing Encounter Form                12-31-07 A09:51 RCVD

Triage (2) BH

E:                                    NV: Exam for partials

01-04-08 07:27 OUT

| APPOINTMENT SCHEDULED AS: | EMERGENCY (IMMEDIATELY) ☐ | URGENT (WITHIN 24 HOURS) ☐ | ROUTINE (WITHIN 14 CALENDAR DAYS) ☐ |
|---|---|---|---|
| REFERRED TO PCP: | | DATE OF APPOINTMENT: | |
| COMPLETED BY | | NAME OF INSTITUTION | |
| PRINT / STAMP NAME | SIGNATURE / TITLE | | DATE/TIME COMPLETED |

CDC 7362 (Rev. 03/04)   Original - Unit Health Record   Yellow - Inmate (if copayment applicable)   Pink - Inmate Trust Office (if copayment applicable)   Gold - Inmate

12

8471

STATE OF CALIFORNIA
CDC 7362 (Rev. 03/04)

# HEALTH CARE SERVICES REQUEST FORM

DEPARTMENT OF CORRECTIONS

## PART I:  TO BE COMPLETED BY THE PATIENT

*A fee of $5.00 may be charged to your trust account for each health care visit.*

**If you believe this is an urgent/emergent health care need, contact the correctional officer on duty.**

| REQUEST FOR: | MEDICAL ☐ | MENTAL HEALTH ☐ | DENTAL ☑ | MEDICATION REFILL ☐ |
|---|---|---|---|---|

NAME *Jimmie Stephen*

CDC NUMBER *C56183*

HOUSING *A-1149*

PATIENT SIGNATURE *(signature)*

DATE *11-23-07*

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe Your Health Problem And How Long You Have Had The Problem)C *Trying to get "Partials" since 5-1-05 and those Dentists under federal Jurisdiction are acts the same Before federal mediation just a tactic for self-gain & profit, 18 USC 1961-68. weaken*

NOTE: IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM

## PART III:  TO BE COMPLETED AFTER PATIENT'S APPOINTMENT

☐ Visit is not exempt from $5.00 copayment.  (Send pink copy to Inmate Trust Office.)

## PART II:  TO BE COMPLETED BY THE TRIAGE REGISTERED NURSE

| Date / Time Received: *11/25/07* | Received by: *(signature)* |
|---|---|
| Date / Time Reviewed by RN: *(signature) RN* | Reviewed by: *(signature)* |

S:                                           Pain Scale:  1  2  3  4  5  6  7  8  9  10

11-26-07 P12:12 RCVD

②

O:   T:        P:        R:        BP:        WEIGHT:

A: *Triage ② BH*

P:

☐ **See Nursing Encounter Form**

E: *Triage DP 2 BH*
*NV: Exam for P/P*

12-04-07 P01:00 OUT

| APPOINTMENT SCHEDULED AS: | EMERGENCY ☐ (IMMEDIATELY) | URGENT ☐ (WITHIN 24 HOURS) | ROUTINE ☐ (WITHIN 14 CALENDAR DAYS) |
|---|---|---|---|

REFERRED TO PCP:

DATE OF APPOINTMENT:

COMPLETED BY

NAME OF INSTITUTION

| PRINT / STAMP  NAME | SIGNATURE / TITLE | DATE/TIME COMPLETED |
|---|---|---|

CDC 7362 (Rev. 03/04)     Original - Unit Health Record     Yellow - Inmate (if copayment applicable)     Pink - Inmate Trust Office (if copayment applicable)     Gold - inmate

13

STATE OF CALIFORNIA
CDC 7362 (Rev. 03/04)

# HEALTH CARE SERVICES REQUEST FORM

DEPARTMENT OF CORRECTIONS

## PART I: TO BE COMPLETED BY THE PATIENT

*A fee of $5.00 may be charged to your trust account for each health care visit.*

**If you believe this is an urgent/emergent health care need, contact the correctional officer on duty.**

REQUEST FOR:   MEDICAL ☐   MENTAL HEALTH ☐   DENTAL ☒   MEDICATION REFILL ☐

| NAME Jimmie Steffen | CDC NUMBER C56483 | HOUSING A-1149 |
|---|---|---|

PATIENT SIGNATURE *Jimmie Steffen*

DATE 6-8-07

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe Your Health Problem And How Long You Have Had The Problem)

*Request for Emergency Dental already Priority II - forgot Dentist Name??*

*NOTE: IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM*

## PART III: TO BE COMPLETED AFTER PATIENT'S APPOINTMENT

☐ Visit is not exempt from $5.00 copayment.  (Send pink copy to Inmate Trust Office.)

## PART II: TO BE COMPLETED BY THE TRIAGE REGISTERED NURSE

| Date / Time Received: 6/9/07 1000 | Received by: Rafer SPN II |
|---|---|
| Date / Time Reviewed by RN: 6/9/07 1040 | Reviewed by: Rafer SPN II |

S:     Pain Scale: 1 2 3 4 5 6 7 8 9 10

05-11-07 ACT:42 RCVD *KC*

ISH ①

O:   T:   P:   R:   BP:   WEIGHT:

*Triaged* ② ISH

06-13-07 09:25 OUT

A:   NV #18 SSC

P:

☐ See Nursing Encounter Form

E:

| APPOINTMENT SCHEDULED AS: | EMERGENCY (IMMEDIATELY) ☐ | URGENT (WITHIN 24 HOURS) ☐ | ROUTINE (WITHIN 14 CALENDAR DAYS) ☐ |
|---|---|---|---|

REFERRED TO PCP:     DATE OF APPOINTMENT:

COMPLETED BY     NAME OF INSTITUTION

| PRINT / STAMP NAME Hoxie, B, DDS California Men's Colony | SIGNATURE / TITLE | DATE/TIME  COMPLETED |
|---|---|---|

CDC 7362 (Rev. 03/04)    Original - Unit Health Record    Yellow - Inmate (if copayment applicable)    Pink - Inmate Trust Office (if copayment applicable)    Gold - Inmate

HOXIE

14

STATE OF CALIFORNIA
CDC 7362 (Rev. 03/04)

# HEALTH CARE SERVICES REQUEST FORM

DEPARTMENT OF CORRECTIONS

## PART I: TO BE COMPLETED BY THE PATIENT

*A fee of $5.00 may be charged to your trust account for each health care visit.*

**If you believe this is an urgent/emergent health care need, contact the correctional officer on duty.**

REQUEST FOR:   MEDICAL ☐   MENTAL HEALTH ☐   DENTAL ☒   MEDICATION REFILL ☐

NAME _Jimmie Stephen_   CDC NUMBER _C56483_   HOUSING _A-1119-X_

PATIENT SIGNATURE _Jimm Stephen_   DATE _4-2-07_

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe Your Health Problem And How Long You Have Had The Problem) ① Request for ongoing "Dentals" ⓐ needed "tooth repairs" Ect.

*NOTE: IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM*

## PART III: TO BE COMPLETED AFTER PATIENT'S APPOINTMENT

☐ Visit is not exempt from $5.00 copayment.  (Send pink copy to Inmate Trust Office.)

## PART II: TO BE COMPLETED BY THE TRIAGE REGISTERED NURSE

| Date / Time Received: | Received by: |
|---|---|
| Date / Time Reviewed by RN: | Reviewed by: |

S:   Pain Scale:   1  2  3  4  5  6  7  8  9  10

04-03-07A08:05 RCVD

Myers, C., DDS
California Men's Colony

O:   T:   P:   R:   BP:   WEIGHT:

*See progress notes 5/8/07*

A:

P:   Hoxie, B. DDS
California Men's Colony

☐ See Nursing Encounter Form

05-08-07 P03:05 001

E:

| APPOINTMENT SCHEDULED AS: | EMERGENCY (IMMEDIATELY) ☐ | URGENT (WITHIN 24 HOURS) ☐ | ROUTINE (WITHIN 14 CALENDAR DAYS) ☐ |
|---|---|---|---|
| REFERRED TO PCP: | | DATE OF APPOINTMENT: | |
| COMPLETED BY | | NAME OF INSTITUTION | |

| PRINT / STAMP NAME | SIGNATURE / TITLE | DATE/TIME COMPLETED |
|---|---|---|

CDC 7362 (Rev. 03/04)   Original - Unit Health Record   Yellow - Inmate (if copayment applicable)   Pink - Inmate Trust Office (if copayment applicable)   Gold - Inmate

HOXIE

15

EXHibit #2

Pattern of misconduct as to "Integration" of cells as on 10-4-06 willfully written-up for flawed unapproved policy at Donovan..

When Evidence of "Ineligibility" as willfully Denied by Counselor "Oshiro" of 5-1-08. ongoing..

"Ashley v Dilworth" 147, f3d, 715 (8th 1998) Imminent Danger exception for allegations of Proximity to Known Enemies..

As Defendants Knows of Status of "Racial" Conviction of 6-6-89. Racial fight with weapons at 6-12-95 and Cell fight at 6-13-95 Defeats Policy of Racial Integration as "Ineligibility met"..

**EXHIBIT**

16

# Forced in-cell integration coming to California prisons

The Senate Public Safety Committee, chaired by Senator Gloria Romero, D-Los Angeles, recently held a hearing on the California Department of Corrections and Rehabilitation's (CDCR) plans to implement "in-cell integration" at all California male institutions.

In-cell integration is CDCR's response to the U.S. Supreme Court's ruling in *Johnson v. California* (2005) that the Department's unwritten policy of deliberately segregating prisoners by race in double cells for up to 60 days in reception centers and each time they are assigned to a new prison, is unconstitutional.

CDCR justified the practice as necessary in order to alleviate gang violence. The Supreme Court's majority opinion, by Justice Sandra Day O'Connor, faulted the Ninth Circuit Court of Appeals for not applying the standard of "strict scrutiny" when upholding CDCR's practice of segregating by race. Applying "strict scrutiny" requires the government to prove that racial classifications "are narrowly tailored measures that further compelling governmental interests."

Indeed, mandating that prisoners be segregated by race is deplorable and may in fact aggravate racial tensions behind the walls. To our knowledge, no other state penal system does this and neither does the federal government. However, the solution being employed by CDCR is also cause for consternation.

It appears that the Department's proposed remedy goes far beyond what the Supreme Court's ruling requires. CDCR has created a new ranking system to determine a prisoner's suitability for in-cell integration. The rankings range from Racially Eligible (RE), meaning a prisoner can live with members of any race, to Restricted by Refusal (RR), which designates prisoners who are eligible for integrated housing but refuse to participate (see sidebar on page 6). Prisoners who refuse to share a cell with a person of a different race will be subjected to disciplinary actions, including being housed in isolation in Administrative Segregation and/or Security Housing Units.

While it is one thing to stop segregating prisoners by race, it is quite another to force in-cell integration.

In that prisons reflect the values and norms of the larger society, they are microcosms of society, a society that, unfortunately, still self-segregates by race to a significant extent. But prison life is also very different from the social environs most of us take for granted. To the extent that prisoners are allowed to choose their cellmates, choosing with whom to share a 6' x 9' cell, is one of the few choices remaining for a prisoner.

While it is time for California prisons to come out of the Dark Ages, the method employed by CDCR

*(Continued on next page)*




# Male and Female Cellies?

In <u>Johnson</u> case, California was found to be in error when it adopted and implemented correctional policies to segregate inmates based upon race.

The Supreme Court said CDCR may not use factors such as race as an administrative determinant for housing purposes, as it was a violation of equal protection and served no legitimate safety and security purpose.

Equal protection also applies to a number of other characteristics, such as a person's gender (sex). An argument can therefore be made that it is unconstitutional for CDCR to use gender as an administrative determinant in regard to housing placement, because it too is an equal protection element. If it is illegal to restrict housing according to race, then it is just as illegal to restrict it according to gender (also religion, and so on).

In losing Johnson and subsequently taking action to integrate based upon race, the state has opened the door for challenging other CDCR policies affecting other protected classifications.

If a man and a woman voluntarily want to be cellies (and do whatever else), then that conflicts with no safety or security consideration.

CDCR's policy of restricting male and female prisoners to separate prisons and housing would appear to be an illegal act. They may not use administrative justification to separate men and women, such as "safety and security," and more than they cannot use it to justify segregated housing.

Excuses such as state interest in prohibiting male and female prisoners from having sex with each other are not valid because that restriction was not imposed on anyone as part of their sentence. The punishment is imprisonment and the state has no legal basis for imposing additional penalties such as prohibition of sex after the fact (ex post facto).

For these reasons, since the state is implementing integrated housing, prisoners may consider filing similar petitions to be housed at prisons currently used only to house prisoners of the opposite sex.

The nexus of the argument is that since CDCR is prohibited from using race as an administrative determinant, it is similarly prohibited from using gender. Remember that CDCR has established punitive

## Male and Female Cellies    (From Pg. 4)

measures (loss of privileges, loss of property, Behavior Modification Units). So, as a remedy, all requests for transfer should include imposition of identical punishment for any staff whose actions of inactions in their official capacity resulted in prisoners being denied housing with members of the opposite sex.

The state has established punishment for prisoners who refuse to house inter-racially. This punishment is now the standard of punishment for any staff who attempts to prevent inter-gender housing as well. Both may be considered constitutional civil rights violations and therefore criminal if imposed upon inmates by staff.

19

EXHIBIT #3

Pattern of misconduct As of 6-2-08 After 3 Years false Write-up Dismissed..

**EXHIBIT**

20

i California                                           Department of Corrections and Rehabilitation

# /lemorandum

Date:     June 2, 2008

To:       Stephen, J.
          C56483
          Richard J. Donovan Correctional Facility

Subject:  **SECOND LEVEL APPEAL RESPONSE LOG NO.:RJD 08-0615**

### ISSUE:

The appellant is submitting this appeal relative to the Rules Violation Report (RVR), Log # F3-05-410 which was discovered on April 8, 2005. The specific charge and guilty finding was for violating the California Code of Regulations (CCR), Title 15, Section 3005(a), Conduct (Stalking). It is the appellant's position that his due process rights were violated. Specifically, a Modification Order to Re-issue/Re-hear Log # F3-05-410 (10/16/08) was never completed. Based on the above information, the appellant disagrees with the guilty finding.

The appellant's requested remedy is that RVR Log # F3-05-410 is dismissed.

**INTERVIEWED BY:**     K. Guillory, Correctional Lieutenant, on May 29, 2008, at the Second Formal Level of Review.

**REGULATIONS:**        The rules governing this issue are:

                        CCR 3005(a)  Stalking

                        CCR 3315 Serious Rule Violations


A review of the "Effective Communication List for Inmates with Test of Adult Basic Education Reading Scores of 4.0 or Less" reveals that the appellant does not require assistance in order to achieve effective communication.

The appellant received RVR Log # F3-05-410, for violation of CCR, Title 15, Section 3005(a), Stalking. This charge was classified as a Serious Rule Violation. The inmate received a copy of the RVR on August 16, 2005, within 15 days of the date of discovery.

The appellant appeared at the disciplinary hearing on September 15, 2005, and pled "Not guilty". The inmate is a participant in the Mental Health Services Delivery System at the CCCMS level.

The SHO noted that a Staff Assistant was not assigned in accordance with CCR Section 3315 (d) (2) (A).

The SHO noted an Investigative Employee was not assigned in accordance with 3315 (d) (1) (A) 1, 2, and 3.

2l

STEPHEN, J. C56483
CASE NO. 08-0615
PAGE 2

The appellant requested no witnesses.

The SHO found the inmate guilty of the charge of CCR Title 15, Section 3005(a), Stalking, based upon the preponderance of evidence, which consisted of: 1) The Reporting Employee's written report. 2) The I.E. Report which reiterates the statements in the RVR. 3) Appellant's statement during the hearing that the log was his. 4) The Chronological log the appellant maintained dating back to at least 12-25-03, in which he details specific dates when Officer Belton was assigned to Facility 3, his conversations and other interactions with her on those dates, and her response to him or toward him.

There was a due process violation discovered, relative to RVR, Log # F3-05-410, for violation of CCR, Title 15, Section 3005(a), Stalking. Specifically, during the hearing the SHO acknowledged the letter was unavailable, but stated it was not considered as evidence. However, item #1 of the SHO's findings makes direct reference to the letter and its contents as part of the evidence. The appellant received a 2nd level appeal response to Re-issue/Re-hear Appeal Log# F3-05-410. Upon investigation into this matter, it was discovered that the Modification Order was never adhered to. The appellant's request to have RVR dismissed is substantiated.

**APPEAL DECISION:** The appeal is PARTIALLY GRANTED at the Second Level of Review.

**MODIFICATION ORDER:** It is ordered that RVR, F3-05-410 be reviewed by CDO and dismissed in the interest of justice. The dismissed RVR shall be processed per policy. RJD staff shall coordinate with CMC-E to ensure the above Modification Order is adhered to. The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.

SILVIA H. GARCIA
Chief Deputy Warden
Richard J. Donovan Correctional Facility

22

DATE:                  November 16, 2005

NAME:               ‒ ‐ STEPHEN, J.

CDC:                   C-56483

APPEAL #:            05-1607                    <u>SECOND LEVEL REVIEW</u>

APPEAL DECISION:      PARTIALLY GRANTED

APPEAL ISSUE:          You are appealing a Serious CDC-115 Rules Violation Report (RVR), Log No. F3-05-410, dated August 8, 2005, in which you were found guilty of violating California Code of Regulations (CCR) Title 15, Section 3005(a) Conduct: Stalking. You contend that the charge of Stalking was not substantiated, the Mailroom Supervisor violated procedure by opening an envelope marked "Legal Mail", a conflict of interest existed with the Senior Hearing Officer (SHO) and that you were not provided a copy of the letter intercepted by the Mailroom Supervisor and turned over to the Security and Investigations Unit.

Specifically, you request a "conflict of interest be declared" against the SHO, Correctional Lieutenant R. Shelar and that the RVR be dismissed.

APPEAL RESPONSE:      In reaching a decision on this matter, a thorough review of your appeal and the attached documentation was conducted. Applicable sections of the CCR were also reviewed. Additionally, on November 16, 2005, you were interviewed by Lt. D. McMahan regarding your appeal. During the interview you reiterated the statements in your appeal and presented no further evidence or information.

Mr. Stephen, a review of the processing of your CDC-115 indicates all time constraints were met, but there appears to be a due process issue in that you were not provided a copy of the handwritten letter you allegedly wrote to Correctional Officer Belton, which was intercepted by Mailroom Supervisor J. McNeil. During the hearing the SHO acknowledged the letter was unavailable, but stated it was not considered as evidence in the hearing. However, item #1 of the SHO's Findings makes direct reference to the letter and its contents as part of the culpatory evidence. Additionally, the letter is referenced by multiple witnesses in the Investigative Employee's Report and appears to be the key link between you, the log which was subsequently discovered in your cell and the Stalking charge. Therefore, you were entitled to a copy of that letter prior to your hearing.

Your claim that the Mailroom Supervisor violated procedure by opening an envelope marked "Legal Mail" is without merit. The term "Legal Mail" applies to correspondence between inmates and attorneys. The envelope in question was an interdepartmental "U-Save-Em" envelope addressed to a staff member. You also failed to show that a conflict of interest resided in the SHO. Finally, the issue of whether or not the charge of Stalking can be substantiated is moot in that a new hearing will be ordered for the RVR.

23

STEPHEN, J. #C-56483
Appeal Log #05-1607 –
Page 2


Your request that a "conflict of interest be declared" against the SHO and that the RVR be dismissed is denied.  However, the RVR is ordered Re-issued/Reheard to comply with due process concerns.  Therefore, your appeal is PARTIALLY GRANTED at this Second Level of Review.


S. ARMOSKUS
Chief Deputy Warden

24

EXHIBIT #4

Copy of Prior Vacate & Remand
on false Ruling by USDC-S.. as
ongoing Pattern..

**EXHIBIT 25**

25

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN. 1 1 1995

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

JIMMIE EARL STEPHEN,                )      No. 94-56041
        Plaintiff-Appellant,        )
                                    )      D.C. No. CV-94-932-JNK
    v.                              )
                                    )
K. W. PRUNTY, Chief Deputy Warden,  )      MEMORANDUM*
et al.,                             )
        Defendants-Appellees.       )
                                    )

Appeal from the United States District Court
for the Southern District of California
Judith N. Keep, Chief Judge, Presiding

Submitted December 19, 1994**

Before:  SNEED, D.W. NELSON, and TROTT, Circuit Judges.

Jimmie Stephen, a California state prisoner, appeals pro se the district court's order dismissing on res judicata grounds his 42 U.S.C. § 1983 action alleging medical indifference to serious medical needs.  We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.

In his complaint, Stephen alleged that prison officials and medical staff deprived him of "any and all medical necessities of life by their wrongdoings as to their actions from 3-3-94 and ongoing."  The district court dismissed the complaint on res

---

*    This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

**    The panel unanimously finds this case suitable for decision without oral argument.  Fed. R. App. P. 34(a); 9th Cir. R. 34-4.

26

judicata grounds, finding that the complaint raised issues that had been litigated and decided in a prior action.

We review de novo the district court's dismissal on res judicata grounds.  See Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 363 (9th Cir. 1993).

Under the doctrine of res judicata, a final judgment on the merits prevents a plaintiff from relitigating claims that were or could have been litigated in the prior actions.  See Nevada v. United States, 463 U.S. 110, 129-30 (1983); Western Systems Inc. v. Ulloa, 958 F.2d 864, 871 (9th Cir. 1992), cert. denied, 113 S. Ct. 970 (1993).  The plaintiff also is barred from relitigating issues of law or fact that were actually litigated and necessarily decided in the prior action, whether on the same claim or a different claim.  See Duncan v. United States (In re Duncan), 713 F.2d 538, 541 (9th Cir. 1983).

Here, we disagree with the district court that Stephen's complaint raised issues that had been litigated in his previous section 1983 action.  Stephen's prior action alleged that prison officials at Calipatria state prison had been deliberately indifferent to his serious medical needs between 1992 and 1993 because they failed to prescribe him specific medications or otherwise failed to properly diagnose and treat his sinus problem. In the present action, Stephen alleges that prison officials at Calipatria state prison have denied him "any and all" medical care since March 1994 in retaliation for Stephen's previous lawsuits against prison officials.  Because Stephen's claims in this action involve injuries and wrongs that allegedly occurred subsequent to

- 2 -

27

the injuries involved in his prior action, the district court erred by dismissing Stephen's action on res judicata grounds.  <u>See</u> <u>id.</u>[1]

VACATED and REMANDED.



---

[1]    We deny Stephen's motion to consolidate this case with Appeal Nos. 94-55626 and 94-55655.

- 3 -

28

## PROOF OF SERVICE BY MAIL

CV08-0749-BTM

STATE OF CALIFORNIA        )
                           LUIS obispo) SS
COUNTY OF  SAN  ~~DIEGO~~  )

[C.C.P. §§ 446, 2015.5; 28 U.S.C. §1746]

I, _Khalid Chadie_ , am a resident of the State of California and am
over the age of eighteen years and am not a party to the above-entitled action.  My address is listed below.

On _ 8-27-08 ___, I served the following documents:

_Imminent Danger Extrtion_

by placing a true copy thereof enclosed in a sealed envelope with First Class postage thereon fully prepaid
in the United States Mail by delivering to prison officials for processing through the Institution's internal
legal mail system at San ~~Diego~~ Luis obispo California, addressed as follows:::

Attorney General
110 W. A St #1100
San Diego California 92101

I declare under penalty of perjury under the laws of the State of California and the
United States of America that the foregoing is true and correct.  Executed in the County of San ~~Diego~~ Luis obispo,
California on _ 8-27-08 ___

_Khalid Chadie_
P.O. Box _8101_
San ~~Diego~~, CA ~~92020~~
     Luis obispo    93409-8101

Pursuant to the holding of the United States Supreme Court in Houston v. Lack 108 S. Ct. 2379, 487
U.S. 266, 101 L.Ed.2d 245 (1988) and FRAP, Rule 4 (c) inmate legal documents are deemed filed on
the date they are delivered to prison staff for processing and mailing via the Institution's internal
legal mail procedures.

29