1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE STEPHEN,<br>CDCR #C-56483,<br><br>                                    Plaintiff,<br><br>                    vs.<br><br><br>BRAVO, et al.,<br><br>                                    Defendants. | Civil No.    08-0749 BTM (AJB)<br><br>**ORDER:**<br><br>**(1) DENYING MOTIONS TO PROCEED** *IN FORMA PAUPERIS* **AND FOR APPOINTMENT OF COUNSEL AS BARRED BY 28 U.S.C. § 1915(g)**<br>**[Doc. No. 3, 13]**<br><br>**AND**<br><br>**(2)  DENYING PLAINTIFF'S REQUEST FOR IMMINENT DANGER EXCEPTION**<br>**[Doc. Nos. 5, 10]** |

Plaintiff, Jimmie Stephen, a state inmate currently incarcerated at California Men's Colony ("CMC") in San Luis Obispo, California, and proceeding pro se, initiated this civil rights action pursuant to 42 U.S.C. § 1983 on April 23, 2008.  Plaintiff's original Complaint named only two Defendants, Bravo, a Guard at Richard J. Donovan Correctional Facility ("RJD"), and Dr. Hoxie, a prison dentist [Doc. No. 1].

Because Plaintiff did not pay the filing fee required by 28 U.S.C. § 1914(a) or file a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a), the Court

1  ordered him to show cause why his case should not be dismissed by either:  (1)  prepaying the

2  $350 filing fee,  or (2) submitting a Motion to Proceed IFP by June 25, 2008.  *See* May 12, 2008

3  Order to Show Cause ("OSC") [Doc. No. 2] at 2.

4       On May 22, 2008, Plaintiff submitted a Motion to Proceed IFP [Doc. No. 3], which was

5  quickly followed by his Response to the Court's OSC [Doc. No. 5], on May 27, 2008.  In his

6  Response, as well as in the Complaint itself, Plaintiff specifically requests the Court grant him

7  an "imminent danger exception" to 28 U.S.C. § 1915(g)–a subsection of the IFP statute known

8  as the "three strikes" rule.

9       On July 1, 2008, Plaintiff filed a First Amended Complaint ("FAC") re-naming the

10 original two Defendants and adding claims against thirty-two other California Department of

11 Corrections and Rehabilitation ("CDCR") officials assigned to both RJD and CMC [Doc. No.

12 6].  On October 3, 2008, Plaintiff filed a Motion for Appointment of Counsel [Doc. No. 13].

13                                          **I.**

14              **MOTION TO PROCEED IFP AND FOR APPOINTMENT OF COUNSEL**

15      Section 1915 of Title 28 of the United States Code allows certain litigants to pursue civil

16 litigation IFP, that is, without the full prepayment of fees or costs.  28 U.S.C. § 1915(a)(2).

17 Subsection (e)(1) further permits the district court, once IFP has been granted, to exercise its

18 discretion to 'request an attorney to represent any person unable to afford counsel,'" *Solis v.*

19 *County of Los Angeles*, 514 F.3d 946, 958 (9th Cir. 2008), but only upon a showing of

20 "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

21      However, the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude

22 the privilege to proceed IFP:

23              . . . if the prisoner has, on 3 or more prior occasions, while
              incarcerated or detained in any facility, brought an action or appeal
24              in a court of the United States that was dismissed on the grounds
              that it is frivolous, malicious, or fails to state a claim upon which
25              relief can be granted, unless the prisoner is under imminent danger
              of serious physical injury.
26

27 28 U.S.C. § 1915(g).  "This subdivision is commonly known as the 'three strikes' provision."

28 *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*").  "Pursuant to

1 § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.; see also Andrews v.*

2 *Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA,

3 "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP

4 status under the three strikes rule[.]"). The objective of the PLRA is to further "the

5 congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*,

6 128 F.3d 1310, 1312 (9th Cir. 1997).

7 "'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which

8 were dismissed on the ground that they were frivolous, malicious, or fail[ed] to state a claim."

9 *Andrews*, 398 F.3d at 1116 n.1 (citation omitted). Once a prisoner has accumulated three strikes,

10 he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless

11 he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g);

12 *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[]

13 a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the

14 time of filing.").[1]

15 While the PLRA does not require a prisoner to declare that § 1915(g) does not bar his

16 request to proceed IFP, *Andrews*, 398 F.3d at 1119, "[i]n some instances, the district court docket

17 records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under

18 § 1915(g) and therefore counts as a strike." *Id.* at 1120. When applying 28 U.S.C. § 1915(g),

19 however, the court must "conduct a careful evaluation of the order dismissing an action, and

20 other relevant information," before determining that the action "was dismissed because it was

21 frivolous, malicious or failed to state a claim," since "not all unsuccessful cases qualify as a

22 strike under § 1915(g)." *Id.* at 1121.

23 The Ninth Circuit has held that "the phrase 'fails to state a claim on which relief may be

24 granted,' as used elsewhere in § 1915, 'parallels the language of Federal Rule of Civil Procedure

25

26 [1] The Ninth Circuit has held that section 1915(g) does not violate a prisoner's right to access
to the courts, due process or equal protection; nor does it violate separation of powers principles or
27 operate as an ex post facto law. *Rodriguez v. Cook*, 169 F.3d 1176, 1179-82 (9th Cir. 1999); *see also
Andrews*, 398 F.3d at 1123 (noting constitutionality of § 1915(g), but recognizing that "serious
28 constitutional concerns would arise if § 1915(g) were applied to preclude those prisoners who had filed
actions that were not 'frivolous, malicious, or fail[ing] to state a claim' from proceeding IFP.").

08cv0749

1   12(b)(6).'" *Id.* (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)). *Andrews*

2   further holds that a case is "frivolous" for purposes of § 1915(g) "if it is of little weight or

3   importance" or  "ha[s] no basis in law or fact."  398 F.3d at 1121 (citations omitted); *see also*

4   *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual

5   allegations and legal conclusions, is frivolous [under 28 U.S.C. § 1915] where it lacks an

6   arguable basis in either law or in fact ....  [The] term 'frivolous,' when applied to a complaint,

7   embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."). "A

8   case is malicious if it was filed with the intention or desire to harm another." *Andrews*, 398 F.3d

9   at 1121 (quotation and citation omitted).

10                                              **II.**

11              **PLAINTIFF'S REQUEST FOR "IMMINENT DANGER EXCEPTION"**

12          As required by section 1915(g), the Court has reviewed the allegations in both Plaintiff's

13   original as well as his Amended Complaint, and concludes that neither makes "plausible

14   allegation[s]" to suggest Plaintiff "faced 'imminent danger of serious physical injury' at the time

15   of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).

16          In his original Complaint, Plaintiff alleged that RJD Guard Bravo and Dr. Hoxie "fail[ed]

17   to provide [him with] adequate medical care" since 2005. (Compl. at 1.)  Specifically, Plaintiff

18   claimed Defendants failed to provide him with a partial dental plate with "deliberate

19   indifference" and "reckless disregard," and that his transfer from RJD to CMC on March 27,

20   2007, and unidentified "false charges" leveled against him show an "ongoing pattern of

21   misconduct" and retaliation dating back to 1995. (*Id.* at 2.) Plaintiff also attached to his

22   Complaint three exhibits comprised of memoranda, email, medical records, his administrative

23   grievances and appeal responses, as well as a copy of the Northern District of California's

24   opinion in *Pratt v. Rowland*, 769 F. Supp. 1128 (N.D. Cal. 1991).  (*Id.* at 4-35.)

25          In his Amended Complaint, Plaintiff repeats his dental care claims against Dr. Hoxie

26   (FAC at 4), and adds similar dental and medical care claims against Defendants Millard, Lee,

27   Antique, Frmseal, Marshal, Hernandez, Ramos, and Bromerich.  (*Id.* at 4-6, 8, 9, 12, 17).

28   Plaintiff also claims:   Correctional Officer Bravo "assaulted" him on September 26, 2006 (*id.*

                                                4                                        08cv0749

1   at 2); Defendants McCurty, Armenta, Fernandez, Lira and Simon "participated" in Bravo's

2   assault and destroyed Plaintiff's "legal documents" and prescription eyeglasses on the same day,

3   (*id.* at 2-3, 20); Defendants Belton, Clarke, Hernandez, Armoskus, Cowan, McMahan, Palencia,

4   Pittman, Soriano, Sanchez, and Espinoza conspired and retaliated against him by filing "false

5   charges" which resulted in his segregation in August 2005, November 2005 and

6   September 2006 (*id.* at 3, 12-13, 16, 20, 24); inmate appeals officials Cota, Contreras, Munoz,

7   Grannis and Woodford  refused to timely or adequately respond to various administrative

8   appeals Plaintiff filed from 2004 through 2007 (*id.* at 10-11, 14-15); Defendants Hernandez,

9   Togafu, Brown, Kadiwala and Ritter exposed him to the tuberculosis "germ" in 2003 through

10  a "contaminated ventilation system," "poor sanitation," overcrowding and by denying him other

11  "basic human needs" (*id.* at 3, 18-19, 22); and various other officials have engaged in an "pattern

12  of misconduct," involving  retaliatory transfers, the destruction of his personal property,

13  interference with legal mail, and other assorted acts of bias and recrimination spanning the years

14  of 2003 through 2007.  (*Id.* at 1-3, 12-24.)

15        In addition to the allegation in both Complaints, Plaintiff's Response to this Court's OSC

16  specifically requests an "imminent danger exception" under § 1915(g) [Doc. No. 5].  Plaintiff's

17  Response repeats the allegations of inadequate dental attention and a "pattern of misconduct"

18  dating from 1995 through 2007 involving withheld and "destroy[ed] legal newsletter[s]," other

19  "legal documents" and "civil rights materials," confiscated  personal property including a "hot

20  pot," TV, radio, and headphones, and "willful" segregation, "attacks" and "set-ups" in retaliation

21  for his "filing lawsuits[]s and grievances" since 1995.  (Pl.'s Response to OSC [Doc. No. 5] at

22  2-4 & Exs. 1-4.)   However, neither the allegations of past acts of official wrongdoing in

23  Plaintiff's pleadings dating back as far as 1995, nor the alleged acts of "ongoing" violations

24  asserted in  Plaintiff's Complaint, Amended Complaint or in his Response to this Court's OSC,

25  are sufficient to show the "imminent danger of serious physical injury" required to overcome

26  § 1915(g)'s bar.  *Cervantes*, 493 F.3d at 1053 ("[T]he availability of the exception turns on

27  conditions a prisoner

28  faced at the time the complaint was filed, *not at some earlier or later time.*") (emphasis added).

1    Therefore, Plaintiff may be barred from proceeding IFP in this action if he has on three

2 prior occasions had civil actions or appeals dismissed as frivolous, malicious or for failing to

3 state a claim.  *See* 28 U.S.C. § 1915(g).

### III.

### APPLICATION OF **28 U.S.C. § 1915(g)**

6    A court "'may take notice of proceedings in other courts, both within and without the

7 federal judicial system, if those proceedings have a direct relation to matters at issue.'"  *Bias v.*

8 *Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.,* 285 F.3d

9 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens*

10 *Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).  Here, the Court takes judicial notice

11 that Jimmie Stephen, CDCR #C-56483, has had six prior prisoner civil actions dismissed on the

12 grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be

13 granted.  *See Stephen v. Lacy*, C.D. Cal. Civil Case No. 93-5032 WMB (Aug. 23, 1993 Order

14 denying Motion to Proceed IFP and Dismissing Complaint pursuant to 28 U.S.C. § 1915(d)

15 [Doc. No. 3]), *aff'd*, 48 F.3d 1228 (9th Cir. 1995) (unpub.) (strike one); *Stephen v. Zulfacur, et*

16 *al*. S.D. Cal. Civil Case No. 93-1943 R (RBB) (April 19, 1994 Order and Judgment Dismissing

17 case for "failing to state an injury for which relief can be granted" [Doc. Nos. 15, 16]) (strike

18 two);  *Stephen v. Hernandez, et al.*, S.D. Cal. Civil Case No. 06-0171 L (WMC) (Oct. 11, 2006

19 Order Dismissing Third Amended Complaint without leave to amend for failing to state a claim

20 pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) [Doc. No. 38]) (strike three); *Stephen v.*

21 *Shelar, et al.*, S.D. Cal. Civil Case No. 06-1054 LAB (WMc) (Aug. 31, 2006 Order Dismissing

22 Complaint sua sponte for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and

23 1915A(b) [Doc. No. 8]; and May 10, 2007 Order and Judgment Dismissing Action for Failing

24 to Amend [Doc. No. 16] (strike four)); *Stephen v. Marshal*, C.D. Cal. Civil Case No. 07-05337-

25 UA-SH (Oct. 4, 2007 Order denying IFP and dismissing complaint as "legally and/or factually

26 patently frivolous" [Doc. No. 4]) (strike five); and, most recently *Stephen v. IRS*, S.D. Cal. Civil

27 Case No. 07-2112 LAB (BLM) (Dec. 4, 2007 Order Denying Motion to Proceed IFP as barred

28 / / /

08cv0749

1    by 28 U.S.C. § 1915(g) and Dismissing Action as legally frivolous pursuant to 28 U.S.C.

2    § 1915A(b)(1) [Doc. No. 3]) (strike six).

3          Accordingly, because Plaintiff has, while incarcerated, accumulated more than three

4    "strikes" pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced

5    imminent danger of serious physical injury at the time he filed his original Complaint, he is not

6    entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055;

7    *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners

8    from accessing the courts; it only precludes prisoners with a history of abusing the legal system

9    from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d

10    1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and

11    not right.").

12                         **IV.**

13                  **CONCLUSION AND ORDER**

14          For the reasons set forth above, the Court hereby **DENIES** Plaintiff's Motions to Proceed

15    IFP and for Appointment of Counsel, as well as his request for an imminent danger exception

16    pursuant to 28 U.S.C. § 1915(g) [Doc. Nos. 3, 5, 13]. However, the Court **GRANTS** Plaintiff

17    forty-five (45) days leave from the date of this Order to pay the full $350 civil filing fee.

18          If Plaintiff does not pay the full $350 civil filing fee within 45 days, the Court shall

19    dismiss this action without prejudice pursuant to 28 U.S.C. § 1914(a).

20         **IT IS SO ORDERED.**

21

22    DATED: November 3, 2008

23

24                          Honorable Barry Ted Moskowitz
                            United States District Judge

25

26

27

28

                           08cv0749